# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Ronald K. Henry                                )
Kaye Scholer LLP                               )
901 15th Street, NW                            )
Suite 1100                                     )
Washington, DC 20005                           )
                                               )
 and                                           )
                                               )
Constance B. Henry,                            )
c/o Ronald K. Henry                            )
Kaye Scholer LLP                               )
901 15th Street, NW                            )
Suite 1100                                     )
Washington, DC 20005                           )
                                               )
              Plaintiffs,                      )
                                               )
     v.                                        )
                                               )
Ward Onsa                                      )        Civil Action No. _____
910 Sycamore Court                             )
Marco Island, Florida  34145                   )
                                               )
Ward Onsa & Company                            )
910 Sycamore Court                             )
Marco Island, Florida  34145                   )
                                               )
 and                                           )
                                               )
Denise Onsa                                    )
910 Sycamore Court                             )
Marco Island, Florida  34145                   )
                                               )
              Defendants.                      )
                                               )
                                               )

## COMPLAINT

Plaintiffs Ronald K. Henry and Constance B. Henry, through their attorney, Paul Heylman of Schmeltzer Aptaker & Shepard, for their complaint against Ward Onsa, Ward Onsa & Company and Denise Onsa, hereby allege as follows:

## JURISDICTION AND VENUE

1.      This claim arises under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Section 209(d) of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-6(1), and S.E.C. Rule 10b-5, 17 C.F.R. § 240.10b-5, District of Columbia Code §28-3901 et. seq., and common law claims.  This Court therefore has jurisdiction pursuant to Section 22 of the Securities Exchange Act, 15 U.S.C. § 78aa, Section 214 of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-14, and the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

2.      In addition, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because substantial parts of the events and omissions giving rise to the claims occurred in this district. Among other things, Defendants Ward Onsa, Ward Onsa & Company, and Denise Onsa actively and repeatedly solicited investments from Plaintiffs in the District of Columbia.  Defendants Ward Onsa and Denise Onsa conducted more than 50 telephone conversations with Plaintiffs in the District of Columbia over a period of more than ten years.  Defendants Ward and Denise Onsa sent more than 30 pieces of correspondence to Plaintiffs addressed to Plaintiff Ronald K. Henry's principal place of business in the District of Columbia, all of which correspondence was in furtherance of the solicitation and misuse of Plaintiffs' investment funds described in this

2

complaint. In addition, Ward Onsa traveled to the District of Columbia on at least two occasions to meet with Ronald K. Henry in the District of Columbia for the purpose of soliciting investments and providing assurances that the promised repayments including the 25% annual capital value increase would be paid as promised.

4.      The Defendants have also made use of the means and instrumentalities of transportation, communication and the mails in interstate commerce in connection with the transactions, acts, practices, representations and courses of business alleged in this complaint. Among other things, Ward Onsa and Denise Onsa made false or fraudulent statements to Plaintiffs by mail, telephone and fax while Plaintiffs were in the District of Columbia.

## THE PARTIES

5.      Plaintiff Ronald K. Henry is a resident of the Commonwealth of Virginia, residing at 10030 Scenic View Terrace, Vienna, Virginia 22182.

6.      Constance B. Henry is a resident of the Commonwealth of Virginia, residing at 7210 Evans Mill Road, McLean, Virginia 22101.

7.      Defendant Ward Onsa has used three addresses in the time period relevant to this complaint:

> 6 Remington Place
> Ivyland, PA 18974
>
> PO Box 2461
> Warminster, PA 18974
>
> 910 Sycamore Court
> Marco Island, FL 34145

On information and belief, Defendant Ward Onsa is now a resident of Florida, residing at 910 Sycamore Court, Marco Island, Florida 34145.

8.    Denise Onsa is the wife of Ward Onsa and a participant in the events alleged in this complaint. Denise Onsa has used the same addresses as Ward Onsa and is believed to be currently a resident of Florida residing at 910 Sycamore Court, Marco Island, Florida 34145.

9.    On information and belief, Defendant Ward Onsa & Company was, at all times relevant to this complaint, an unincorporated alter-ego to the individual Defendants. Defendants used the Ivyland and Warminster addresses for Ward Onsa & Company. Ward Onsa held himself out to the public as the principal of Ward Onsa & Company.

## NATURE OF THIS ACTION

10.    Plaintiffs bring this action to recover more than $5 million lost or stolen by Defendants Ward Onsa, Ward Onsa & Company and Denise Onsa.

11.    Over the course of several years, Defendants, operating through Ward Onsa, solicited investments by promising the Plaintiffs that the capital value of their investments would increase at the rate of 25% per year compounded annually. Based on the promises, representations and statements of the Defendants, Plaintiffs invested a total of $1,460,000.00 in three separate accounts solicited by Defendants.

12.    Defendants promised that the invested capital would be managed under the direction of Ward Onsa and that the capital and accumulated capital value increase were guaranteed by Ward Onsa.

13.    Despite repeated and continuing written promises to make payment of the invested capital and accumulated capital value increase, Defendants have failed and refused to make the promised payment.  For example, on December 30, 2004, Ward Onsa wrote to Plaintiffs and stated, "This letter is to confirm that I am aware of my financial obligations to you and will be contacting you in February with a timetable."  Since December 30, 2004, Defendants have failed and refused to make further contact with Plaintiffs.  None of the promised payments have been made.

14.    Because of the Defendants' failure and refusal to make the promised payments, Plaintiffs undertook an investigation and learned that Defendants have made and breached similar promises to other investors.  For example, one investor in New York, Bruce Pomper, obtained a judgment against Ward Onsa and Ward Onsa & Company in the United States District Court for the Eastern District of New York based on claims which are substantially similar to the matters alleged herein.

15.    Defendants' promises were a series of materially false statements, and omissions designed to induce Plaintiffs and other investors to entrust capital to Defendants.  When Plaintiffs demanded return of their investment, Defendants acknowledged their debts and promises to Plaintiffs but the promised payments have not been made.  Plaintiffs bring this action under Federal Law, District of Columbia Law, and Common Law to recover the funds that they invested with Defendants and for the 25% annual capital value increase repeatedly promised by Defendants in writing.

## DEFENDANTS' FRAUDULENT OFFER AND SALE OF SECURITIES

16.    Beginning on a date prior to November 1993, Defendants solicited investments from individuals in the District of Columbia and elsewhere. From that time through at least 2002, Defendants conducted a continuous, unregistered offering of investment interests.

17.    On information and belief, Defendants successfully raised several million dollars from investors, including but not limited to Plaintiffs herein.

18.    To induce Plaintiffs to make investments with the Defendants, Defendant Ward Onsa made the following false statements among others:

a)    that he was a professional investment advisor with a successful track record in managing investment portfolios for wealthy individuals

b)    that his activities individually and in the name of Ward Onsa & Company had consistently increased in value at an annual rate substantially in excess of 25%, thereby allowing him to compensate himself while assuring the 25% annual increase in capital value for investors.

c)    that his experience in working at New York financial institutions had given him connections that allowed him to place investors' money into profitable investments.

d)    that each investor was protected against loss by his personal guarantee of payment of all invested capital and of all the promised capital value increase.

e)    that he and Ward Onsa & Company would absorb the risk of market fluctuations and that investors would receive would receive a flat 25% annual capital value

increase regardless of the actual value of the underlying investments in which he and Ward Onsa & Company participated.

   f)  that Ward Onsa, Ward Onsa & Company and Denise Onsa all guaranteed the obligations to the investors.

  19.  Ward Onsa personally made each of the forgoing statements to Plaintiffs repeatedly over a period of more than 10 years beginning in or about October 1993. Ward Onsa spoke regularly with Plaintiff Ronald K. Henry about the investment opportunity and its track record. These conversations occurred both in person during meetings in Washington, DC and by telephone.

  20.  Each of the forgoing statements was materially false and misleading. In particular:

   a.  The statements and representations that Ward Onsa was a professional advisor with a successful track record managing investment portfolios for wealthy individuals were a sham and a ruse designed solely to induce Plaintiffs' investments; rather, the people who invested with Ward Onsa and Ward Onsa & Company consist only of individuals like Plaintiffs and Bruce Pomper who have been defrauded by Defendants.

   b.  The statements and representations that the activities of Ward Onsa and Ward Onsa & Company had consistently increased in value at an annual rate substantially in excess of 25%, thereby allowing Ward Onsa to compensate himself while assuring the 25% annual increase in capital value for investors were a sham and a ruse designed solely to induce Plaintiffs' investments; rather, the actual activities undertaken by Ward Onsa and Ward Onsa &

Company are unknown to Plaintiffs and any gains from those activities have been used solely to enrich Defendants and have not been used to increase the capital value of Plaintiffs' investment as promised to Plaintiffs.

        c.    The statements and representations that Ward Onsa's experience in working at New York financial institutions had given him connections that allowed him to place investors' money into profitable investments were a sham and a ruse designed solely to induce Plaintiffs' investments; rather, the actual activities undertaken by Ward Onsa and Ward Onsa & Company are unknown to Plaintiffs and any gains from those activities have been used to enrich Defendants rather than used to increase the capital value of Plaintiffs' investment as promised to Plaintiffs.

        d.    The statements and representations that each investor was protected against loss by his personal guarantee of payment of all invested capital and of all the promised capital value increase were a sham and a ruse designed solely to induce Plaintiffs' investments; rather, Defendants have failed and refused to return Plaintiffs' invested capital and capital value increase despite repeated promises to do so.

        e.    The statements and representations that Ward Onsa and Ward Onsa & Company would absorb the risk of market fluctuations and that investors would receive a flat 25% annual capital value increase regardless of the actual value of the underlying investments in which Defendants participated were a sham and a ruse designed solely to induce Plaintiffs' investments; rather, the actual activities undertaken by Defendants are unknown to Plaintiffs and any gain from those activities has been used enrich Defendants and has not been used to increase the capital value of Plaintiffs' investment as promised to Plaintiffs.

f.    The statements and representations that Ward Onsa, Ward Onsa & Company and Denise Onsa would personally guarantee the obligations to the investors were a sham and a ruse designed solely to induce Plaintiffs' investments; rather, Defendants have failed and refused to return Plaintiffs' invested capital and the capital value increase in accordance with their promises.

21.    Ward Onsa made these statements knowing that they were false, or with the reckless disregard of the falsity of such statements without positive knowledge of the truth of such statements. These statements were intended by the Defendants to induce the reliance of the Plaintiffs, and did indeed cause the Plaintiffs to take action in reliance upon the statements by investing substantial sums of money with the Defendants. All these statements were thus material both standing alone and collectively in the scheme used by the Defendants to defraud and otherwise harm to the Plaintiffs.

22.    Ward Onsa also deliberately misrepresented the safety of investing with Ward Onsa and with Ward Onsa & Company. Ward Onsa promised Plaintiffs that the invested capital would be protected and that Plaintiffs would receive a capital value increase of 25% per year while Ward Onsa and Ward Onsa & Company absorbed the risk of any market fluctuations in the actual value of any investments made with the capital provided by Plaintiffs.

23.    Denise Onsa was aware of and participated in all of the schemes alleged herein. Among other things, Denise Onsa held telephone conversations on behalf of Ward Onsa and Ward Onsa & Company, serving as a conduit for information from and to Ward Onsa and Ward Onsa & Company. In addition, Denise Onsa wrote frequently to Plaintiffs on the letterhead of Ward Onsa & Company to provide assurances that Plaintiffs' investment and accumulated

capital value increase were protected and were held for the benefit of the Plaintiffs. For example, in connection with one of the three accounts established by Plaintiffs, Denise Onsa wrote in a February 22, 2000 on Ward Onsa & Company stationary a letter further designed to assure the Plaintiffs that their investments were secure and to induce investment. The text is as follows:

> "This letter declares and verifies that your investment in Ward Onsa's trading partnership, which as of February 22, 2000 totals $1,000,000.00, plus accumulated gains, will be disbursed to you within thirty days in the event of my husband's, Ward Onsa's, death. These funds will be free of probate and will not be treated by me as an asset of my husband's estate."

## PLAINTIFFS' INVESTMENT WITH DEFENDANTS

24.     In reliance upon Defendants' false and misleading statements, promises and assurances, Plaintiffs began making investments with Defendants. The initial investment was in the amount of $25,000.00 in November 1993.

25.     Over the years, Plaintiffs invested $1 million in one account, $300,000.00 in a second account, and $160,000.00 in a third account in the name of or under the control of the Defendants.

26.     The first account was opened in November 1993 with an initial capital contribution of $25,000.00. Periodic investments of additional capital were made with a final investment of $100,000.00 on February 22, 2000. In a letter dated February 22, 2000 Ward

Onsa and Ward Onsa & Company acknowledged that total capital contributions to this account were $1,000,000.00 and wrote to Plaintiffs to confirm that:

> "As of February 22, 2000, Mr. Henry's capital value totaling $1,000,000.00, plus gains to date, will increase at a rate of 25% compounded annually."

27.    The second account was opened in September 1996 with a single capital contribution of $300,000.00.  On September 18, 1996, Ward Onsa and Ward Onsa & company wrote to Plaintiffs as follows:

> "As of September 18, 1996, Mr. and Mrs. Henry's capital value totaling $300,000.00 will increase at a rate of 25% compounded annually."

28.    The third account was opened in October 2001 in the name of Ronald K. Henry under the management and control of Ward Onsa at Man Financial Inc.  Total capital contributions into this account amounted to $160,000.00.  Mr. Onsa stated that the reason for establishing the third account at Man Financial was to provide flexibility to invest in different kinds of activities.  Mr. Onsa stated that the third account was guaranteed by him to achieve the same 25% annual capital value increase as the other two accounts.  To further assure Plaintiffs with respect to the legitimacy of his representations and promises, Ward Onsa and Ward Onsa & Company sent to Plaintiff Ronald K. Henry a check in the amount of $10,000.00 on June 23, 2003 for the express purpose of replenishing this third account after a loss suffered through unsuccessful investments made by Ward Onsa using Plaintiff Ronald K. Henry's capital. Plaintiff Ronald K. Henry received the check and used the proceeds to replenish the capital value

of this third account which, by this date, had been transferred by Mr. Onsa from Man Financial to Refco.

29.     Beginning in 2001, Plaintiffs began to request the return of portions of their invested capital from Defendants.  Several payments were received but the response to requests for repayment slowed, Defendants became less accessible, and payments ultimately stopped.

30.     Although Defendants have repeatedly acknowledged their obligation to repay the invested capital plus the promised capital value increase and although Plaintiffs have made repeated demands for payment, Defendants have returned only a portion of the invested capital and have not yet paid any of the promised capital value increase.

31.     Through December 31, 2001, Defendants provided separate account statements for the first account and the second account.  The final account statement received from Defendants was dated October 31, 2002 and combined the first and second accounts into a single statement.

32.     The most recent account statement received from Defendants is dated October 31, 2002 and shows that Defendants owe to Plaintiffs the amount of $3,675,695.61 for contributed capital and capital value increase through October 31, 2002 as their combined obligation on the first account and second account.

33.     With respect to the third account, Plaintiff Ronald K. Henry continues to receive account statements from Refco showing that the total value of this account has been diminished to $7,407.26.  In numerous telephone conversations, Defendant Ward Onsa acknowledged the breach of his agreement with respect to this third account and that (1) he remains obligated to

pay a 25% capital value increase per year on this account; (2) he had undertaken a series of unusually risky transactions unknown to Plaintiffs to increase the value of this account; (3) the transactions had been unsuccessful; and (4) he would send funds to restore the lost value in the account and return the account to the promised level of performance with 25% capital value increase per year. In furtherance of this promise, Defendant Ward Onsa and Ward Onsa & Company sent a check in the amount of $10,000.00 on June 23, 2003 for partial restoration of the lost value but Defendants have failed to perform the remainder of their promises with respect to this account.

34.     Contrary to Defendants' representations, Defendant Ward Onsa undertook a large number of transactions and steadily lost or misappropriated money. Plaintiffs' investment of $160,000.00 has been reduced by these losses to the point that only $7,407.26 remains.

35.     Apart from the partial repayments of capital described above and despite repeated requests from Plaintiffs, Defendants have failed and refused to return the balance of Plaintiffs' invested capital and have also failed and refused to pay any of the promised 25% per year capital value increase in any of the three accounts.

36.     Defendants' debt to Plaintiffs is undisputed and has been acknowledged in meetings, telephone conversations and in writing. For example, on December 30, 2004, Ward Onsa and Ward Onsa & Company wrote that, "This letter is to confirm that I am aware of my financial obligations to you and will be contacting you in February with a timetable." Contrary to the promises made, no contact was made in February and no subsequent payments were made.

## FIRST CLAIM FOR RELIEF

Violation of Section 10(b) of the Securities

Exchange Act and S.E.C. Rule 10b-5

37.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38.     Defendants, directly and indirectly, singly and in concert, knowingly or recklessly, by use of the means or instruments or instrumentalities of transportation or communication in or of interstate commerce or by use of the mails, in the offer or sale or in connection with the purchase or sale of securities, have: (a) employed devices, schemes or artifices to defraud; (b) obtained money or property by means of, or otherwise made untrue statements of material fact, or omitted to state material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading; and (c) engaged in transactions, acts, practices and courses of business which operated as a fraud or deceit upon purchasers of securities or other persons.

39.     As part of and in furtherance of this violative conduct, the Defendants, directly or indirectly, made the representations alleged in paragraphs 16 though 23 above.

40.     These representations were material.

41.     The Defendants knew that the material misrepresentations were false or misleading.

42.    By reason of the acts, omissions, practices and courses of business set forth in this Complaint, the Defendants have violated Section 10(b) of the Securities Exchange Act and Rule 10b-5.

## SECOND CLAIM FOR RELIEF

Violation of Sections 206(1) and (2) of the Advisers Act

43.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44.    At all times relevant to this complaint, Ward Onsa, for compensation, engaged in the business of advising investors as to the value of securities or as to the advisability of investing in, purchasing or selling securities.

45.    At all times relevant to this complaint, Ward Onsa, for compensation, engaged in the business of advising Ronald K. Henry and Constance B. Henry as to the value of securities or as to the advisability of investing in, purchasing or selling securities.

46.    As described more fully in paragraphs 12 through 36 above, Onsa, by use of the mails, telephone or other means or instrumentalities of interstate commerce, directly or indirectly, employed devices, schemes, or courses of business which operated as a fraud or deceit upon clients, including the Plaintiffs.

47.    Defendants Ward Onsa & Company and Denise Onsa substantially assisted Ward Onsa in this violative conduct, by facilitating contact with Plaintiffs and inducing the Plaintiffs to invest.

48.     As part of and in furtherance of this violative conduct, Defendants knowingly or with reckless disregard of the truth, made the false and misleading statements and omissions, and engaged in fraudulent schemes, as alleged in paragraphs 12 through 36 above.

49.     By reason of the foregoing, Ward Onsa violated Sections 206(1) and 206(2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and (2), and Ward Onsa & Company and Denise Onsa aided and abetted Onsa's violations.

### THIRD CLAIM FOR RELIEF

Breach of Contract on the Account Opened in November of 1993 (First Account)

50.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51.     Plaintiffs opened an account with Defendants in November 1993 with an initial investment of $25,000.00 and thereafter contributed additional capital to reach a total capital investment level of $1,000,000.00. All the terms and conditions of the agreement were known to, and understood by the Plaintiffs and Defendants.

52.     Pursuant to the parties' agreement, Defendants agreed and guaranteed to refund to Plaintiffs their $1,000,000.00 investment on demand.

53.     Plaintiffs have repeatedly demanded the return of this investment.

54.     Defendants refunded a portion of Plaintiffs' capital but, in breach of the contract, Defendants have failed to refund all of the $1,000,000.00 to Plaintiffs. In addition, Defendants breached the agreement by making the false statements and misrepresentations described above.

55.     Under the agreement of the parties, in consideration of Plaintiffs' capital contribution, Defendants agreed and guaranteed to Plaintiffs a capital value increase at the annual rate of 25% compounded annually.

56.     In breach of the contract, Defendants have failed to pay any of the capital value increase owed to Plaintiffs by Defendants.  In addition, Defendants breached the agreement by making the false statements and misrepresentations described above.

57.     The last account statement received from Defendants show the combined obligations of the Defendants under the first account and the second account as $3,675,695.61 for invested capital and capital value increase as of October 31, 2002.

58.     Under Defendants' agreement to provide a 25% annual capital value increase compounded annually, the amount owed to Plaintiffs on the first and second accounts as of the date of the filing of this complaint is $7,328,657.43.   Although Defendants have acknowledged the terms and conditions of the agreement, and their obligations thereunder to pay and reimburse the Plaintiffs, the Defendants have failed to do so.

## FOURTH CLAIM FOR RELIEF

Breach of Contract on the Account Opened in September 1996 (Second Account)

59.     Plaintiffs repeat and reallege the allegations contained in 1 through 58 as if fully set forth herein.

60.     Plaintiffs opened an account with Defendants in November 1993 with an initial investment of $300,000.00.

17

61.     Pursuant to the parties' agreement, Defendants agreed and guaranteed to refund to Plaintiffs their $300,000.00 investment on demand.  All the terms and conditions of the agreement were known to, and understood by the Plaintiffs and Defendants.

62.     Plaintiffs have repeatedly demanded the return of this investment.

63.     Defendants refunded a portion or Plaintiffs' capital but, in breach of the contract, Defendants have failed to refund all of the $300,000.00 to Plaintiffs.  In addition, Defendants breached the agreement by making the false statements and misrepresentations described above.

64.     Under the agreement of the parties, in consideration of Plaintiffs' capital contribution, Defendants agreed and guaranteed to Plaintiffs a capital value increase at the annual rate of 25% compounded annually.

65.     In breach of the contract, Defendants have failed to pay any of the capital value increase owed to Plaintiffs by Defendants.  In addition, Defendants breached the agreement by making the false statements and misrepresentations described above.

66.     The last account statement received from Defendants show the combined obligations of the Defendants under the first account and the second account as $3,675,695.61 for invested capital and capital value increase as of October 31, 2002.

67.     Under Defendants' agreement to provide a 25% annual capital value increase compounded annually, the amount owed to Plaintiffs on the first and second accounts as of the date of the filing of this complaint is $7,328,657.43.  Although Defendants have acknowledged the terms and conditions of the agreement, and their obligations thereunder to pay and reimburse the Plaintiffs, the Defendants have failed to do so.

## FIFTH CLAIM FOR RELIEF

Breach of Contract on the Man and Refco Investments (Third Account)

68.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 67 as if fully set forth herein.

69.    Plaintiff Ronald K. Henry authorized Defendants to open and fund an account at Man Financial, later transferred to Refco, in consideration of Defendants' promise to guarantee the principal in this account, to manage it for Plaintiff's benefit, to refund Plaintiff's entire capital investment upon demand, and to guarantee a 25% annual-increase in capital value, compounded annually. All the terms and conditions of the agreement were known to, and understood by the Plaintiffs and Defendants.

70.    In breach of the contract, Defendants failed to manage the accounts for Plaintiff's benefit and failed to reimburse the lost principal in the account.  Despite repeated demands, Defendants have failed to make good on promises and have failed and refused to restore the lost capital or to pay the promised increase of capital value.

71.    As a direct result of Defendants' breach of contract, Plaintiff has suffered lost capital damages in the amount of $152,592.74, representing the difference between his investment of $160,000.00 and the $7407.26 that remains after losses caused by Defendants.  In addition, Plaintiff has suffered damages in the amount of $241,492, representing the unpaid capital value increase promised by Defendants through the date of filing of this complaint. Although Defendants have acknowledged the terms and conditions of the agreement, and their obligations thereunder to pay and reimburse the Plaintiffs, the Defendants have failed to do so.

## SIXTH CLAIM FOR RELIEF

Breach of Fiduciary Duty

72.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 71 as if fully set forth herein.

73.    At all times relevant to this complaint, Defendants owed a fiduciary duty to Plaintiffs.  Among other things:

a.    Ward Onsa held himself out as an experienced investment adviser and promised to manage and invest funds for Plaintiffs' benefit;

b.    Ward Onsa acted as general partner in Ward Onsa & Company, and agreed to manage the investment for the benefit of the investors who participated in the investment, including Plaintiffs;

c.    Ward Onsa and Ward Onsa & Company had access to the books and records of the investments that were not accessible to the investors, including Plaintiffs.

74.    Consequently, Defendants acted as a broker for Plaintiff and held a special confidential relationship which required Defendants to act in the best interests of the Plaintiffs.

75.    Defendants breached their fiduciary duties to Plaintiffs and failed to act in the best interests of Plaintiffs by making the material misrepresentations described in paragraphs 16 through 23 above; by failing to disclose and concealing from Plaintiffs material facts concerning their investments; and by refusing to pay the funds due and owing to Plaintiffs upon demand.

76.    As a direct and proximate result of this breach of fiduciary duties, Plaintiffs have been damaged in the amount of $7,328,657.43 in connection with the first and second accounts and $394,048.74 in connection with the third account.

## SEVENTH CLAIM FOR RELIEF

Fraudulent Inducement

77.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 76 as if fully set forth herein.

78.    Defendants knew at the time they made the false statements and concealed other material facts as described in paragraphs 16 through 23 above, that such statements were false and material, and that the concealed facts were also material to Plaintiffs.

79.    Defendants acted with the intention to deceive and mislead the Plaintiffs, to fraudulently induce them to invest in activities controlled by Defendants, and to fraudulently misappropriate and obtain control over the funds that Plaintiffs invested with Defendants. Plaintiffs took action in reliance of the false statements and concealed facts by investing with the Defendants. Had Defendants not concealed or omitted other material facts or had they made truthful statements to the Plaintiffs, the Plaintiffs would have either declined to invest with Defendants or would have altered their investment strategy.

80.    As a direct and proximate result of this fraudulent inducement, Plaintiffs have been damaged in the amount of $7,328,657.43 in connection with the first and second accounts and $394,084.74 in connection with the third account.

## EIGHTH CLAIM FOR RELIEF

Violations of the District of Columbia Consumer Protection Procedures Act,
§ 28-3901 et. seq.

81.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 79 as if fully set forth herein.

82.    Plaintiffs are consumers as defined by §28-3901 (2) of the District of Columbia Consumer Protection Procedures Act ( the "Act")  as they were the ultimate purchasers of services offered to them by the Defendants in the District of Columbia.

83.    Defendants are merchants as defined by §28-3901(3) of the Act as they sold and supplied investment services which constitute a trade practice in the District of Columbia.

84.    In order to sell investment services to the Plaintiffs and to induce the Plaintiffs to purchase these services, Defendants Ward Onsa, with the assistance of Ward Onsa & Company and Denise Onsa, made the representations outlined in paragraphs 18(a) –(f) above to the Plaintiffs.

85.    Each of these representations were false, and misleading and violated sections 28-3904 (a),(b), (e), and (h) of the Act in that the investments did not have the characteristics and benefits as promised; that Ward Onsa and his company did not have the skills, status, affiliations, or connection as promised; that the investment scheme presented by the Defendants to the Plaintiffs would not increase the capital value as promised, and that the capital investments, if in fact any were made by Defendants, were not likely to retain their value; that the Defendants had no intention of investing the monies entrusted to them by the Plaintiffs; and that the Defendants

had no intention of reimbursing the Plaintiffs for all of their initial capital investments, and for any increased capital value.

86.    Additionally, Defendants failure to invest the monies entrusted to them by Plaintiffs for the annual increase in capital value, and their repeated assurances to the Plaintiffs that such investments had been made, violates section §28-3904(u) of the Act.

87.    As a direct and proximate result of these violations, Plaintiffs have sustained actual losses in the amount of $7,326,657.43 in connection with the first and second accounts and $394,084.74 in connection with the third account.  Plainitffs are entitled to all damages available to them under the Act and as designated below.

**WHEREFORE,** Plaintiffs Ronald K. Henry and Constance B. Henry respectfully request that the Court grant the following relief:

I.    On the First Claim for Relief, judgment in an amount to be determined at trial, but not less than $1,000,000.00.

II.    On the Second Claim for Relief, an order directing Defendants to pay to Plaintiffs the amount of their unreturned invested capital plus the promised capital value increase at the rate of 25% compounded annually to the date of the filing of this complaint.  The total amount claimed is $7,722,742.20 consisting of $7,328,657.43 with respect to the first and second accounts and $394,084.74 with respect to the third account.

III.    On the Third Claim for Relief, judgment in the amount of $7,328,657.43 representing the unreturned invested capital and promised capital value increase at the rate of 25% compounded annually to the date of this complaint.

IV.    On the Fourth Claim for Relief, judgment in the amount of $7,328,657.43 representing the unreturned invested capital and promised capital value increase at the rate of 25% compounded annually to the date of this complaint.

V.    On the Fifth Claim for Relief, judgment in the amount of $394,084.74 representing the unreturned invested capital and promised capital value increase at the rate of 25% compounded annually to the date of this complaint.

VI.    On the Sixth and Seventh Claims for Relief, judgment in the amount of $7,722,742.20.

VII.    On the Eighth Claim for Relief, treble damages and punitive damages in the amount to be determined by the Court, as well as other relief requested herein and deemed just and proper by the Court.

VII.    The costs of this action, including attorneys' fees.

VIII.    Prejudgment interest on all amounts claimed in this action.

IX.    Such other and further relief as the Court deems just and proper.


Dated: _December 14_, 2005

PAUL HEYLMAN

By: _____

Paul Heylman D.C. Bar 252213
Schmeltzer Aptaker & Shepard, PC
The Watergate
2600 Virginia Avenue, NW
Suite 1000

Washington, DC 20037-1922
Tel (202) 333-8800
Fax (202) 625-3301
pmh@saslaw.com

Attorney for Plaintiffs
Ronald K. Henry and Constance B. Henry