**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Ronald K. Henry, *et al.*           )
                                    )
        Plaintiffs,     )
                                    )
    v.                              )          Civil Action No. 05-02406 (HKK)
                                    )
Ward Onsa, *et al.*                 )
                                    )
        Defendants.     )

**REPORT ON CONFERENCE AND PROPOSED ORDER**

Pursuant to Local Rule 16.3(d) and the Order of this Court of May 10, 2006, plaintiff reports to the Court regarding the parties' conference and submits the attached proposed Scheduling Order

<u>Certification of Efforts to Secure Participation of Defendants</u>

The defendants are *pro se*, two individuals, and an unincorporated business owned by one of the defendants. They filed an Answer, but did not include a telephone number in the Answer. Plaintiffs' counsel, by executing this filing, certifies that he sent the letter attached as Exhibit A hereto to defendants requesting their participation (by telephone if that was more convenient for defendants since they are not currently residing in the District.)  On the date proposed for the telephone conference, defendant Denise Onsa left a voicemail message to the effect that Ward Onsa would call plaintiffs' counsel during the following week.  We have heard nothing further from defendants and must proceed without defendants' input.

Scheduling Issues

1. Dispositive motions: Plaintiffs are prepared to file a partially dispositive motion, seeking judgment on the pleadings with respect to the $310,000 in initial capital contributions that defendants admit in their Answer they received and have not repaid.

2. Joinder of parties, amendment of pleadings and resolution of legal and factual issues: Plaintiffs believe that no additional parties need be joined and that the pleadings are now closed. At the conclusion of discovery or earlier, plaintiffs may be able to move for partial or complete Summary Judgment on the remaining issues.

3. Assignment to U.S. Magistrate Judge: Plaintiffs believe that this case should be assigned to a U.S. Magistrate Judge for any discovery disputes and for a settlement conference as early in the process as possible.

4. Settlement prospects: Given the strength of plaintiffs' case, plaintiffs believe that settlement is at least a significant possibility. Plaintiffs do not know the specific state of defendants' ability to pay the amounts owed, but are aware of a default judgment in a case in the U.S. District Court of the Eastern District of New York involving allegations similar to those in the Complaint herein by Bruce Pomper, asserting that he was the victim of a similar scheme by defendants as alleged herein.

5. ADR: Plaintiffs request that the case be assigned for a settlement conference with a U.S. Magistrate Judge at the earliest possible opportunity.

6. Possible resolution by Summary Judgment, dates for motions, etc.: Plaintiffs propose November 17, 2006.

7. Initial disclosures: Plaintiffs propose that the initial disclosures be made by July 14, 2006, in the form prescribed by Rule 26.

8. Completion of discovery: Plaintiffs propose the discovery be completed by November 6, 2006.

9. Expert disclosures: Plaintiffs do not believe that any variation of the Rule 26 provision are necessary except as to timing of the initial disclosure, set forth in the proposed Scheduling Order (following Track 2).

10. Class action: Not applicable.

11. Bifurcation: Plaintiffs do not believe that bifurcation is necessary or appropriate.

12. Date for Pretrial Conference: The proposed schedule is attached. Plaintiffs propose conducting the Pretrial Conference on December 1, 2006, at a time to be set by the Court.

13. Setting of trial date: Plaintiffs request that the Court set the trial date at the Pretrial Conference.

14. Other matters: Plaintiffs have no additional matters.

<u>Additional Items from Initial Scheduling Order</u>

In the Initial Scheduling Order of May 10, 2006, the Court directed that the parties either include with this report or file separately within 72 hours before the July 7, 2006 conference a brief statement of the case and the statutory basis of all causes of action and defenses.

1. Plaintiffs' Statement of the Case: Plaintiffs invested some $1,460,000 with defendants. During the 1990's, defendants promised that they would provide a guaranteed capital value increase of 25% annually on plaintiffs' investment. Plaintiffs have sought payment of this guaranteed increase, as well as their initial capital investment to the extent not already returned. Despite defendants' acknowledgement of the obligation and agreement to pay

plaintiffs, as well as a partial refund of the initial capital investment, plaintiffs' initial investment has not been fully repaid nor has any of the guaranteed increase been paid.

    2.    Statutory basis of causes of action:

        a.    1934 Securities Exchange Act, Section 10(b), 15 U.S.C. §77a et seq.

        b.    1940 Investment Advisors Act, 15 U.S.C. §80b-6(1), (2).

        c.    D.C. Consumer Protection Procedures Act, D.C. Code §28-3901 et seq.

        d.    There are also several common law causes of action subject to both diversity and supplemental jurisdiction under 28 U.S.C. §1332 and 1367 respectively.

By:    /s/    Paul Heylman
        Paul Heylman D.C. Bar 252213
        Schmeltzer Aptaker & Shepard, PC
        The Watergate
        2600 Virginia Avenue, NW
        Suite 1000
        Washington, DC  20037-1922
        Tel (202) 333-8800
        Fax (202) 625-3301
        pmh@saslaw.com

        Attorney for Plaintiffs
        Ronald K. Henry and Constance B. Henry

## **CERTIFICATE OF SERVICE**

I certify that on this 30th day of June, 2006, the foregoing **REPORT ON CONFERENCE AND PROPOSED ORDER** was served by Federal Express, addressed to the following:

> Mr. Ward and Mrs. Denise Onsa
> and Ward Onsa & Company
> 910 Sycamore Court
> Marco Island, FL  34145


         /s/ Paul Heylman