**SCHMELTZER, APTAKER & SHEPARD, P.C.**
COUNSELORS AT LAW
THE WATERGATE
2600 VIRGINIA AVENUE, NORTHWEST, SUITE 1000
WASHINGTON, D.C. 20037-1922
Web Site http://www.saspc.com
E-Mail sas@saslaw.com
Fax (202) 337-6065
(202) 333-8800

June 13, 2006

**VIA FEDERAL EXPRESS**

Mr. Ward and Mrs. Denise Onsa
and Ward Onsa & Company
910 Sycamore Court
Marco Island, FL 34145

Dear Mr. and Mrs. Onsa:

    I hope by now you have received the initial scheduling order issued by the Court on May 10, 2006. If not, I have attached a copy for your review. If you have a lawyer now, please have him or her contact me as soon as possible. If you are still continuing *pro se* (without a lawyer), please note that the Court's Order requires all parties to confer about the scheduling matters itemized in Local Rule 16.3. I have attached a copy of Local Rule 16.3 for your review. Since I assume you do not wish to travel to D.C. to confer, I propose a telephone conference this Friday, June 16, 2006 at 2.00 p.m.

    However, since the answer you filed does not contain a telephone number, I have no way to contact you. Therefore, please call me on Friday, June 16, 2006 at 2:00 p.m. so that we can meet our mutual obligations under the Court's Order.

Sincerely,

Paul M. Heylman

Enclosures - 2

BS6781

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD K. HENRY and
CONSTANCE B. HENRY,

        Plaintiffs,

v.

WARD ONSA, et al.,

        Defendants.

Civil Action 05-02406 (HHK)

### ORDER FOR INITIAL SCHEDULING CONFERENCE

The above-captioned case has been assigned to the undersigned for resolution. The initial scheduling conference will be conducted on **July 7, 2006, at 2:45 p.m., Courtroom 27A, 6th floor.** Counsel who attend must be sufficiently familiar with the case to answer any questions which arise; parties are welcome and are encouraged to attend.

Pursuant to LcvR 16.3(a) of the Local Rules and Fed. R. Civ. P. 26(f) and 26(f)(1), counsel shall submit their joint statement addressing all topics listed in LcvR 16.3(c) no later than 14 days following their meeting. Counsel are also directed to either include in their joint statement or in a supplemental pleading to be filed no later than 72 hours prior to the initial scheduling conference, a brief statement of the case and the statutory basis for all causes of action and defenses.

Counsel are required to comply with Local Civil Rule 16.3 and, in particular, Rule 16.3(c), as amended August 15, 1995, and attached hereto as Appendix II. In considering what form of alternative dispute resolution the parties think the case is most suited for, counsel are reminded that among their options are mediation, arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution which can be tailored to the needs of their case.

Extensions or enlargements of time will not be granted at any time solely upon stipulation by the parties. Any requests for a continuance or other scheduling change must include alternative dates that have been agreed to by all the parties. Requests that do not include an alternative date acceptable to all the parties will be denied.

Parties are to communicate with the court by motion, opposition, reply, and not by letter. Inquiries concerning the status of any pending matter shall be directed to the courtroom deputy, Robert West (202) 354-3141, or if he is unavailable, to the staff person in the Clerk's Office designated as his substitute. Chambers will not answer questions regarding any pending matters before Judge Kennedy. In an emergency, however, chambers can be reached at (202) 354-3350.

## APPENDIX I
### *(Case Tracking Schedules)*

The following are the presumptive schedules the court shall follow. Variations may be appropriate in light of individual case differences. All time-frames are calculated from the date of the initial scheduling conference unless otherwise indicated.

|  | **Track One** (Fast) | **Track Two** (Standard) | **Track Three** (Complex) |
|---|---|---|---|
| Exchange witness lists | 15 days | 30 days | 60 days |
| Deadline for Post-R. 26(a) discovery requests | 30 days | 45 days | 90 days |
| Proponent's R. 26 (a)(2) statements | N/A | 60 days | 120 days |
| Opponent's R. 26 (a)(2) statements | N/A | 90 days | 150 days |
| All discovery closed | 60 days | 120 days | 180 days |

3

### APPENDIX II
*(Local Civil Rule 16.3 - Duty to Meet and Confer)*

(c) Matters to be discussed by the parties.

At the meeting required by this Rule, the parties shall discuss the following matters:

\* \* \*

(5) Whether the case could benefit from the court's Alternative Dispute Resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

> (i) the client's goals in bringing or defending the litigation;
>
> (ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement;
>
> (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:
>
>> (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and
>>
>> (bb) whether ADR should take place before or after the judicial resolution of key legal issues;
>
> (iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and
>
> (V) whether cost savings or any other practical advantage would flow from a stay of discovery or of other pretrial proceedings while an ADR process is pending.

## LCvR 16.3

## DUTY TO CONFER

(a) **TIME FOR CONFERENCE.**

Counsel (including any nonprisoner *pro se* party) must confer in accordance with this Rule and Rule 26(f), Federal Rules of Civil Procedure, within 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), F.R.Civ.P. to:

(1) Discuss the matters set forth in Rule 16.3(c).

(2) Make or arrange for disclosures required by Rule 26(a)(1), F.R.Civ.P.; and

(3) Develop a discovery plan that indicates the parties' views and proposals.

In a case involving multiple defendants, the 21-day period shall run from the date of appearance or first filing in the form of an answer or motion, pursuant to Rule 12, F.R.Civ.P., by the defendant who is given the longest time to answer under the Federal Rules of Civil Procedure. Any party may move to extend the deadline to a time fixed by the court on the ground that another defendant has not been served or has not yet appeared in the case, or for other sufficient reasons.

If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may require the conference between the parties to occur fewer than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b), F.R.Civ.P.

(b) **EXEMPTED CASES**

The requirement of this Rule, of LCvR 16.3 of these Rules, and Rules 16(b) and 26(f), Federal Rules of Civil Procedure, shall not apply in the following categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), F.R.Civ.P., or when otherwise ordered. The following categories of proceedings are exempted from both initial disclosure under Rule 26(a)(1)(E), F.R.Civ.P., and the Rule 26(f) conference, F.R.Civ.P.:

(1) an action for review on an administrative record;

(2) a petition for *habeas corpus* or other proceeding to challenge a criminal conviction or sentence;

(3) an action brought without counsel by a person in custody of the United States, a state, or a state subdivision;

38

(4)   an action to enforce or quash an administrative summons or subpoena;

(5)   an action by the United States to recover benefit payments;

(6)   an action by the United States to collect on a student loan guaranteed by the United States;

(7)   a proceeding ancillary to proceedings in other courts

(8)   an action to enforce an arbitration award; and

(9)   FOIA actions.

(c)   **MATTERS TO BE DISCUSSED BY THE PARTIES.**

At the conference required by this Rule, the parties must confer to discuss the following matters:

(1)   Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

(2)   The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

(3)   Whether the case should be assigned to a magistrate judge for all purposes, including trial.

(4)   Whether there is a realistic possibility of settling the case.

(5)   Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

   (i)    the client's goals in bringing or defending the litigation;

   (ii)   whether settlement talks have already occurred and, if so, why they did not produce an agreement

   (iii)  the point during the litigation when ADR would be most appropriate, with special consideration given to:

39

        (aa)    whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

        (bb)    whether ADR should take place before or after the judicial resolution of key legal issues;

    (iv)    whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

    (v)    whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

40

 (13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

 (14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

**(d) REPORT TO THE COURT AND PROPOSED ORDER.**

Not later than 14 days following the conference required by this Rule, the attorneys of record and all unrepresented parties that have appeared in the case shall submit to the court a written report outlining the discovery plan and including a succinct statement of all agreements reached with respect to any of the 14 matters set forth in paragraph (c), a description of the positions of each party on any matters as to which they disagree, and a proposed scheduling order. The report shall be submitted jointly, but the parties may submit alternative proposed orders that reflect any disagreements. The plaintiff shall have the duty to ensure timely filing of the report. If, by the time the report is due, any defendant has not responded to the plaintiff's proposed report or declines to join in the report, the plaintiff shall certify in the report that efforts were made to secure that defendant's participation.

If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may require the written report outlining the discovery plan be filed fewer than 14 days after the conference between the parties, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference as per Rule 26(f), F.R.Civ.P.

*COMMENT TO LCvR 16.3(a): LCvR 16.3(a) has been modified to conform to the amendments to the Federal Rules of Civil Procedure as amended in December 2000. The amendment (1) modified the date by which the Rule 26(f), F.R.Civ.P., conference is to be held and (2) removed the requirement that the Rule 16(b), F.R.Civ.P. conference be a face-to-face meeting. The court, however, encourages face-to-face meetings and retains its authority to require that the conference be conducted face-to-face in a particular case.*

*COMMENT TO LCvR 16.3(b): The amendment to Rule 26(f), F.R.Civ.P., removed the authority to exempt cases by local rule from the discovery conference requirement. The amendment exempts the same categories of proceedings from the conference requirement that are exempted from the initial disclosure requirement. Accordingly, LCvR 16.3(b) lists the proceedings exempted under LCvR 26.2(a) and Rule 26(a)(1)(E), F.R.Civ.P., and removes the cases previously exempted by local rule (viz., proceedings involving a nonprisoner pro se plaintiff in which a dispositive motion is filed before the deadline for the meeting expires). Although the first eight enumerated exempt categories of cases were intended to be exclusive and are considered actions that are*

41