UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ronald K. Henry<br>Kaye Scholer LLP<br>901 15th Street, NW<br>Suite 1100<br>Washington, DC 20005<br><br>and<br><br>Constance B. Henry<br>c/o Ronald K. Henry<br>Kaye Scholer LLP<br>901 15th Street, NW<br>Washington, DC 20005<br><br>              Plaintiffs,<br><br>v.<br><br>Ward Onsa<br>910 Sycamore Court<br>Marco Island, Florida 34145<br><br>Ward Onsa & Company<br>910 Sycamore Court<br>Marco Island, Florida 34145<br><br>and<br><br>Denise Onsa<br>910 Sycamore Court<br>Marco Island, Florida 34145<br><br>              Defendants. | CASE NUMBER 1-05CV02406<br><br>JUDGE: Henry H. Kennedy<br><br>DECK TYPE: Contract<br><br>DATE STAMP: 12/15/2005 |

RECEIVED

SEP 22 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## AMENDED ANSWER TO COMPLAINT

Defendants respectfully request this court for leave to submit this amended answer to defendant's originally filed answer dated March 8, 2006.

This amended answer is necessitated by defendants' subsequent realization that plaintiffs are alleging that their principle plus accrued interest was guaranteed by defendants. Such is not the case which can be clearly seen in the attached investment letters of September 18, 1996 and February 22, 2000 wherein no guarantees whatsoever are made.

With absolutely no obligation to do so, defendants paid back $990,000 of the $1.3 million investment in an attempt to make plaintiffs whole.

In addition to the denial of all allegations 1-87 which are inconsistent with the originally filed statement of facts in the originally filed answer, defendants supplement their answer as follows:

With regard to the allegations in Paragraph 4, defendants never made false or fraudulent statements to plaintiffs by mail, telephone and fax while plaintiffs were in the District of Columbia or elsewhere.

With regard to the allegations in Paragraph 10, defendants specifically deny that $5 million was lost or stolen by them.

With regard to the allegations in Paragraph 12, defendants never promised that plaintiff's invested capital and accumulated capital value increase were guaranteed by defendants.

With regard to the allegations in Paragraph 14, defendants' promises to other investors are irrelevant and do not inure to plaintiffs benefit since plaintiff had a written letter of investment containing no such guarantees.

With regard to the allegations in Paragraph 15, there were no promises made by defendants that were materially false statements and omissions designed to induce plaintiffs to entrust capital to defendants.

With regard to the allegations in Paragraph 18, defendant Ward Onsa was a professional investment trader with a successful track record in managing investment portfolios; defendants activities did not consistently increase investments at an annual rate substantially in excess of 25%; plaintiffs were not protected against loss by defendants personal guarantee of payment of all invested capital and of all the promised capital value increase; defendants did not at any time guarantee plaintiffs' investments.

With regard to the allegations in Paragraph 20, plaintiffs allegations are, in fact, false and misleading since defendants did have a successful track record of managing investment portfolios; 25% was the anticipated return on investments which were realized over a period of years and were paid to investors in gains from these activities; investments and capital increases on same had never been used solely to enrich defendants and in fact defendants are now financially destitute.

With regard to the allegations in Paragraph 20(c), defendants had experience in New York financial institution and never used this background as a sham or ruse designed to induce plaintiffs to invest and defendants never were enriched by these activities.

With regard to the allegations in Paragraph 20(d), plaintiffs never received a guarantee of all invested capital and/or all the promised capital increase.

- 3 -

With regard to the allegations in Paragraph 20(e), no statement or representations were made to plaintiffs with regard to absorbing the risk of market fluctuations in paying 25% annual capital value regardless of the actual value of the underlying investments.

With regard to the allegations in Paragraph 20(f), no such guarantee of obligations was ever made to plaintiffs by defendants.

With regard to the allegations in Paragraph 21, no statements were made by defendants to plaintiffs that were false.

With regard to the allegations in Paragraph 22, defendants never deliberately misrepresented the safety of investing with defendants and no such guarantee was made of obligations to plaintiffs.

With regard to the allegations in Paragraph 23, defendant Denise Onsa did not participate in the schemes alleged in the complaint as filed and did not write frequently to plaintiffs to provide assurances that plaintiffs' investment and accumulated capital value were protected.

In view of the above, defendants respectfully request that this court dismiss the complaint of plaintiffs since plaintiffs have failed to state a claim for which relief can be granted.

Dated: _____9-21_____, 2006      By: _____/s/ Ward Onsa_____
                                      Ward Onsa

Dated: _____9-21_____, 2006      By: _____/s/ Denise Onsa_____
                                      Denise Onsa

# Ward Onsa & Company
6 Remington Place
Ivyland, PA 18974

February 22, 2000

Ronald Henry
Kaye, Scholer, Fierman, Hays, & Handler, LLP
The McPherson Building
901 Fifteenth Street NW 1100
Washington, DC 20005

Dear Ron:

This letter declares and verifies that your investment in Ward Onsa's trading partnership, which as of February 22, 2000 totals, $1,000,000.00, plus accumulated gains, will be disbursed to you within thirty days in the event of my husband's Ward Onsa's death. These funds will be free of probate and will not be treated by me as an asset of my husband's estate.

Yours truly,

*(signature)*

Denise Onsa

# Ward Onsa & Company
6 Remington Place
Ivyland, PA  18974

February 22, 2000

Ronald Henry
Kaye, Scholer, Fierman, Hays, & Handler, LLP
The McPherson Building
901 Fifteenth Street NW 1100
Washington, DC 20005

Dear Ron:

This letter is to declare that Ronald Henry has contributed $100,000.00 on February 22, 2000 into a trading enterprise whose sole purpose is to invest in a diverse selection of financial instruments.

As of February 22, 2000, Mr. Henry's capital value totaling, $1,000,000.00, plus gains to date, will increase at a rate of 25% compounded annually.

Reports on the performance of Mr. Henry's investment will be forthcoming on a semi-annual basis.

Yours truly,

*[signature]*

Ward Onsa

# Ward Onsa & Company

6 Remington Place
Ivyland, PA  18974

September 18, 1996

Ronald K. Henry
Kaye, Scholer, Fierman, Hays & Handler, LLP
The McPherson Building
901 Fifteenth Street, N.W. Suite 1100
Washington, D.C. 20005

Dear Ron:

This letter is to declare that Ronald K. and Constance B. Henry have contributed $300,000.00 on September 18, 1996 into a trading enterprise whose sole purpose is to invest in a diverse selection of financial instruments.

The owners of the investment will be Ronald K. and Constance B. Henry as joint tenants. Reports on the performance of the investment will be forthcoming on a semi-annual basis.

As of September 18, 1996, Mr. and Mrs. Henry's capital value totaling $300,000.00 will increase at a rate of 25% compounded annually.

Yours truly,

*Ward Onsa*
Ward Onsa

# Ward Onsa & Company
6 Remington Place
Ivyland, PA  18974

September 18, 1996

Ronald K. Henry
Kaye, Scholer, Fierman, Hays, & Handler, LLP
The McPherson Building
901 Fifteenth Street, N.W. Suite 1100
Washington, D.C. 20005

Dear Ron:

This letter declares and verifies that the investment of Ronald K. and Constance B. Henry in Ward Onsa's trading partnership which as of September 18, 1996 totals $300,000.00 will be disbursed to you within thirty days in the event of my husband's, Ward Onsa's death. These funds will be free of probate and will not be treated by me as an asset of my husband's estate.

Yours truly,

Denise L. Onsa