UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Ronald K. Henry and <br> Constance B. Henry <br><br> Plaintiffs, <br><br> v. <br><br> Ward Onsa, Ward Onsa & Company, <br> and Denise Onsa <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION:  05-02406 (HHK) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Plaintiffs Ronald K. Henry and Constance B. Henry request entry of judgment on the pleadings with respect to the undisputed portion of Plaintiffs' claims against the Defendants. The face of Defendants' pleadings reveals that it is undisputed that Defendants owe at least $280,000 to Plaintiffs and judgment on the pleadings is sought with respect to this undisputed portion of Plaintiffs' claim.

**BACKGROUND AND FACTS**

Beginning in 1993, Defendants solicited investments from Plaintiffs and promised an annual capital value increase of 25% on funds invested. In total, Plaintiffs invested $1,460,000 in three accounts controlled by Defendants.

Defendants admit receipt of $1 million in the first account. Defendants' Answer, Paragraph 2, Exhibit 1 hereto. Defendants admit receipt of $300,000 in the second account. Id. Defendants deny knowledge of the third account. Id. at Paragraph 4. Since this is a motion for

partial judgment on the pleadings, this motion is limited to the first two accounts for which defendants admit receipt of $1,300,000.

Without a proper motion or leave of the court, Defendants filed an Amended Answer, Exhibit 2, which reconfirms the Defendants' receipt of $1,300,000. The Amended Answer also incorporates and attaches copies of Defendants' contracts with Plaintiffs. With respect to the first, the contract states:

> "As of February 22, 2000, Mr. Henry's capital value, totaling $1,000,000.00, plus gains to date, will increase at a rate of 25% compounded annually."

With respect to the second, the contract states:

> "As of September 18, 1996, Mr. and Mrs. Henry' capital value totaling $300,000.00 will increase at a rate of 25% compounded annually."

Both the Answer and the Amended Answer admit that only $990,000 has been returned to Plaintiffs. Exhibits 1 and 2. This represents a return of only a portion of the $1,300,000 invested and no payment of the promised capital value increase.

Plaintiffs note that the Amended Answer contains a claim that Defendants did not personally guarantee return of the funds sent to Defendants by Plaintiffs. This claim is irrelevant to the current motion. The current motion does not seek to enforce a personal guarantee but, rather, seeks to enforce the undisputed terms of the contracts cited in the Complaint (*e.g.,* at paragraphs 23, 26, and 27), cited in the Answer, cited in the Amended Answer and attached to the Amended Answer. It is undisputed that "Ward Onsa & Company" is an unincorporated alter-ego of the individual Defendants (Complaint Paragraph 9) and that the four contract documents attached to the Amended Answer were all signed by the individual Defendants, Ward and Denise Onsa. Neither the answer nor the Amended Answer asserts any defense against the return of Plaintiffs' originally invested capital as sought by this motion.

The Defendants' Answer alleges that events subsequent to September 11, 2001 caused a modification of the contracts such that Plaintiffs were only entitled to receive the return of the original $1,300,000. Exhibit 1, Paragraph 3. This assertion is false as will be demonstrated at trial[1] but, because this is a motion for judgment on the pleadings, the current motion is limited to the portion of the original $1,300,000 which the defendants admit that they have not returned. Defendants admit receipt of $1,300,000 and admit the return of only $990,000. Exhibit 1 and 2. This leads to a shortfall of $310,000.

There is one disparity to be noted. In Defendants' Response to Plaintiffs' First Set of Interrogatories, Exhibit 3, Defendants contradict both their Answer and their Amended Answer by claiming in response to Interrogatory 8 that they have returned $1,020,000 rather than $990,000 as stated in the Answer and Amended Answer. For purposes of this motion only, Plaintiffs will assume that the court has granted leave for the Defendants to file a Second Amended Answer, thereby treating the response to Interrogatory 8 as the amount which Defendants claim to have returned to Plaintiffs. The new amount claimed, $1,020,000, is still short of the amount Defendants admit having received, $1,300,000, resulting in an admitted shortfall of $280,000. Plaintiffs seek judgment on the pleadings that they are entitled to the admittedly unreturned $280,000.

---

[1] For example, Plaintiffs have Defendants' account statement confirming Defendants' obligation to pay to Plaintiffs the amount of $3,675,695.61 for remaining invested capital and capital value increase AFTER a return of capital in the amount of $930,000 through October 31, 2002. Since this document is outside of the pleadings, however, it does not form a part of this motion and this motion is limited to recovery of the admitted shortfall in the return of the originally invested capital.

## ARGUMENT

Rule 12(c) of the Federal Rules of Civil Procedure authorizes a motion for judgment on the pleadings "after the pleadings are closed but within such time as not to delay the trial." The complaint and answer having been filed in this action, the pleadings are now closed and this motion is properly before the court. See Dale v. Executive Office of the President, 164 F. Supp. 2d 22, 24 (D.D.C. 2001).

On the face of the Defendants' pleadings, it is admitted that at least $280,000 of Plaintiffs' original capital investment has not been returned and that no defense or excuse has been asserted.

In a motion for judgment on the pleadings, the court assumes the truth of the matters claimed in Defendants' pleadings. See Id. In this case, all of the facts necessary for the entry of partial judgment are plainly and unequivocally admitted on the face of the Defendants' pleadings.

As with a motion under Rule 12(b)(6), the court need not accept as true matters of which the court may take judicial notice to the contrary, matters that are legally impossible, facts which are demonstrated by record to be unfounded or certain other matters. See Hargis Canneries, Inc. v. United States, 60 F. Supp. 729, 729 (W.D. Ark. 1945). While the court has the authority under Rule 12(c) to look through the assumed truthfulness of Defendants' claims, such is not necessary here because all of the facts necessary for the entry of judgment are plainly and unequivocally admitted on the face of the Defendants' pleadings.

Judgment on the pleadings may be entered if there is no material issue of fact and the moving party is entitled to judgment as a matter of law on the face of the pleadings. Transworld Prods. Co. v. Canteen Corp., 908 F. Supp. 1, 1 (D.D.C. 1995). Since the Defendants' pleadings

admit on their face that Defendants have returned no more than $1,020,000 of the $1,300,000 admittedly received, judgment on the pleadings is proper in the amount of $280,000.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for partial judgment on the pleadings should be granted in the amount of $280,000.

Dated:  November 17, 2006

                PAUL HEYLMAN

By:      /s/ Paul Heylman
          Paul Heylman D.C. Bar 252213
          Saul Ewing
          The Watergate
          2600 Virginia Avenue, NW
          Suite 1000
          Washington, DC  20037-1922
          Tel (202) 333-8800
          Fax (202) 625-3301
          pheylman@saul.com

          Attorney for Plaintiffs
          Ronald K. Henry and Constance B. Henry

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS was served by First Class U.S. Mail this 17th day of November 2006, address to the following:

>Mr. Ward and Mrs. Denise Onsa
>And Ward Onsa & Company
>910 Sycamore Court
>Marco Island, FL  34145


>        /s/ Paul Heylman
>Paul Heylman
>Attorney for the Plaintiffs
>Ronald K. Henry and Constance B. Henry

927616.1