

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Ronald K. Henry )
Kaye Scholer LLP )
901 15th Street, NW )
Suite 1100 )
Washington, DC 20005 )
)
and )
)
Constance B. Henry )
c/o Ronald K. Henry )
Kaye Scholer LLP )
901 15th Street, NW )
Washington, DC 20005 )          **CASE NUMBER 1-05CV02406**
)
      Plaintiffs, )          **JUDGE: Henry H. Kennedy**
)
    v. )          **DECK TYPE: Contract**
)
Ward Onsa )          **DATE STAMP: 12/15/2005**
910 Sycamore Court )
Marco Island, Florida 34145 )
)
Ward Onsa & Company )
910 Sycamore Court )
Marco Island, Florida 34145 )
)
and )
)
Denise Onsa )
910 Sycamore Court )
Marco Island, Florida 34145 )
)
      Defendants. )
)

## DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants hereby provide answers to the following interrogatories for the period 1992 through the present, as follows:

## INTERROGATORY 1

1.    Identify all persons who participated in or provided information for the preparation of your answers to these Interrogatories.

## ANSWER

Denise Onsa, Ward Onsa and Anthony Karambelas participated in or provided information for the preparation of Defendants answers to these interrogatories.

## INTERROGATORY 2

Identify all documents responsive to or produced in response to Plaintiffs' first set of requests for production of documents.

## ANSWER

Please refer to the list of documents attached to Defendants' Response to Plaintiffs' First Set of Requests for Production of Documents.

## INTERROGATORY 3

Identify and describe all contacts with the District of Columbia by any of the defendants including, but not limited to, visits to or presence in the District of Columbia, telephone conversations with persons in the District of Columbia, correspondence by United States mail or otherwise with persons in the District of Columbia, conduct of business with or through institutions located in the District of Columbia, conduct of business in any form in the District of Columbia, and any other contacts with the District of Columbia.

2

## ANSWER

A personal family trip was made once to the District of Columbia. Ward Onsa met with Ronald Henry during this visit. One other visit was made by Ward Onsa to Ronald Henry. There were several telephone conversations between Ward Onsa and Ronald Henry. There was correspondence made by U.S. Mail, UPS and/or Fed Ex between Plaintiffs and Defendants.

## INTERROGATORY 4

Identify and describe all contacts between any of the Defendants and any of the Plaintiffs including, but not limited to, meetings in any location, telephone conversations, correspondence by United States Mail or otherwise, receipt of funds from Plaintiffs, transmission of funds to Plaintiffs, transmission of account statements to Plaintiffs, transmission of annual reports to Plaintiffs, transmission of any other materials to Plaintiffs, or any other contacts with any of the Plaintiffs in person or by any other means including telephonic, mail, or electronic contacts.

## ANSWER

Please refer to answer for Interrogatory No. 3.

## INTERROGATORY 5

Identify and describe the business conducted by Ward Onsa, Denise Onsa, or Ward Onsa & Company including, but not limited to contracts, banking or brokerage relationships, financial transactions, licenses or registrations, and tax filings or payments.

## ANSWER

Defendants object to this Interrogatory because it is overbroad and burdensome and not tending to lead to any pertinent information.

3

## INTERROGATORY 6

Identify and describe all amounts received by any of the Defendants from any of the Plaintiffs.

## ANSWER

Amounts received by Ward Onsa & Company from Ronald Henry are $1,300,000.00. (See attached sheet.)

## INTERROGATORY 7

Identify and describe the amounts owed by any of the Defendants to any of the Plaintiffs.

## ANSWER

There are no amounts owed to Plaintiffs by any of the Defendants. (See Amended Answer to the Complaint.)

## INTERROGATORY 8

Identify and describe any amounts paid by any of the Defendants to any of the Plaintiffs.

## ANSWER

The amount paid to any of the Plaintiffs by any of the Defendants is $1,020,000.00. (See attached list.)

## INTERROGATORY 9

Identify and describe any promise, representation, assertion, commitment, or agreement to repay funds provided by any of the Plaintiffs to any of the Defendants.

## ANSWER

Please refer to answer for Interrogatory 8 above and the Amend Answer to Complaint.

## INTERROGATORY 10

Identify and describe any promise, representation, assertion, commitment, or agreement to pay over to any of the Plaintiffs any profits, gains, capital value increase, or other amounts resulting from Plaintiffs' investment of funds with any of the Defendants.

## ANSWER

Please refer to answer for Interrogatory 8 above and the Amend Answer to Complaint.

## INTERROGATORY 11

Identify and describe any calculation, memorialization, or representation of the amounts owed by any of the Defendants to any of the Plaintiffs at any point in time.

## ANSWER

Defendants object to this Interrogatory because it is vague and ambiguous. (See original Answer and Amend Answer to Complaint.)

## INTERROGATORY 12

Identify and describe any broker or security dealer licenses, registrations, qualifications or approvals and any other documents referring or relating to the authorization of any of the Defendants to participate in any of the transactions alleged in the Complaint.

## ANSWER

There are no broker or security dealer licenses, registrations, qualifications or approvals and any other documents referring or relating to the authorization of any of the Defendants to

participate in any of the transactions alleged in the Complaint. There was merely a letter agreement between the Plaintiffs and the Defendants.

## INTERROGATORY 13

Identify and describe any criminal, civil or disciplinary actions instituted by any person or organization against any of the Defendants in connection with the provision of any financial services including, but not limited to, transactions of the type described in the Complaint.

## ANSWER

There are no criminal or disciplinary actions instituted by any person or organization against any of the Defendants in connection with the provision of any financial services including, but not limited to, transactions of the type described in the Complaint. There are two civil actions. One was instituted by Bruce Pomper against Ward Onsa and Ward Onsa and Company. The second was instituted by Steve Wahl against Ward Onsa and Ward Onsa and Company

## INTERROGATORY 14

Identify and describe any litigation between any of the Defendants and any other person or entity including, but not limited to, transactions of the types described in the Complaint.

## ANSWER

Defendant objects to this Interrogatory because it is not pertinent to any of the issues in this case.

## INTERROGATORY 15

Identify and describe any tax returns, tax assessments, tax-related penalities or other tax obligations of any of the Defendants.

6

## ANSWER

Defendant objects to this Interrogatory because it is overburdensome and not related to any of the issues in this case.

## INTERROGATORY 16

Identify and describe any banking records, stock or securities transactions, deposits or investments by any of the Defendants, including, but not limited to, transactions outside of the United States. You are reminded that all interrogatories include the request for information in the names of any of the three Defendants or in any other name directly or indirectly used by or controlled by any of the Defendants.

## ANSWER

Defendant objects to this Interrogatory because it is not pertinent to any of the issues in this case.

## INTERROGATORY 17

Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "this court lacks jurisdiction, both over the subject matter and personal jurisdiction over the Defendants."

## ANSWER

Please refer to the original Answer and Amended Answer to Complaint.

## INTERROGATOARY 18

Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "$990,000 was returned by Defendant to Plaintiff at Plaintiff's request.

**ANSWER**

Please refer to the original Answer and Amended Answer to Complaint.

**INTERROGATORY 19**

Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "in the aftermath of 9/11, the Plaintiff was notified that he could no longer expect or receive a 25% return and he immediately requested his money back."

**ANSWER**

Please refer to the original Answer and Amended Answer to Complaint.

**INTERROGATORY 20**

Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "Defendant explained to Plaintiff that he would return his principal $1.3 million but none of the profit if Plaintiff wished to discontinue his investment."

**ANSWER**

Please refer to the Amended Answer to Complaint.

**INTERROGATORY 21**

Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "Plaintiff was so informed and received $990,000 of his principal back for the two accounts."

8

## ANSWER

Please refer to the original Answer and Amended Answer to Complaint.

## INTERROGATORY 22

Identify and describe all facts and documents referring or relating to Refco Account Number F135-48722 or Maim Financial, Inc. Account Number E-264-2640099361.

## ANSWER

Defendant objects to this Interrogatory because it is irrelevant. Defendant has no information or documents.

## INTERROGATORY 23

Identify and describe all facts and documents referring or relating to the ownership of any asset by any of the defendants, including but not limited to, securities, financial instruments, tangible or intangible personal property, or real estate including but not limited to 6 Remington Place, Ivyland, Pennsylvania, 18974, and 910 Sycamore Court, Marco Island, Florida, 35145.

## ANSWER

The Defendants possess no assets of significant value. Please refer to the Amended Answer to Complaint.

## INTERROGATORY 24

Explain and describe all investments or other uses of the funds provided to any of the defendants by Ronald K. Henry or Constance B. Henry.

## ANSWER

There are none.

9

## INTERROGATORY 25

Explain and describe all litigations or demands for payment made against any of the defendants by or on behalf of any person who invested money with or through any of the defendants.

## ANSWER

Defendants object to this Interrogatory because it is not pertinent to any of the issues of this case.


Dated: _____9-29_____, 2006        By: _Ward Onsa_____
                                      Ward Onsa

Dated: _____9-29_____, 2006        By: _Denise Onsa_____
                                      Denise Onsa

10

**Exhibit A**

Payments made by Ward Onsa & Company to Ronald Henry

Amount paid:  $1,020,000.00

### Ronald K. and Constance B. Henry Account

| | |
|---|---|
| 5 checks issued from 6/1/01-10/1/01 at $30,000.00 each | $150,000.00 |
| 6 checks issued from 3/1/02-8/1/02 at $70,000.00 each | 420,000.00 |

### Ronald K. Henry Account

| | |
|---|---|
| 12 checks issued from 11/1/01-10/1/02 at $30,000.00 | $360,000.00 |
| *11/22/02 check issued | 30,000.00 |
| 6/23/03 check issued | 25,000.00 |
| 6/23/03 check issued | 10,000.00 |
| 7/28/03 check issued | 25,000.00 |
| | |
| Combined total | $1,020,000.00 |

*Please note the original amount of $990,000.00 was given as payment to the plaintiffs; however after reviewing account records a check issued in the amount of $30,000.00 was found, increasing the total payment made to plaintiffs of $1,020,000.00.

## Account Name

**Ronald Henry**

| | DATE | | AMOUNT |
|---|---|---|---|
| **Capital Investments** | 11/22/1993 | S | 25,000.00 |
| | 8/25/1994 | | 50,000.00 |
| | 1/23/1995 | | 125,000.00 |
| | 12/5/1995 | | 25,000.00 |
| | 12/20/1995 | | 25,000.00 |
| | 1/23/1996 | | 50,000.00 |
| | 2/28/1996 | | 30,000.00 |
| | 4/18/1996 | | 20,000.00 |
| | 1/22/1997 | | 100,000.00 |
| | 2/2/1998 | | 50,000.00 |
| | 1/20/1999 | | 200,000.00 |
| | 3/15/1999 | | 200,000.00 |
| | 2/22/2000 | | 100,000.00 |

## Account Name

**Ronald K. and Constance B. Henry**

| | | |
|---|---|---|
| **Capital Investments** | 9/18/1996 | 300,000.00 |