UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

DEC 15 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ronald K. Henry and )
Constance B. Henry )
                    )
         Plaintiffs, )
      v.            )
                    )
Ward Onsa           )   CIVIL ACTION: 05-02406 (HHK)
Ward Onsa & Company )
and Denise Onsa     )
                    )
         Defendants. )
                    )

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE PLEADINGS

Defendants respectfully request this Court to dismiss both this Motion for Partial Summary Judgment and this above-entitled Complaint.

### BACKGROUND AND FACTS

Defendants Ward Onsa, Ward Onsa & Company and Denise Onsa ("The Onsas") sent an investment letter to Plaintiffs indicating that the money invested would be expected to produce a 25% return to Plaintiffs. Plaintiff Ronald K. Henry is an experienced attorney and was well aware of Ward Onsa's track record and reputation and chose to invest his money seeking the 25% return. Ward Onsa never made any misrepresentations nor, more significantly, any promise or obligation to repay the money at any time. Ward Onsa produced 25% returns for his clients from at least the late 1980's up through and including the disastrous occurrence of September 11, 2001. It is common knowledge that hundreds of thousands, if not millions, of investors lost all or at least significant portion, of their portfolios in the aftermath of 9/11.

Ward Onsa and the Plaintiffs were no exception. Ward Onsa made every effort to minimize the loss suffered by the Plaintiffs resulting in a loss of $280,000 on an investment of $1.3 million for which Plaintiffs seek this partial summary judgment.

The bottom line is that Plaintiffs invested $1.3 million and suffered a loss of $280,000 with absolutely no recourse to Ward Onsa. This was an all to familiar occurrence as a result of the attack on September 11, 2001 for millions of investors.

Plaintiffs and their attorneys were familiar with two other lawsuits brought by others who had different agreements with Ward Onsa and were likewise familiar with Ward Onsa's financial inability to retain counsel to defend himself against these spurious charges resulting in a default judgment against Ward Onsa. Knowledgeable and spurred on by this default judgment, Plaintiffs pursued this action against The Onsas, fully expecting to obtain a default judgment. Plaintiffs have filed a claim for relief that is uncollectable for two reasons. First, Plaintiffs had no pay back provision in their letter agreement with Ward Onsa. Secondly, all of The Onsa's assets have been sold to pay back investors who did have a provision in their investment letter agreements that Ward Onsa would sell all of his personal assets to minimize losses if any occurred. Since Plaintiffs had no such provision in their letter agreement, Plaintiffs are owed nothing. In any event, The Onsas have no assets, as explained above.

This lawsuit is a result of Plaintiffs and their attorneys familiarity with the default judgment taken against Ward Onsa by Bruce Pomper, for which they have admitted knowledge in their pleadings, to capitalize on Ward Onsas inability financially to retain counsel to fight these spurious charges.

Ward Onsa at all times put his investors before himself and his family. To wit, The Onsas today are financially destitute. They have lost their home they have maxed out their credit cards and lost them, they have no credit, their grown children college careers have been interrupted for financial reasons and every member of the family is now working to make ends meet. Ward Onsa is attempting to make a living in Philadelphia where he previously worked while Denise Onsa was been joined by their children in Florida, where all were working to meet

household expenses.

Ward Onsa and his wife have no legal training but have attempted in the Answer to respond these spurious charges. The Onsas apologize to the Court for filing an Amended Answer without filing for leave to amend, which significantly pointed out that the Plaintiffs had no promise or guarantee that their capital or earnings would be returned.

Ward Onsa did send reports before 9/11 indicating that the Plaintiffs account was realizing a 25% return as indicated in the investment letter. All of that changed because of 9/11 and the financial calamities that resulted. Ward Onsa did everything in his power to minimize Plaintiffs loss even though he was not obligated to do so by the investment letter.

## ARGUMENT

Ward Onsa and Denise Onsa totally refute Plaintiffs assertion that Ward and Denise Onsa have admitted that $280,000 of Plaintiffs original capital has not been returned and no defense or excuse has been asserted. There need be no defense or excuse as previously explained. Plaintiffs lost their investment as many others did in the aftermath of the financial calamities of 9/11. Plaintiffs had no promise to replace the original capital as evidenced by the language of the investment letter. The facts necessary for the entry of partial summary judgment are not plainly and unequivocally admitted on the face of Defendants pleadings. On the contrary, they are totally refuted.

Ward and Denise Onsa have no idea what is alluded to by Plaintiffs assertion that there is authority under Rule 12(c) to look through the assumed truthfulness of Defendants case, but such is not necessary here because all the facts necessary for the entry of judgment according to Plaintiffs are plainly and unequivocally admitted. Ward and Denise Onsa have at all times dealt truthfully and candidly with Plaintiffs. Neither of them have ever misrepresented Ward Onsa's reputation, track record or capabilities and have at all times made truthful reports to the

3

Plaintiffs including discussions relating to minimizing the loss of Plaintiffs and proposals to continue on with the investments at lesser levels, to which Plaintiffs were totally opposed and demanded their money.

Plaintiffs attorneys assertion that The Onsa's did not personally guarantee return of the funds is irrelevant, is contrary to logic and the facts in this case. Plaintiffs counsel alleged that the current motion does not seek to enforce a personal guarantee, but rather seeks to enforce the undisputed terms of the contract cited in the Complaint (e.g., at Paragraphs 23, 26 and 27), cited in and attached to the Amended Answer. The Onsas sent a letter agreement indicating that the Plaintiffs would receive 25% on their investment and nothing more. There are no undisputed terms to which Plaintiffs attorney alleges that include any obligation to pay the investment back. This was an investment by Plaintiffs with The Onsas to receive a 25% return and nothing more. There were no guarantees and therefore, both the Onsa's and Plaintiffs were subject to financial downturns and losses incurred which could not be foreseen especially as a result of 9/11. Plaintiffs demanded their money and The Onsas did everything within their power to minimize Plaintiffs losses which, again, they were not obligated to do by the investment letter and this is undisputed. The claim that no guarantee is irrelevant in the investment letter as alleged by Plaintiffs attorney is merely legal posturing and flies in the face of the language in the investment letter and the interactions between The Onsas and the Plaintiffs.

The Onsas never alleged that the events subsequent to 9/11 caused a modification of the contract such that Plaintiffs were only entitled to receive a return of the original $1.3 million. There was never any such contract to return the original amount of $1.3 million as alleged by Plaintiffs. There is no shortfall of either $310,000 or $260,000 as alleged by Plaintiffs since the money, pure and simple, was lost.

In summary, the Defendants Ward and Denise Onsa respectfully request this Court to deny this Motion for Partial Summary Judgment and dismiss this lawsuit since Plaintiffs have

4

not stated a claim on which they can recover. They invested $1.3 million and they lost either $310,000 or $280,000 because of the financial aftermath of 9/11.

All of Plaintiffs and Plaintiffs counsel allegations relating to securities violations, misrepresentations and warranties are not supported by the facts and are totally irrelevant to this lawsuit. Ward and Denise Onsa are, for all intents and purposes, financially destitute because of this business downturn. This lawsuit constitutes nothing but legal harassment in an attempt for Plaintiffs to win a judgment to which they are not entitled to under the law or facts of this case resulting from the transactions between Ward and Denise Onsa and the Plaintiffs.

Dated: _____12-14_____, 2006    By: _____/s/ Ward Onsa_____
                                        Ward Onsa

Dated: _____12-14_____, 2006    By: _____/s/ Denise Onsa_____
                                        Denise Onsa