UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Ronald K. Henry and <br> Constance B. Henry <br><br> Plaintiffs, <br><br> v. <br><br> Ward Onsa, Ward Onsa & Company, <br> and Denise Onsa <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION:  05-02406 (HHK) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Plaintiffs have moved for judgment on an issue which the pleadings show is undisputed – Defendants' conceded obligation to repay the initial capital contribution made by Plaintiffs. Defendants' admit in the Answer that they received capital contributions of $1,300,000 and have to date repaid only $990,000.  The Answer does not contest Defendants' obligation to repay the remaining capital contribution.  Indeed, Paragraph 3 of the Answer provides:

> "In the Aftermath of 9/11, the Plaintiff was notified that he could no longer expect to see a 25% return and he immediately requested his money back.  Defendant explained to Plaintiff that he would return his principal of $1.3 million but none of the profit if the Plaintiff wished to discontinue his investment.  Plaintiff was so informed and received $990,000 of his principal back for the two accounts."

Regardless of the implausibility of this defense as to the obligation to repay the 25% return on investment given Defendants' October 31, 2002 account statement admitting they

owed Plaintiffs $3,675,695.61 a year <u>after</u> 9/11,[1] we assume the truth of Defendants' assertion for the present motion. Defendants' admission of the obligation to repay the capital contribution is not inadvertent. Plaintiffs claimed in a conference with the Court that they were diligently attempting to repay the remaining capital contribution they owed to Plaintiffs. Counsel for Plaintiffs stated that:

> "There are issues that we believe are resolvable under the pleadings, specifically the return of the remaining capital, which apparently there is no dispute about, is owed."

Transcript of July 7, 2006 Initial Status Conference at 5. (Attachment 2.)

In response, Mrs. Onsa admitted:

> "And I do want to state that my husband has made every attempt possible to repay the Henrys. And we have paid the amount of $990,000 back to the Henrys. He has worked diligently, and I am working diligently. We have separated ourselves from one another so that we could make an effort. We are financially in very great, very bad straights at this point. And we have made as much of an obligation as we can at this point. And he has honored it."

Id. at 6. (Attachment 2.)

Six months after filing their Answer and **after** the deadline for propounding written discovery requests, Defendants lodged a proposed Amended Answer. Since Defendants failed to seek or obtain leave of Court, the proposed Amended Answer is a nullity. FCRP 15. Moreover, the proposed amendment is futile. It is internally inconsistent, both admitting and denying the obligations owed to Plaintiffs. It is also inconsistent with Defendants' admissions to this Court as set forth above.

---

[1] A copy of the Account Statement is provided as Attachment 1 for illustrative purposes. Since this is a Motion for Judgment on the Pleadings, however, the Court should rely upon the undisputed description of the Account Statement as found in Complaint Paragraph 32.

Moreover, even the proposed Amended Answer does not preclude judgment on the pleadings. The proposed Amended Answer again admits the capital contributions of $1,300,000 and admits that only $990,000[2] of that capital has been returned to Plaintiffs. There is nothing in the proposed amendment suggesting that Plaintiffs can simply keep the remaining unpaid capital. Indeed, the proposed Amended Answer includes Defendants' contracts with Plaintiffs. With respect to the first account, the contract states:

> "As of February 22, 2000, Mr. Henry's capital value totaling $1,000,000.00, plus gains to date will increase at a rate of 25% compounded annually."

With respect to the second, the contract states:

> "As of September 18, 1996, Mr. and Mrs. Henry's capital value totaling $300,000 will increase at a rate of 25% compounded annually."

Plaintiffs gave money to Defendants in exchange for a simple promise that Plaintiffs' capital " **will** increase at a rate of 25 percent compounded annually." (Emphasis added). Defendants had complete control over the funds and never informed Plaintiffs of where or how the funds under Defendants' control were being used. Defendants' obligation was simply to provide a capital value "increase at a rate of 25 percent compounded annually" as required by the contract and shown on the face of the account statements provided by Defendants to Plaintiffs.

This motion not based upon personal guarantees or the many oral promises outside of the written contracts. Instead, this motion is based simply upon the undisputed contracts that the

---

[2] To give the benefit of every doubt to Defendants, we have subtracted $30,000 from the amount the pleadings established is owed. In contrast to the admissions in the Answer and proposed Amended Answer that only $990,000 has been returned, Defendants' Response to Plaintiffs' First Set of Interrogatories claims that $1,020,000 has been returned, so for this motion only, it is assumed that Defendants admit only their failure to return $280,000 of the $1,300,000 received by them.

3

Defendants themselves incorporated into their Amended Answer. Even Defendants' Response admits that:

> "The Onsas sent a letter agreement indicating that the Plaintiffs would receive 25 percent on their investment and nothing more . . . This was an investment by Plaintiffs with [T]he Onsas to receive a 25 percent return and nothing more."

Defendants' Response at 4.

The alleged dispute regarding personal guarantees and oral promises is irrelevant to this motion. The Defendants admit they entered into contracts with Plaintiffs, that they were paid money and have not paid it all back. Ward Onsa & Co. is not a corporation, but an unincorporated proprietorship operated by the Defendants, so the obligations to repay the capital contributions run to all the Defendants. The alleged absence of personal guarantees by the individual Defendants is no defense. It is undisputed from the pleadings that on December 30, 2004, Defendant Ward Onsa wrote to Plaintiffs and stated:

> "This letter is to confirm that I am aware of my financial obligations to you and will be contacting you in February with a time table."

Complaint at Paragraph 13.[3]

Since Plaintiffs first requested return of their capital and the promised capital value increase, Defendants have presented a continually shifting series of excuses: they needed more time because their investments were not liquid; they needed more time because they had invested overseas; they needed more time to obtain regulatory approvals because the money was being transferred into the Watson Asset Management Fund and the like. However, Plaintiffs became

---

[3] A copy of the December 30, 2004 letter is provided as Attachment 3 for illustrative purposes. Since this is a Motion for Judgment on the Pleadings, however, the Court should rely upon the undisputed description of the December 30, 2004 letter as found in Complaint Paragraph 13.

concerned upon learning (as Defendants concede) that there were other similar lawsuits pending against Defendants. The defense that Defendants lost the money and therefore cannot repay it is irrelevant to the current motion. While these other lawsuits might impede collection efforts, they are no bar to the entry of judgment. Defendants have a contractual liability to Plaintiffs and this motion for partial judgment on the pleadings should be granted.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Partial Judgment on the Pleadings should be granted in the amount of $280,000.

Dated:  December 21, 2006

PAUL HEYLMAN

By:     /s/ Paul Heylman
Paul Heylman D.C. Bar 252213
Saul Ewing
The Watergate
2600 Virginia Avenue, NW
Suite 1000
Washington, DC  20037-1922
Tel (202) 333-8800
Fax (202) 625-3301
pheylman@saul.com

Attorney for Plaintiffs
Ronald K. Henry and Constance B. Henry

5

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS was served by First Class U.S. Mail this 21st day of December, 2006, address to the following

>Mr. Ward and Mrs. Denise Onsa
>And Ward Onsa & Company
>910 Sycamore Court
>March Island, FL 34145


>  /s/ Paul Heylman
>Paul Heylman
>Attorney for the Plaintiffs
>Ronald K. Henry and Constance B. Henry

928713.1