UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Ronald K. Henry and<br>Constance B. Henry<br><br>            Plaintiffs,<br><br>     v.<br><br>Ward Onsa, Ward Onsa & Company,<br>And Denise Onsa<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION: 05-02406 (HHK)<br>)  NEXT SCHEDULED COURT<br>)  EVENT: JULY 1, 2007<br>)  DISCOVERY PERIOD ENDS<br>)<br>)<br>) |

**REQUEST FOR TELEPHONE CONFERENCE REGARDING DISCOVERY DISPUTES OR, IN THE ALTERNATIVE, MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

Pursuant to this Court's rules, plaintiffs hereby request a telephone conference with the Court to address defendants' failure to comply with discovery or, in the alternative, hereby move for an Order of the Court to compel discovery. The discovery deadline in this litigation is July 1, 2007, but defendants have failed to respond to document requests, interrogatories and requests for admissions, and on June 14, 2007 they failed to appear for their scheduled depositions. Accordingly, intervention by the Court is needed.

**BACKGROUND**

This is not the first time that defendants have failed to comply with plaintiffs' legitimate discovery requests. In October 2006, for example, plaintiffs wrote to defendants seeking to explain their obligations and encourage their compliance. (Exhibit 1)

At the April 6, 2007 hearing, this Court set July 1, 2007 as the deadline for discovery to

be completed. Immediately after the April 6, 2007 hearing, the parties met and Mr. Onsa repeatedly promised that he would immediately begin sending the documents called for by plaintiffs' outstanding discovery request. Nothing has arrived.

On May 1, 2007, plaintiffs again wrote to defendants to explain defendants' obligations (Exhibit 2) and renewed their discovery demands by serving second sets of requests for the production of documents, interrogatories, requests for admissions, and notices of depositions (Exhibits 3, 4, 5, and 6).

Responses to these requests for documents, interrogatories and requests for admissions were due on June 4, 2007. On June 1, 2007, plaintiffs called defendants by telephone and left a voicemail message reminding them of the deadline and their obligations. There was no response to the telephone message and no discovery has been produced.

The notices of deposition established June 14 as the date for the depositions of Mr. and Mrs. Onsa. Near the close of business on June 13, defendants sent a fax to plaintiffs' counsel (Exhibit 7) stating that they would not attend their depositions and would be unavailable to discuss discovery before June 19, a date that is less than two weeks from the discovery cut-off date established by the court.

## ARGUMENT

Defendants have wilfully and continuously refused to provide discovery that is essential for the conduct of this matter. As the Court will recall from the April 6, 2007 hearing, defendants admit their receipt of capital invested by plaintiffs under defendants' control. The Court will also recall defendants' claim that the only reason for their failure to honor their promises to plaintiffs is their assertion that the money has been lost. Plaintiffs are clearly entitled

to discovery regarding defendants' handling of the money received from plaintiffs; yet defendants have, to date, failed to produce any documents whatsoever.

Discovery is also essential to put to rest the transparent falsehoods in defendants' representations to this Court. For example, defendants' answer claims that defendants have no knowledge of and no involvement in the third investment account described in the complaint. Plaintiffs' May 1, 2007 letter to defendants (Exhibit 2) points out to defendants the falsity of their claim and attaches a copy of the power of attorney signed by Ward Onsa with respect to that third account.

Defendants' continued ability to present falsehoods to the Court is premised on their continued ability to avoid discovery of the true facts. This case demonstrates precisely the need for thorough discovery and the need for the Court's intervention to compel discovery.

Plaintiffs have given every possible accommodation to defendants, including time extensions and repeated, patient explanations of defendants' obligations. Plaintiffs have also lost valuable preparation time and have incurred significant attorney's fees. At this point, it is clear that defendants understand their obligations but have consciously chosen to ignore them. Accordingly, the Court's intervention is sought.

WHEREFORE, Plaintiffs move this Court for an Order compelling discovery as follows:

1. Defendants shall serve upon Plaintiffs' counsel by Federal Express or similar overnight delivery service full and complete answers to Plaintiffs' Second Set of Interrogatories on or before July 1, 2007;

2. Defendants shall serve upon Plaintiffs' counsel by Federal Express or similar overnight delivery service full and complete responses to Plaintiffs' Second Request for Production of Documents, along with copies of the requested

       documents on or before July 1, 2007;

3. Defendants shall serve upon Plaintiffs' counsel by Federal Express or similar overnight delivery service full and complete responses to Plaintiffs' Second Set of Requests for Admissions on or before July 1, 2007;

4. To the extent that Defendants' answers and responses identify matters appropriate for additional discovery, Plaintiffs shall serve any Supplemental Discovery Requests on or before August 1, 2007;

5. Defendants shall make themselves available for deposition by Plaintiffs on mutually agreeable dates during the period between July 1, 2007 and August 1, 2007.

6. The Scheduling Order in this matter is amended to provided that discovery shall end on September 1, 2007 and dispositive motions shall be filed on or before October 1, 2007.

7. Plaintiffs' counsel shall submit to the Court a statement of Plaintiffs' reasonable expenses incurred in making this motion, including attorneys' fees, no later than August 1, 2007, which statement shall be considered by the Court in determining the expenses to be awarded under Rule 37(a) and (4)(A).

        Respectfully submitted,

        RONALD K. HENRY
        CONSTANCE B. HENRY
        Plaintiffs
        By Counsel

| /s/ Christopher G. Hoge | /s/ Ronald K. Henry |
|---|---|
| Christopher G. Hoge #203257 | Ronald K. Henry #242941 |
| Co-Counsel for Plaintiffs | Co-Counsel for Plaintiffs |
| | |
| CROWLEY, HOGE & FEIN, P.C. | KAYE SCHOLER LLP |
| 1710 Rhode Island Avenue, N.W. | 901 15th Street, N.W. |
| 7th Floor | Washington, D.C. 20005 |
| Washington, D.C. 20036 | (202) 682-3590 |
| (202) 483-2900 | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing pleading was mailed by first class mail, postage prepaid, to Ward Onsa, Denise Onsa and Ward Onsa & Company, Defendants *pro se*, 910 Sycamore Court, Marco Island, FL 34145 by me this 15th day of June, 2007.

        /s/ Christopher G. Hoge
        Christopher G. Hoge