

SAUL
EWING
Attorneys at Law
A Delaware LLP

*Celebrating 85 years of service.*

Paul M. Heyiman
Phone: (202) 342-3422
Fax: (202) 295-6723
PHeyiman@saul.com
www.saul.com

October 24, 2006

**VIA FEDERAL EXPRESS**

Ward Onsa, Denise Onsa and
Ward Onsa & Company
910 Sycamore Court
Marco Island, FL 34145

RE:     Ronald Henry, et al. v. Ward Onsa, et al.

Dear Mr. and Mrs. Onsa:

In August, our office served Interrogatories, Document Requests and Requests for Admissions upon the Defendants in connection with the above matter. You requested and we granted an extension of time in which to respond.

Your responses to the Interrogatories and Requests for Admissions do not comply with the Federal Rules of Civil Procedure and your response to the Request for Documents consisted of a single sentence claiming that you have no documents other than documents already possessed by the Plaintiffs. This seems highly unlikely. For example, Document Request No. 4 requested documents related to contacts with the District of Columbia. Document Request No. 6 requested documents relating to the conduct of your business. Document Request No. 13 requested documents relating to licenses and registrations. Document Request No. 16 requested documents relating to tax returns. Document Request No. 17 requested documents relating to banking and other records. Document Request No. 23 requested documents relating to the REFCO and MAN accounts into which a portion of the Plaintiffs' capital was placed. These and all of the other requests were designed to lead to the discovery of admissible evidence in the pending litigation and you have an obligation to comply with these legitimate discovery requests.

The answers to the Interrogatories and Requests for Admissions are equally deficient. For example, your answer to Interrogatory No. 1 names Anthony Karambelas but does not identify who he is as required. All of the Interrogatory answers are similarly lacking in required detail. Similarly, your answer to 77 out of the 97 Requests for Admission consists of the single word "Denied". Even in the responses where you used more than one word, the responses do not

926741.1 10/24/06

**EXHIBIT**

**1**

October 24, 2006
Page 2

comply with the requirements of the Federal Rules of Civil Procedure. For example, in response to Request for Admission No. 8, you denied that Mrs. Onsa is the wife of Mr. Onsa but this fact was admitted during the telephonic status conference on July 7, 2006. We must insist on your compliance with the rules of the court.

To avoid any possible misunderstanding, I have provided a copy of Rules 33, 34 and 37 of the Federal Rules of Civil Procedure as an attachment to this letter.

I must urgently request your assurance of compliance with your discovery obligations. Because of the approaching deadline imposed by the Court, I will be forced to seek the Court's assistance in compelling discovery unless we are able to resolve all outstanding issues this week. Please contact me immediately.

Sincerely,

Paul Heylman

PH:bkm

Attachments

**CROWLEY, HOGE & FEIN, P.C.**
ATTORNEYS AT LAW
1710 RHODE ISLAND AVENUE, NW
SEVENTH FLOOR
WASHINGTON, D.C. 20036-3125
(202) 483-2900
FAX (202) 483-1365
WWW.CHF-LAW.COM

DANIEL H. CROWLEY (DC, MD)
CHRISTOPHER G. HOGE (DC, MD)
LESLIE G. FEIN (DC, MD)

4604 LANGDRUM LANE
CHEVY CHASE, MD 20815

May 1, 2007

Ward Onsa
Denise Onsa
Ward Onsa & Company
910 Sycamore Court
Marco Island, Florida 34145

Re: Henry v. Onsa, Civil Action 05-02406

Dear Mr. and Mrs. Onsa,

As you know, on April 6, 2007, Judge Kennedy held a hearing in the above- referenced matter. During the hearing, Judge Kennedy ordered the reopening of the period for discovery activities in this case up to and including July 1, 2007.

You have previously received notice that Plaintiffs viewed your original discovery responses as unacceptable. Most serious was the failure to provide any documents whatsoever in response to the First Set of Requests for Production of Documents. The responses to the First Set of Interrogatories and First Set of Requests for Admissions were also totally inadequate. Because the judge has reopened the Discovery period, it is not necessary to file a Motion to Compel more sufficient answers to the first discovery requests. Instead, we have enclosed a second set of discovery requests. The second set of discovery requests is highly similar to the first one because of the insufficient answers previously provided.

In our meeting immediately following the hearing with Judge Kennedy, Mr. Onsa represented that the Defendants would make a proper discovery response during the new discovery period and that Defendants would immediately proceed to assemble and ship documents on a voluntary basis prior to the receipt of these formal discovery requests. Obviously, some of the Plaintiffs' most important discovery requests relate to issues such as "What did you do with the money received from the Plaintiffs?", "Where is that money now?", and "Why should anyone believe that you are unable to pay your obligations to the Plaintiffs?". Any possibility of beginning settlement discussions in this matter obviously depends upon the receipt of credible information answering such basic questions as these.

**EXHIBIT**

**2**

Ward Onsa
Denise Onsa
May 1, 2007
Page 2

Rules 33, 34, and 36 of the Federal Rules of Civil Procedure and the associated local rules of the United States District for the District of Columbia establish the standards for proper responses to document requests, interrogatories, and requests for admissions. For your convenience, I have attached copies of these rules and I encourage you to make complete and proper responses in order to avoid the need for filing of Motions to Compel Discovery.

During our meeting, Ward Onsa also confirmed Defendants' knowledge of the MAN and REFCO accounts on which he served as the authorized trading representative. I note that Defendants have repeatedly denied knowledge of the MAN/REFCO account, for example, in the original answer. Such denials are clearly untrue and are known by you to be untrue (*e.g.* see attached Trading Authorization and signature page). I must warn you that any continuation of such falsehoods will compel us to seek the Court's entry of an order imposing sanctions.

Finally, I have attached a notice of depositions for the taking of the deposition of Mr. and Mrs. Onsa in early June. These depositions are scheduled to occur after the deadline for your discovery responses and will be held at my office in Washington, D.C.

Sincerely,

Christopher G. Hoge

Enclosures:
cc: Ron Henry, Esq.

# DISCRETIONARY TRADING AUTHORIZATION/
# POWER OF ATTORNEY

The undersigned hereby authorizes _WARD ONSA_ as the undersigned's agent and attorney-in-fact (the "Agent"), with full power and authority to enter into contracts for the purchase, receipt, sale (including short sale) and delivery of, whether directly or indirectly through investments in managed investment products or otherwise, commodity futures contracts, commodities, options on commodity futures contracts, physical commodities, including foreign futures and options, forward contracts, securities, equity, debt and related investments (collectively "Contracts") on margin or otherwise, in one or more accounts ("Account") with Man Financial Inc and its affiliates (the "Company").

In all such transactions, as well as management decisions relating to the Account, the Company is hereby authorized to follow the instructions of the Agent; the Agent is authorized to act on behalf of the undersigned in the same manner and with the same force and effect as the undersigned might or could with respect to such transactions, the making and taking of deliveries and with respect to all other things necessary or incidental to the furtherance and/or conduct of the Account.

The Company shall have no liability for following the instructions of the Agent, and the undersigned shall never attempt to hold the Company liable for the Agent's actions or inactions. The undersigned understands that the Company does not, by implication or otherwise, endorse the operating methods of such Agent. The undersigned hereby releases the Company from any and all liability to the undersigned or to anyone claiming through the undersigned with respect to damage, losses or lost profits sustained or alleged to have been sustained as a result of the Company following the Agent's instructions or for any matter arising out of the relationship between the Agent and the undersigned and shall indemnify the Company from any and all losses, damages, liabilities and expenses, of any kind or nature whatsoever, arising therefrom. The undersigned agrees to hold the Company harmless and to indemnify it as to any expense, damage or liability sustained by it with respect to any and all acts and practices of the Agent and attorney-in-fact regarding this account, including all losses arising therefrom and debit balance(s) due thereof.

This authorization is a continuing one and shall remain in full force and effect until revoked by the undersigned, or an authorized person on his behalf, by written notice given to the Company, Attention: Director of Compliance. Such revocation shall become effective only upon the actual receipt thereof by the Company but shall not affect any liability in any way resulting from transactions initiated prior to its receipt. This authorization shall inure to the benefit of the Company, its successors and assigns. The provisions hereof shall be in addition to and in no way shall it limit or restrict any right which the Company may have under any agreement with the undersigned.

In addition, the Company is further authorized and directed to deduct from the undersigned's account and pay the Agent the amount of all management fees, incentive fees, advisory fees and/or brokerage commissions to be paid to the Agent upon the Company's receipt of invoices from the Agent. The undersigned understands that the Agent is solely responsible for the calculation of such fees and commissions and that the Company has no responsibility or obligation to determine or verify the amount or accuracy of such fees and commissions. In addition, the undersigned acknowledges that it is responsible for the administrative give-up fees incurred in connection with the execution of orders by various independent floor brokers or executing brokers engaged by the Agent and the undersigned authorizes the Company to deduct such fees from the undersigned's account and pay such fees to the appropriate floor brokers or executing brokers upon receipt of their invoices. The undersigned hereby agrees to indemnify and hold harmless the Company and its affiliates and employees from any loss, damage or dispute arising out of or relating to the calculation and payment of such fees and commissions.

All statements, notices, correspondence and the like generated in this account shall be sent or given to the Agent at the address shown for this account and to the undersigned at the address indicated in the Customer's Account documents, or to such other person or address as the undersigned may hereafter designate in writing.

The undersigned represents that the undersigned has been provided with a disclosure document concerning the Agent's advice (if the delivery of such document is required by law), including any options trading advice or strategies, which the undersigned has read and understood, or the Agent has furnished to the undersigned a written statement, receipt of which the undersigned acknowledges, and which the undersigned has read and understands and a copy of which has been furnished to the Company, explaining the Agent's exemption from registration and disclosure document requirements of the United States Commodity Futures Trading Commission and National Futures Association.

The undersigned understands that there are many strategies that can be used in trading options, some of which have unlimited risk of loss and could result in the undersigned sustaining a total loss of all funds in the account and that the undersigned is liable for any deficit in the account resulting therefrom. Customer acknowledges that Customer has discussed with the Company and the Agent the nature and risks of the strategy to be used in connection with options to be traded for the undersigned's account.

Each of the undersigned hereby agrees to the terms and conditions as set forth in this Discretionary Trading Authorization.

Signature: _____    Date: _10/5/01_

Signature: _____    Date: _____

Signature: _____    Date: _____

Signature: _____    Date: _____

REV. 1/01                                          19

# LETTER OF AUTOMATIC TERMINATION

In the event my account(s) with Man Financial Inc are closed for any reason, Man Financial Inc is authorized to consider this my letter of revocation of the limited power of attorney required by the rules of the various contract markets.

Each of the undersigned hereby agrees to the terms and conditions as set forth in this Letter of Automatic Termination.

Signature: _____    Date: _10/15/01_

Signature: _____    Date: _____

Signature: _____    Date: _____

Signature: _____    Date: _____

# ADVISOR'S AGREEMENT
## THIRD PARTY LETTER NFA RULE 2-8(E)

The undersigned ("Advisor"), named in the foregoing Discretionary Trading Authorization/Power of Attorney, has read the Customer Agreement between Man Financial Inc and _RONALD K. HENRY_ as Customer and agrees to abide by all the terms and conditions set forth therein and further agrees to comply with all applicable laws, rules and regulations.

**Please check the applicable statement:** Advisor ❏ has ❏ has not furnished Customer with a disclosure document in accordance with applicable rules and regulations of the Commodity Futures Trading Commission and the National Futures Association. If Advisor has provided Customer with a disclosure document, a copy of it must be furnished to Man Financial Inc  If a disclosure document has not been furnished to Customer, please indicate below the reasons why .

**_X_**  a)  I have provided advice to 15 or fewer persons during the past 12 months and do not hold myself out generally to the public as a CTA.

____  b)  I am a (1) dealer, processor, broker, or seller in cash market transactions or (2) nonprofit, voluntary membership, trade association, or farm organization, who provides advice on the sale or purchase of commodities, and any trading advice is solely incidental to the conduct of my business.

____  c)  I am registered as an associated person and my advice is issued solely in connection with my employment as an associated person.

____  d)  I am a relative of the account holder.  My relationship to the account holder is _____.

____  e)  I (We) am (are) a foreign-based entity, located outside the United States, and I (we) only solicit non-U.S. persons.

____  f)  I am operating under a 4.7 exemption.

If Advisor is a corporation, partnership or other type of association, attached is a list of all individuals of such corporation, partnership or association who may exercise discretion over the Account: _____

Advisor's Signature _Wahid Omar_    Date _10-15-01_    Social Security # _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_

Street Address  _6 REMINGTON PLACE_

City _IVYLAND_    State _PA_    Zip _18974_    Phone Number _215-322-9166_

Current Employer _Investor (Stocks_    Title

_φ Real Estate)_

and errors of any kind which might be obviated, removed, or cured if promptly presented, are waived unless seasonable objection thereto is made at the taking of the deposition.

(C) Objections to the form of written questions submitted under Rule 31 are waived unless served in writing upon the party propounding them within the time allowed for serving the succeeding cross or other questions and within 5 days after service of the last questions authorized.

(4) *As to Completion and Return of Deposition.* Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, indorsed, transmitted, filed, or otherwise dealt with by the officer under Rules 30 and 31 are waived unless a motion to suppress the deposition or some part thereof is made with reasonable promptness after such defect is, or with due diligence might have been, ascertained.

[Amended March 30, 1970, effective July 1, 1970; November 20, 1972, effective July 1, 1975; April 29, 1980, effective August 1, 1980; March 2, 1987, effective August 1, 1987; April 22, 1993, effective December 1, 1993.]

## RULE 33.  INTERROGATORIES TO PARTIES

—(a) Availability.—Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party.  Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2).  Without leave of court or written stipulation, interrogatories may not be served before the time specified in Rule 26(d).

(b) **Answers and Objections.**

(1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

(2) The answers are to be signed by the person making them, and the objections signed by the attorney making them.

(3) The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories.  A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29.

(4) All grounds for an objection to an interrogatory shall be stated with specificity.  Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

(5) The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.

(c) **Scope; Use at Trial.**  Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1), and the answers may be used to the extent permitted by the rules of evidence.

An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.

(d) **Option to Produce Business Records.**  Where the answer to an interrogatory may be derived or ascertained from the business records, including electronically stored information, of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts, or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

[Amended December 27, 1946, effective March 19, 1948; March 30, 1970, effective July 1, 1970; April 29, 1980, effective August 1, 1980; April 22, 1993, effective December 1, 1993; April 12, 2006, effective December 1, 2006.]

## RULE 34.  PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS AND ENTRY UPON LAND FOR INSPECTION AND OTHER PURPOSES

(a) **Scope.**  Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect, copy, test, or sample any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained—translated, if necessary,

by the respondent into reasonably usable form, or to inspect, copy, test, or sample any designated tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

(b) **Procedure.** The request shall set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts. The request may specify the form or forms in which electronically stored information is to be produced. Without leave of court or written stipulation, a request may not be served before the time specified in Rule 26(d).

The party upon whom the request is served shall serve a written response within 30 days after the service of the request. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, including an objection to the requested form or forms for producing electronically stored information, stating the reasons for the objection. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. If objection is made to the requested form or forms for producing electronically stored information—or if no form was specified in the request—the responding party must state the form or forms it intends to use. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

Unless the parties otherwise agree, or the court otherwise orders:

(i) a party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request;

(ii) if a request does not specify the form or forms for producing electronically stored information, a responding party must produce the information in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable; and

(iii) a party need not produce the same electronically stored information in more than one form.

(c) **Persons Not Parties.** A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45.

[Amended December 27, 1946, effective March 19, 1948; March 30, 1970, effective July 1, 1970; April 29, 1980, effective August 1, 1980; March 2, 1987, effective August 1, 1987; April 30, 1991, effective December 1, 1991; April 22, 1993, effective December 1, 1993; April 12, 2006, effective December 1, 2006.]

## RULE 35. PHYSICAL AND MENTAL EXAMINATIONS OF PERSONS

(a) **Order for Examination.** When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

(b) **Report of Examiner.**

(1) If requested by the party against whom an order is made under Rule 35(a) or the person examined, the party causing the examination to be made shall deliver to the requesting party a copy of the detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnoses and conclusions, together with like reports of all earlier examinations of the same condition. After delivery the party causing the examination shall be entitled upon request to receive from the party against whom the order is made a like report of any examination, previously or thereafter made, of the same condition, unless, in the case of a report of examination of a person not a party, the party shows that the party is unable to obtain it. The court on motion may make an order against a party requiring delivery of a report on such terms as are just, and if an examiner fails or refuses to make a report the court may exclude the examiner's testimony if offered at trial.

(2) By requesting and obtaining a report of the examination so ordered or by taking the deposition of the examiner, the party examined waives any privilege the party may have in that action or any other involving the same controversy, regarding the testimony of every other person who has examined or may thereafter examine the party in respect of the same mental or physical condition.

(3) This subdivision applies to examinations made by agreement of the parties, unless the agreement expressly provides otherwise. This subdivision does not preclude discovery of a report of an examiner or the taking of a deposition of the examiner in accordance with the provisions of any other rule.

[Amended March 30, 1970, effective July 1, 1970; March 2, 1987, effective August 1, 1987; amended by Pub.L. 100–690, Title VII, § 7047(b), November 18, 1988, 102 Stat. 4401; amended April 30, 1991, effective December 1, 1991.]

## RULE 36.  REQUESTS FOR ADMISSION

(a) **Request for Admission.** A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. Without leave of court or written stipulation, requests for admission may not be served before the time specified in Rule 26(d).

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

(b) **Effect of Admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.

[Amended December 27, 1946, effective March 19, 1948; March 30, 1970, effective July 1, 1970; March 2, 1987, effective August 1, 1987; April 22, 1993, effective December 1, 1993.]

## RULE 37.  FAILURE TO MAKE DISCLOSURE OR COOPERATE IN DISCOVERY; SANCTIONS

(a) **Motion for Order Compelling Disclosure or Discovery.** A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:

(1) *Appropriate Court.* An application for an order to a party shall be made to the court in which the action is pending. An application for an order to a person who is not a party shall be made to the court in the district where the discovery is being, or is to be, taken.

(2) *Motion.*

(A) If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

(B) If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RONALD K. HENRY, *et ux.,* | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) Civil Action 05-02406 (HHK) | |
| | ) | |
| WARD ONSA, *et al.,* | ) | |
| | ) | |
| Defendants | ) | |

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on May 1, 2007, I served on all counsel or pro se parties

hereto, by Federal Express, copies of the following discovery materials:

1) Plaintiffs' Second Set of Interrogatories to Defendants.

2) Plaintiffs' Second Request for Production of Documents to Defendants.

3) Plaintiffs' Second Request for Admissions to Defendants.

4) Plaintiffs' Notice of Depositions of Ward Onsa and Denise Onsa.

I further certify that I will retain the originals of these discovery documents in my

possession, without alteration, until the case is concluded in this Court, the time for noting an

appeal has expired, and any appeal noted has been finally decided.

Respectfully submitted,

RONALD K. HENRY
CONSTANCE B. HENRY
Plaintiffs
By Counsel

CROWLEY, HOGE & FEIN, P.C.

By: _____
        Christopher G. Hoge #203257

Counsel for Defendant/Counter-Plaintiff
1710 Rhode Island Avenue, N.W.
7th Floor
Washington, D.C.  20036
202-483-2900

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true copies of the foregoing Certificate Regarding Discovery

and all discovery materials described therein were sent by Federal Express to Ward Onsa and

Denise Onsa, Defendants *pro se*, 910 Sycamore Court, Marco Island, FL 34145 by me this 1st

day of May, 2007.

_____
Christopher G. Hoge

cgh/z/wpd/civ
rhenrycrd.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD K. HENRY, *et ux.*,           )
                                     )
                Plaintiffs           )
                                     )
        v.                           )
                                     ) Civil Action 05-02406 (HHK)
WARD ONSA, *et al.*,                 )
                                     )
                Defendants           )
                                     )

## PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Ronald K. Henry and Constance B. Henry ("Plaintiffs") serve their Second Set of Requests for Production of Documents upon Defendants Ward Onsa, Ward Onsa & Company and Denise Onsa ("Defendants"). Documents and/or other materials responsive to the following Requests for Production shall be served within 30 days upon Christopher G. Hoge at Crowley, Hoge & Fein P.C., 1710 Rhode Island Ave., N.W., Seventh Floor, Washington, D.C. 20036.

**EXHIBIT**

**3**

## DEFINITIONS

1.  "You," "your," or "Defendants" shall mean and include Ward Onsa, Ward Onsa & Company and Denise Onsa, both individually and collectively and shall include any person, entity, fictional name or alias directly or indirectly used by or under the control of any of the named Defendants including attorneys, agents and representatives of any Defendant and including bankers and brokers.

2.  "And" and "or" shall be interpreted as conjunctive, disjunctive, or both, depending on context, so that the fullest disclosure of information is achieved.

3.  "Document" shall have its customary broad meaning and shall include all items identified in Rule 34 of the Federal Rules of Civil Procedure as well as, without limitation, all electronic databases and data therein, all electronic messages or communications, all electronic word-processing documents, all originals, copies and drafts of all written, typewritten, recorded, transcribed, printed, taped, transmitted, photographic or graphic matter, however produced or reproduced, whether sent or received, or neither, including, but not limited to, all account statements, transaction records, books, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, manuals, periodicals, letters, memoranda, files, envelopes, notices, instructions, reports, financial reports, records, studies, transcripts, diaries (formal or informal), audited and unaudited financial statements, checks (cancelled or otherwise), check stubs, receipts, working papers, questionnaires, notes, notations, charts, lists, comparisons, telegrams, cables, telex messages, communications, minutes, transcriptions, correspondence, agreements, graphs, tabulations, analyses, evaluations, projections, opinions or reports of consultants, statements, summaries, desk calendars, appointment books, telephone logs,

telephone bills, surveys, indices, and tapes within your possession, custody or control. Different versions of the same documents, including, but not limited to, drafts or documents with handwritten notations or marks not found in the original or on other copies are different documents and shall be produced.

4.      "Person" or "persons" means any natural person, corporation, partnership, association, organization, proprietorship, trust, state, governmental agency, commission, bureau, department or any other body or entity.

5.      "Communication" means all oral conversations, discussions, telephone conferences, letters, memoranda, telegrams, electronic mail, and any other transmission of information in any form whether oral, written or electronic.

6.      "Referring," "relating to" or "relate to" shall mean, without limitation, constituting, discussing, indicating, showing, concerning, evidencing, describing, mentioning, containing, embodying, reflecting, identifying, incorporating dealing with or pertaining to in any way.

7.      "Identify" means:

        a.      When referring to a communication you must (1) state the date, place, and circumstances of the communication; (2) identify each party to the communication and each person who was present when it was made; (3) state the substance of the communication in detail; and (4) identify each document that memorializes or summarizes the communication.

        b.      When used with respect to a document you must state (1) the nature of the document (e.g., letter, e-mail, memorandum, notes); (2) the date, if any, appearing thereon; (3) the date, if known, on which the document was prepared; (4) the title

of the document, the general subject matter of the document; (5) the number of pages comprising the document; (6) the identity of each person who wrote, dictated, or otherwise participated in the preparation of the document; (7) the identity of each person who signed or initiated the document; (8) the identity of each person to whom the document was addressed; (9) the identity of each person who received the document or reviewed it; (10) the location of the document; and (11) the identity of each person having possession, custody, or control of the document.

c.       When used with respect to a person, you must state (1) his or her full name; (2) his or her most recent known home address and telephone number; (3) his or her present title and position; and (4) his or her present and prior connections or associations with any participant or party to this proceeding.

4

## INSTRUCTIONS

A.    The singular shall include the plural and the plural shall include the singular.  A masculine, feminine, or neuter pronoun shall not exclude the other genders.

B.    All objections or answers to these requests which refuse to fully respond to any document request on any ground, including any claim of privilege of any kind shall:

1.    state the nature of the objection or claim of privilege;

2.    state all facts relied upon in support of the objection or claim of privilege or related thereto;

3.    identify all documents related to the objection or claim of privilege;

4.    identify all persons having knowledge of any facts related to the objection or claim of privilege; and

5.    provide a description of each document withheld sufficient to validate the objection or privilege claimed, including the date of each document, its author and all recipients.

C.    If you object to, or otherwise decline to respond to any portion of a document request, you must provide all documents or portions of documents called for by any portion of the request to which you do not object.

D.    If any responsive document and/or other materials are withheld based on a claim of privilege, you must provide a schedule of the items withheld which states individually as to each such item the type, title, specific subject matter, and date of the item; the names, addresses, positions, and organizations of all authors and recipients of the items; and the specific grounds

5

for claiming that the item is privileged.

E.    If any information or documents requested herein are no longer available, you must explain why the information or document is no longer available and identify any persons who would have knowledge of such information.

F.    You are requested to produce the documents as they exist in your possession and/or kept in the usual course of business or organize and label them in a manner that corresponds with the requests below.

G.    These requests shall be deemed continuing.  You are required to supplement your responses and production of documents as the existence of additional information or documents becomes known to you or your counsel.  You are also required to correct any response if you learn that it is incorrect, incomplete, or inaccurate.

**REQUESTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the following documents generated or received from 1992 through the date of your response to these requests are to be produced:

1.    All documents that you identify or identified in response to Plaintiff's Second Set of Interrogatories.

2.    All documents referring or relating to any matter alleged in the complaint filed by Plaintiffs in this action.

6

3.    All documents referring or relating to any matter alleged or admitted in the Answer or the Amended Answer filed by Defendants in this action;

4.    All documents referring or relating to any contacts since 1992 with the District of Columbia by any of the Defendants including, but not limited to, visits to or presence in the District of Columbia, telephone conversations with persons in the District of Columbia, correspondence by United States Mail or otherwise with persons in the District of Columbia, conduct of business with or through institutions located in the District of Columbia, conduct of business in any form in the District of Columbia, or any other contacts with the District of Columbia.

5.    All documents referring or relating to contacts between any of the Defendants and any of the Plaintiffs including, but not limited to, meetings in any location, telephone conversations, correspondence by United States Mail or otherwise, receipt of funds from Plaintiffs, transmission of funds to Plaintiffs, transmission of account statements to Plaintiffs, transmission of annual reports to Plaintiffs, transmission of any other materials to Plaintiffs, or any other contacts with any of the Plaintiffs in person or by any other means including telephonic, mail, or electronic contacts.

7

6.    All documents referring or relating to the business conducted by Ward Onsa, Denise Onsa, or Ward Onsa & Company including, but not limited to, contracts, correspondence, bank or brokerage records, licenses or registrations, financial records and tax records and tax returns.

7.    All documents referring or relating to any amounts of money received by any of the Defendants from any of the Plaintiffs.

8.    All documents referring or relating to the amounts of money owed by any of the Defendants to any of the Plaintiffs.

9.    All documents referring or relating to any amounts of money paid by any of the Defendants to any of the Plaintiffs.

10.    All documents referring or relating to any promise, representation, assertion, commitment, or agreement to repay funds provided by any of the Plaintiffs to any of the Defendants.

8

11.     All documents referring or relating to any promise, representation, assertion, commitment, or agreement to pay over to any of the Plaintiffs any profits, gains, capital value increase, or other amounts resulting from Plaintiffs' investment of funds with any of the Defendants.

12.     All documents referring or relating to any calculation, memorialization, or representation of the amounts owed by any of the Defendants to any of the Plaintiffs at any point in time.

13.     All documents referring or relating to broker or security dealer licenses, registrations, qualifications or approvals and any other documents referring or relating to the authorization of any of the Defendants to participate in any of the transactions alleged in the Complaint.

14.     All documents referring or relating to any criminal, civil or disciplinary actions instituted by any person or organization against any of the Defendants in connection with the

9

provision of any financial services including, but not limited to, transactions of the type described in the Complaint.

16. All documents referring or relating to any litigation between any of the Defendants and any other person or entity including, but not limited to, litigations commenced by Bruce Promer, Eric Friedlander, Stephan F. Wahl or any other person or entity.

16. All documents referring or relating to any tax returns, tax assessments, tax-related penalties or other tax obligations of any of the Defendants.

17. All documents referring or relating to banking records, stock or securities transactions, deposits or investments by any of the Defendants, including, but not limited to, documents referring or relating to transactions outside of the United States. You are reminded that all requests for documents include documents in the names of any of the three Defendants or in any other name directly or indirectly used by or controlled by any of the Defendants.

10

18. All documents referring or relating to the existence or non-existence of the Court's jurisdiction over the subject matter of the complaint or over the personal jurisdiction of any of the defendants.

19. All documents referring or relating to the truth or untruth of the statement in Defendants' answer that "$990,000 was returned by Defendant to Plaintiff at Plaintiff's request".

20. All documents referring or relating to the truth or untruth of the statement in Defendants' answer that "in the aftermath of 9/11, the Plaintiff was notified that he could no longer expect or receive a 25% return and he immediately requested his money back."

21. All documents referring or relating to the truth or untruth of the statement in Defendants' answer that "Defendant explained to Plaintiff that he would return his principal $1.3 million but none of the profit if Plaintiff wished to discontinue his investment."

22. All documents referring or relating to the truth or untruth of the statement in Defendants' answer that "Plaintiff was so informed and received $990,000 of his principal back for the two accounts."

11

23.    All documents referring or relating to any financial accounts at Refco, including but not limited to Account Number F135-8722, or at Mann Financial, Inc., including but not limited to Account Number E-264-2640099361.

24.    All documents referring or relating to any ownership of or other interest in any asset by any of the defendants including, but not limited to, securities, financial instruments, tangible or intangible personal property, or real estate including but not limited to 6 Remington Place, Ivyland, Pennsylvania, 18974, and 910 Sycamore Court, Marco Island, Florida, 35145.

25.    All documents referring or relating to Ronald K. Henry or Constance B. Henry.

26.    All documents referring or relating to any of the investments or other uses of the funds provided to any of the defendants by Ronald K. Henry or Constance B. Henry.

27.    Copies of all documents filed in any court in any action against any of the defendants.

28.    Copies of all correspondence to or from, and all documents referring or relating to, any other person who invested money with or through any of the defendants.

12

29.     All documents referring or relating to the claim in Defendants' Amended Answer that "with absolutely no obligation to do so, Defendants paid back $990,000 of the $1.3 million investment in an attempt to make Plaintiffs whole."

30.     All documents referring or relating to the claims in Defendants' Amended Answer that "Defendant Ward Onsa was a professional investment trader with a successful track record in managing investment portfolios; Defendants activities did not consistently increase investments at an annual rate substantially in excess of 25%; Plaintiffs were not protected against loss by Defendants' personal guarantee of payment of all invested capital and all of the promised capital value increase; Defendants did not at any time guarantee Plaintiffs' investments."

31.     All documents referring or relating to the claims in Defendants' Amended Answer that "Defendants did have a successful track record of managing investment portfolios; 25% was the anticipated return on investments which were realized over a period of years and were paid to investors in gains from these activities; investments and capital increases on same had never been used solely to enrich defendants and in fact Defendants are now financially destitute."

32.     All documents referring or relating to the claims in the Defendants' Amended Answer that "Defendants had experience New York Financial Institution and never used this background as a sham or ruse designed to induce Plaintiffs to invest and Defendants never were enriched by these activities."

13

33.    All documents referring or relating to the claim in Defendants' Amended Answer that "Plaintiffs never received a guarantee of all invested capital and/or all the promised capital increase."

34.    All documents referring or relating to the claim in Defendants' Amended Answer that "No statement or representations were made to Plaintiffs with regard to absorbing the risks of market fluctuations and paying 25% annual capital value regardless of the actual value of the underlying investments,"

35.    All documents referring or relating to the claims in Defendants' Amended Answer that "Defendant Denise Onsa did not participate in the schemes alleged in the Complaint as filed and did not write frequently to Plaintiffs to provide assurances that Plaintiffs' investment and accumulated capital value were protected."

Respectfully submitted,

RONALD K. HENRY
CONSTANCE B. HENRY
Plaintiffs
By Counsel

14

CROWLEY, HOGE & FEIN, P.C.

By: _____
     Christopher G. Hoge #203257

Attorneys for Plaintiffs
1710 Rhode Island Avenue, N.W.
7th Floor
Washington, D.C.  20036
(202) 483-2900

15

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD K. HENRY, *et ux.*,      )
                                )
             Plaintiffs      )
                                )
      v.                        )
                                ) Civil Action 05-02406 (HHK)
WARD ONSA, *et al.*,            )
                                )
                                )
             Defendants      )

## PLAINTIFFS' SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Ronald K. Henry and Constance B. Henry ("Plaintiffs") serve their Second Set of Interrogatories upon Defendants Ward Onsa, Ward Onsa & Company and Denise Onsa ("Defendants"). Responses to the following Interrogatories shall be served within 30 days upon Christopher G. Hoge at Crowley, Hoge & Fein P.C., 1710 Rhode Island Ave., N.W., Seventh Floor, Washington, D.C. 20036.

**EXHIBIT**

**4**

## DEFINITIONS

1.    "You," "your," or "Defendants" shall mean and include Ward Onsa, Ward Onsa & Company and Denise Onsa, both individually and collectively, and shall include any person, entity, fictional name or alias directly or indirectly used by or under the control of any of the named Defendants including attorneys, agents and representatives of any Defendant and including bankers and brokers.

2.    "And" and "or" shall be interpreted as conjunctive, disjunctive, or both, depending on context, so that the fullest disclosure of information is achieved.

3.    "Document" shall have its customary broad meaning and shall include all items identified in Rule 34 of the Federal Rules of Civil Procedure as well as, without limitation, all electronic databases and data therein, all electronic messages or communications, all electronic word-processing documents, all originals, copies and drafts of all written, typewritten, recorded, transcribed, printed, taped, transmitted, photographic or graphic matter, however produced or reproduced, whether sent or received, or neither, including, but not limited to, all account statements, transaction records, books, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, manuals, periodicals, letters, memoranda, files, envelopes, notices, instructions, reports, financial reports, records, studies, transcripts, diaries (formal or informal), audited and unaudited financial statements, checks (cancelled or otherwise), check stubs, receipts, working papers, questionnaires, notes, notations, charts, lists, comparisons, telegrams, cables, telex messages, communications, minutes, transcriptions, correspondence, agreements, graphs, tabulations, analyses, evaluations, projections, opinions or reports of consultants, statements, summaries, desk calendars, appointment books, telephone logs,

2

telephone bills, surveys, indices, and tapes within your possession, custody or control. Different versions of the same documents, including, but not limited to, drafts or documents with handwritten notations or marks not found in the original or on other copies are different documents and shall be produced.

4.      "Person" or "persons" means any natural person, corporation, partnership, association, organization, proprietorship, trust, state, governmental agency, commission, bureau, department or any other body or entity.

5.      "Communication" means all oral conversations, discussions, telephone conferences, letters, memoranda, telegrams, electronic mail, and any other transmission of information in any form whether oral, written or electronic.

6.      "Referring," "relating to" or "relate to" shall mean, without limitation, constituting, discussing, indicating, showing, concerning, evidencing, describing, mentioning, containing, embodying, reflecting, identifying, incorporating dealing with or pertaining to in any way.

7.      "Identify" means:

a.      When referring to a communication you must (1) state the date, place, and circumstances of the communication; (2) identify each party to the communication and each person who was present when it was made; (3) state the substance of the communication in detail; and (4) identify each document that memorializes or summarizes the communication.

b.      When used with respect to a document you must state (1) the nature of the document (e.g., letter, e-mail, memorandum, notes); (2) the date, if any, appearing thereon; (3) the date, if known, on which the document was prepared; (4) the title

3

of the document, the general subject matter of the document; (5) the number of pages comprising the document; (6) the identity of each person who wrote, dictated, or otherwise participated in the preparation of the document; (7) the identity of each person who signed or initiated the document; (8) the identity of each person to whom the document was addressed; (9) the identity of each person who received the document or reviewed it; (10) the location of the document; and (11) the identity of each person having possession, custody, or control of the document.

c.     When used with respect to a person, you must state (1) his or her full name; (2) his or her most recent known home address and telephone number; (3) his or her present title and position; and (4) his or her present and prior connections or associations with any participant or party to this proceeding.

## INSTRUCTIONS

A.    The singular shall include the plural and the plural shall include the singular. A masculine, feminine, or neuter pronoun shall not exclude the other genders.

B.    Each interrogatory must be answered separately and fully in writing under oath, unless it is objected to, in which event you must state the reasons for the objection and answer the remainder of the interrogatory to which no valid objection is made.

C.    Your answers must be signed by one of the defendants.

D.    Your answers must be filed within thirty days after your receipt of these interrogatories.

E.    Any grounds for an objection to an interrogatory must be stated with specificity. Any ground for objection that is not stated in a timely manner is waived unless the failure is excused by the court for good cause shown.

F.    All objections or answers to these interrogatories which refuse to fully respond to any interrogatories on any ground, including any claim of privilege of any kind shall:

    1.    state the nature of the objection or claim of privilege;

    2.    state all facts relied upon in support of the objection or claim of privilege or related thereto;

    3.    identify all documents related to the objection or claim of privilege;

    4.    identify all persons having knowledge of any facts related to the objection or claim of privilege; and

    5.    provide a description of the information withheld sufficient to

5.

validate the objection or privilege claimed, including the date of each document containing such information, its author and all recipients.

G.   If you object to, or otherwise decline to respond to any portion of an interrogatory, you must provide all information called for by any portion of the interrogatory to which you do not object.

H.   If any answer or information is withheld based on a claim of privilege, you must provide a schedule of the items or information withheld which states individually as to each such item or information the type, title, specific subject matter, and date of the item or information; the names, addresses, positions, and organizations of all authors and recipients of the items or information; and the specific grounds for claiming that the answer or information is privileged.

I.   If any answer or information requested herein is no longer available, you must explain why the answer or information is no longer available and identify any persons who would have knowledge of such answer or information.

J.   These interrogatories shall be deemed continuing.  You are required to supplement your responses as the existence of additional information or documents becomes known to you or your counsel.  You are also required to correct any response if you learn that it is incorrect, incomplete, or inaccurate.

## INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, please provide answers to the following interrogatories for the period 1992 through the present:

1.   Identify all persons who participated in or provided information for the preparation of your answers to these interrogatories.

6

2.      Identify and describe all contacts with the District of Columbia since 1992 including, but not limited to, visits to or presence in the District of Columbia, telephone conversations with persons in the District of Columbia, correspondence by United States mail or otherwise with persons in the District of Columbia, conduct of business with or through institutions located in the District of Columbia, conduct of business in any form in the District of Columbia, and any other contacts with the District of Columbia.

3.      Identify and describe all contacts between any of the Defendants and any of the Plaintiffs including, but not limited to, meetings in any location, telephone conversations, correspondence by United States Mail or otherwise, receipt of funds from Plaintiffs, transmission of funds to Plaintiffs, transmission of account statements to Plaintiffs, transmission of annual reports to Plaintiffs, transmission of any other materials to Plaintiffs, or any other contacts with any of the Plaintiffs in person or by any other means including telephonic, mail, or electronic contacts.

4.     Identify and describe the nature of the business conducted by Ward Onsa, Denise Onsa, or Ward Onsa & Company including, but not limited to contracts, banking or brokerage relationships, financial transactions, licenses or registrations, and tax filings or payments.

5.     Identify and describe all amounts of money received by any of the Defendants from any of the Plaintiffs.

6.     Identify and describe the amounts of money owed by any of the Defendants to any of the Plaintiffs.

8

7.    Identify and describe any amounts of money paid by any of the Defendants to any of the Plaintiffs.

8.    Identify and describe any promise, representation, assertion, commitment, or agreement to repay funds provided by any of the Plaintiffs to any of the Defendants.

9.    Identify and describe any promise, representation, assertion, commitment, or agreement to pay over to any of the Plaintiffs any profits, gains, capital value increase, or other amounts resulting from Plaintiffs' investment of funds with any of the Defendants.

10.    Identify and describe any calculation, memorialization, or representation of the amounts owed by any of the Defendants to any of the Plaintiffs at any point in time.

9

11.    Identify and describe any broker or security dealer licenses, registrations, qualifications or approvals and any other documents referring or relating to the authorization of any of the Defendants to participate in any of the transactions alleged in the Complaint.

12.    Identify and describe any criminal, civil or disciplinary actions instituted by any person or organization against any of the Defendants in connection with the provision of any financial services including, but not limited to, transactions of the type described in the Complaint.

13.    Identify and describe any litigation between any of the Defendants and any other person or entity including, but not limited to, litigations commenced by Bruce Pomper, Eric Friedlander, Stephan F. Wahl or any other person or entity.

10

14.    Identify and describe any tax returns, tax assessments, tax-related penalties or other tax obligations of any of the Defendants.

15.    Identify and describe any banking records, stock or securities transactions, deposits or investments by any of the Defendants since November, 1993, including, but not limited to, transactions outside of the United States.  You are reminded that all interrogatories include the request for information in the names of any of the three Defendants or in any other name directly or indirectly used by or controlled by any of the Defendants.

16.    Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "this court lacks jurisdiction, both over the subject matter and personal jurisdiction over the Defendants."

11

17.     Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "$990,000 was returned by Defendant to Plaintiff at Plaintiff's request.

18.     Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "in the aftermath of 9/11, the Plaintiff was notified that he could no longer expect or receive a 25% return and he immediately requested his money back."

19.     Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "Defendant explained to Plaintiff that he

12

would return his principal $1.3 million but none of the profit if Plaintiff wished to discontinue his investment."

20.     Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "Plaintiff was so informed and received $990,000 of his principal back for the two accounts."

21.     Identify and describe all facts and documents referring or relating to Refco Account Number F135-48722 or Mann Financial, Inc. Account Number E-264-2640099361.

22.     Identify and describe all facts and documents referring or relating to the ownership of or other interest in any asset by any of the defendants including, but not limited to, securities, financial instruments, tangible or intangible personal property, or real estate including

13

but not limited to 6 Remington Place, Ivyland, Pennsylvania, 18974, and 910 Sycamore Court, Marco Island, Florida, 35145.

24.    Explain and describe all investments or other uses of the funds provided to any of the defendants by Ronald K. Henry or Constance B. Henry.

25.    Explain and describe all litigations or demands for payment made against any of the defendants by or on behalf of any person who invested money with or through any of the defendants.

Respectfully submitted,

RONALD K. HENRY
CONSTANCE B. HENRY
Plaintiffs
By Counsel

CROWLEY, HOGE & FEIN, P.C.

By: _____
Christopher G. Hoge #203257

Attorneys for Plaintiffs
1710 Rhode Island Avenue, N.W.
7th Floor
Washington, D.C.  20036
(202) 483-2900

15