UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD K. HENRY, *et ux.,*   )
          )
    Plaintiffs   )
          )
  v.       ) Civil Action 05-02406 (HHK)
          )
WARD ONSA, *et al.,*    )
          )
    Defendants  )

## PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiffs Ronald K. Henry and Constance B. Henry ("Plaintiffs") serve their Second Set of Requests for Admissions upon Defendants Ward Onsa, Ward Onsa & Company and Denise Onsa ("Defendants"). Answers to the following Requests for Admissions shall be served within 30 days upon Christopher G. Hoge at Crowley, Hoge & Fein P.C., 1710 Rhode Island Ave., N.W., Seventh Floor, Washington, D.C. 20036.

**EXHIBIT**

**5**

## INSTRUCTIONS

1. Your answers to these requests for admissions must be signed by each of the defendants or by their attorneys.

2. If an objection is made, the reasons for the objection must be stated.

3. The answer to each request for admission must specifically admit or deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial must fairly meet the substance of the requested admission and, when good faith requires that a party qualify an answer or deny only part of the matter to which an admission is requested, the party shall specify so much of it as is true and qualify or deny only the remainder.

4. Your response may not give lack of information or knowledge as a failure to admit or deny unless you have made reasonable inquiry and that the information known to or readily obtainable by you is insufficient to admit or deny.

5. All objections or answers to these requests which refuse to fully respond to any request for admission on any ground, including any claim of privilege of any kind shall:

   a. state the nature of the objection or claim of privilege;

   b. state all facts relied upon in support of the objection or claim of privilege or related thereto;

   c. identify all documents related to the objection or claim of privilege; and

   d. Identify all persons having knowledge of any facts related to the objection or claim of privilege.

   e. These requests shall be deemed continuing. You are required to supplement your responses as the existence of additional information or documents becomes

known to you or your counsel. You are also required to correct any response if you learn that it is incorrect, incomplete, or inaccurate.

## REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure,

1.     Admit that this claim arises under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Section 209(d) of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-6(1), and S.E.C. Rule 10b-5, 17 C.F.R. § 240.10b-5, District of Columbia Code §28-3901 et. seq., and common law claims and that this Court therefore has jurisdiction pursuant to Section 22 of the Securities Exchange Act, 15 U.S.C. § 78aa, Section 214 of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-14, and the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

2.     Admit that, in addition, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.

3.     Admit that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because substantial parts of the events and omissions giving rise to the claims occurred in this district and that among other things: (1) Defendants Ward Onsa, Ward Onsa & Company, and Denise Onsa actively and repeatedly solicited investments from Plaintiffs in the District of Columbia; (2) Defendants Ward Onsa and Denise Onsa conducted more than 50 telephone conversations with Plaintiffs in the District of Columbia over a period of more than ten years; (3) Defendants Ward

and Denise Onsa sent more than 30 pieces of correspondence to Plaintiffs addressed to Plaintiff Ronald K. Henry's principal place of business in the District of Columbia, all of which correspondence was in furtherance of the solicitation and misuse of Plaintiffs' investment funds described in this complaint; and (4) Ward Onsa traveled to the District of Columbia on at least two occasions to meet with Ronald K. Henry in the District of Columbia for the purpose of soliciting investments and providing assurances that the promised repayments including the 25% annual capital value increase would be paid as promised.

4.     Admit that the Defendants have also made use of the means and instrumentalities of transportation, communication and the mails in interstate commerce in connection with the transactions, acts, practices, representations and courses of business alleged in this complaint and that, among other things, Ward Onsa and Denise Onsa made false or fraudulent statements to Plaintiffs by mail, telephone and fax while Plaintiffs were in the District of Columbia.

5.     Admit that Plaintiff Ronald K. Henry is a resident of the Commonwealth of Virginia, residing at 10030 Scenic View Terrace, Vienna, Virginia 22182.

6.     Admit that Constance B. Henry is a resident of the Commonwealth of Virginia, residing at 7210 Evans Mill Road, McLean, Virginia 22101.

7.    Admit that Defendant Ward Onsa has used three addresses in the time period

relevant to this complaint:

> 6 Remington Place
> Ivyland, PA 18974
>
> PO Box 2461
> Warminster, PA 18974
>
> 910 Sycamore Court
> Marco Island, FL 34145

and that Defendant Ward Onsa is now a resident of Florida, residing at 910 Sycamore Court,

Marco Island, Florida 34145.

8.    Admit that Denise Onsa is the wife of Ward Onsa and a participant in the events

alleged in this complaint and that Denise Onsa has used the same addresses as Ward Onsa and is

currently a resident of Florida residing at 910 Sycamore Court, Marco Island, Florida 34145.

9.    Admit that on information and belief, Defendant Ward Onsa & Company was, at

all times relevant to this complaint, an unincorporated alter-ego to the individual Defendants, that

Defendants used the Ivyland and Warminster addresses for Ward Onsa & Company, and that

Ward Onsa held himself out to the public as the principal of Ward Onsa & Company.

10.    Admit that Plaintiffs bring this action to recover more than $5 million lost or stolen by Defendants Ward Onsa, Ward Onsa & Company and Denise Onsa.

11.    Admit that over the course of several years, Defendants, operating through Ward Onsa, solicited investments by promising the Plaintiffs that the capital value of their investments would increase at the rate of 25% per year compounded annually and that based on the promises, representations and statements of the Defendants, Plaintiffs invested a total of $1,460,000.00 in three separate accounts solicited by Defendants.

12.    Admit that Defendants promised that the invested capital would be managed under the direction of Ward Onsa and that the capital and accumulated capital value increase were guaranteed by Ward Onsa.

13.    Admit that despite repeated and continuing written promises to make payment of the invested capital and accumulated capital value increase, Defendants have failed and refused to make the promised payment, that on December 30, 2004, Ward Onsa wrote to Plaintiffs and stated, "This letter is to confirm that I am aware of my financial obligations to you and will be contacting you in February with a timetable." Since December 30, 2004, Defendants have failed and refused to make further contact with Plaintiffs. None of the promised payments have been made.

14.     Admit that because of the Defendants' failure and refusal to make the promised payments, Plaintiffs undertook an investigation and learned that Defendants have made and breached similar promises to other investors and that one investor in New York, Bruce Pomper, obtained a judgment against Ward Onsa and Ward Onsa & Company in the United States District Court for the Eastern District of New York based on claims which are substantially similar to the matters alleged herein.

15.     Admit that Defendants' promises were a series of materially false statements and omissions designed to induce Plaintiffs and other investors to entrust capital to Defendants, that when Plaintiffs demanded return of their investment, Defendants acknowledged their debts and promises to Plaintiffs but the promised payments have not been made, ant that Plaintiffs bring this action under Federal Law, District of Columbia Law, and Common Law to recover the funds that they invested with Defendants and for the 25% annual capital value increase repeatedly promised by Defendants in writing.

16.     Admit that beginning on a date prior to November 1993, Defendants solicited investments from individuals in the District of Columbia and elsewhere and that from that time through at least 2002, Defendants conducted a continuous, unregistered offering of investment interests.

17.     Admit that on information and belief, Defendants successfully raised several million dollars from investors, including but not limited to Plaintiffs herein.

18.     Admit that to induce Plaintiffs to make investments with the Defendants, Defendant Ward Onsa made the following false statements among others:

a)     that he was a professional investment advisor with a successful track record in managing investment portfolios for wealthy individuals

b)     that his activities individually and in the name of Ward Onsa & Company had consistently increased in value at an annual rate substantially in excess of 25%, thereby allowing him to compensate himself while assuring the 25% annual increase in capital value for investors.

c)     that his experience in working at New York financial institutions had given him connections that allowed him to place investors' money into profitable investments.

d)     that each investor was protected against loss by his personal guarantee of payment of all invested capital and of all the promised capital value increase.

e)     that he and Ward Onsa & Company would absorb the risk of market fluctuations and that investors would receive would receive a flat 25% annual capital value increase regardless of the actual value of the underlying investments in which he and Ward Onsa & Company participated.

f)     that Ward Onsa, Ward Onsa & Company and Denise Onsa all guaranteed the obligations to the investors.

19.     Admit that Ward Onsa personally made each of the forgoing statements to Plaintiffs repeatedly over a period of more than 10 years beginning in or about October 1993, that Ward Onsa spoke regularly with Plaintiff Ronald K. Henry about the investment opportunity and its track record, and that these conversations occurred both in person during meetings in Washington, DC and by telephone.

20.     Admit that each of the forgoing statements was materially false and misleading, in particular:

a.     The statements and representations that Ward Onsa was a professional advisor with a successful track record managing investment portfolios for wealthy individuals were a sham and a ruse designed solely to induce Plaintiffs' investments; rather, the people who invested with Ward Onsa and Ward Onsa & Company consist only of individuals like Plaintiffs and Bruce Pomper who have been defrauded by Defendants.

b.     The statements and representations that the activities of Ward Onsa and Ward Onsa & Company had consistently increased in value at an annual rate substantially in excess of 25%, thereby allowing Ward Onsa to compensate himself while assuring the 25% annual increase in capital value for investors were a sham and a ruse designed solely to induce Plaintiffs' investments; rather, the actual activities undertaken by Ward Onsa and Ward Onsa & Company are unknown to Plaintiffs and any gains from those activities have been used solely to enrich Defendants and have not been used to increase the capital value of Plaintiffs' investment

as promised to Plaintiffs.

c.    The statements and representations that Ward Onsa's experience in working at New York financial institutions had given him connections that allowed him to place investors' money into profitable investments were a sham and a ruse designed solely to induce Plaintiffs' investments; rather, the actual activities undertaken by Ward Onsa and Ward Onsa & Company are unknown to Plaintiffs and any gains from those activities have been used to enrich Defendants rather than used to increase the capital value of Plaintiffs' investment as promised to Plaintiffs.

d.    The statements and representations that each investor was protected against loss by his personal guarantee of payment of all invested capital and of all the promised capital value increase were a sham and a ruse designed solely to induce Plaintiffs' investments; rather, Defendants have failed and refused to return Plaintiffs' invested capital and capital value increase despite repeated promises to do so.

e.    The statements and representations that Ward Onsa and Ward Onsa & Company would absorb the risk of market fluctuations and that investors would receive a flat 25% annual capital value increase regardless of the actual value of the underlying investments in which Defendants participated were a sham and a ruse designed solely to induce Plaintiffs' investments; rather, the actual activities undertaken by Defendants are unknown to Plaintiffs and any gain from those activities has been used enrich Defendants and has not been used to increase the capital value of Plaintiffs' investment as promised to Plaintiffs.

f.    The statements and representations that Ward Onsa, Ward Onsa & Company and Denise Onsa would personally guarantee the obligations to the investors were a sham and a ruse designed solely to induce Plaintiffs' investments; rather, Defendants have failed

and refused to return Plaintiffs' invested capital and the capital value increase in accordance with their promises.

21.    Admit that Ward Onsa made these statements knowing that they were false, or with the reckless disregard of the falsity of such statements without positive knowledge of the truth of such statements, that these statements were intended by the Defendants to induce the reliance of the Plaintiffs and did indeed cause the Plaintiffs to take action in reliance upon the statements by investing substantial sums of money with the Defendants, and that all these statements were thus material both standing alone and collectively in the scheme used by the Defendants to defraud and otherwise harm to the Plaintiffs.

22.    Admit that Ward Onsa also deliberately misrepresented the safety of investing with Ward Onsa and with Ward Onsa & Company and that Ward Onsa promised Plaintiffs that the invested capital would be protected and that Plaintiffs would receive a capital value increase of 25% per year while Ward Onsa and Ward Onsa & Company absorbed the risk of any market fluctuations in the actual value of any investments made with the capital provided by Plaintiffs.

23.    Admit that Denise Onsa was aware of and participated in all of the schemes alleged herein, that, among other things, Denise Onsa held telephone conversations on behalf of

Ward Onsa and Ward Onsa & Company, serving as a conduit for information from and to Ward Onsa and Ward Onsa & Company, that Denise Onsa wrote frequently to Plaintiffs on the letterhead of Ward Onsa & Company to provide assurances that Plaintiffs' investment and accumulated capital value increase were protected and were held for the benefit of the Plaintiffs, that, in connection with one of the three accounts established by Plaintiffs, Denise Onsa wrote in a February 22, 2000 on Ward Onsa & Company stationary a letter further designed to assure the Plaintiffs that their investments were secure and to induce investment and that the text of such letter is as follows:

> "This letter declares and verifies that your investment in Ward Onsa's trading partnership, which as of February 22, 2000 totals $1,000,000.00, plus accumulated gains, will be disbursed to you within thirty days in the event of my husband's, Ward Onsa's, death. These funds will be free of probate and will not be treated by me as an asset of my husband's estate."

24.    Admit that in reliance upon Defendants' false and misleading statements, promises and assurances, Plaintiffs began making investments with Defendants and that the initial investment was in the amount of $25,000.00 in November 1993.

25.    Admit that over the years, Plaintiffs invested $1 million in one account,

$300,000.00 in a second account, and $160,000.00 in a third account in the name of or under the control of the Defendants.

26.    Admit that the first account was opened in November 1993 with an initial capital contribution of $25,000.00, that periodic investments of additional capital were made with a final investment of $100,000.00 on February 22, 2000, and that in a letter dated February 22, 2000 Ward Onsa and Ward Onsa & Company acknowledged that total capital contributions to this account were $1,000,000.00 and wrote to Plaintiffs to confirm that:

> "As of February 22, 2000, Mr. Henry's capital value totaling $1,000,000.00, plus gains to date, will increase at a rate of 25% compounded annually."

27.    Admit that the second account was opened in September 1996 with a single capital contribution of $300,000.00 and that on September 18, 1996, Ward Onsa and Ward Onsa & company wrote to Plaintiffs as follows:

> "As of September 18, 1996, Mr. and Mrs. Henry's capital value totaling $300,000.00 will increase at a rate of 25% compounded annually."

28.    Admit that the third account was opened in October 2001 in the name of Ronald K. Henry under the management and control of Ward Onsa at Man Financial Inc., that total capital contributions into this account amounted to $160,000.00, that Mr. Onsa stated that the reason for establishing the third account at Man Financial was to provide flexibility to invest in different kinds of activities, that Mr. Onsa stated that the third account was guaranteed by him to achieve the same 25% annual capital value increase as the other two accounts, that to further assure Plaintiffs with respect to the legitimacy of his representations and promises, Ward Onsa and Ward Onsa & Company sent to Plaintiff Ronald K. Henry a check in the amount of $10,000.00 on June 23, 2003 for the express purpose of replenishing this third account after a loss suffered through unsuccessful investments made by Ward Onsa using Plaintiff Ronald K. Henry's capital, and that Plaintiff Ronald K. Henry received the check and used the proceeds to replenish the capital value of this third account which, by this date, had been transferred by Mr. Onsa from Man Financial to Refco.

29.    Admit that beginning in 2001, Plaintiffs began to request the return of portions of their invested capital from Defendants and that several payments were received but the response to requests for repayment slowed, Defendants became less accessible, and payments ultimately stopped.

30.    Admit that although Defendants have repeatedly acknowledged their obligation to repay the invested capital plus the promised capital value increase and although Plaintiffs have

made repeated demands for payment, Defendants have returned only a portion of the invested capital and have not yet paid any of the promised capital value increase.

31.    Admit that through December 31, 2001, Defendants provided separate account statements for the first account and the second account and that the final account statement received from Defendants was dated October 31, 2002 and combined the first and second accounts into a single statement.

32.    Admit that the most recent account statement received from Defendants is dated October 31, 2002 and shows that Defendants owe to Plaintiffs the amount of $3,675,695.61 for contributed capital and capital value increase through October 31, 2002 as their combined obligation on the first account and second account.

33.    Admit that with respect to the third account, Plaintiff Ronald K. Henry continued to receive account statements from Refco showing that the total value of this account had been diminished to $7,407.26, that in numerous telephone conversations, Defendant Ward Onsa acknowledged the breach of his agreement with respect to this third account and that (1) he remains obligated to pay a 25% capital value increase per year on this account; (2) he had undertaken a series of unusually risky transactions unknown to Plaintiffs to increase the value of this account; (3) the transactions had been unsuccessful; and (4) he would send funds to restore

the lost value in the account and return the account to the promised level of performance with 25% capital value increase per year, and that in furtherance of this promise, Defendant Ward Onsa and Ward Onsa & Company sent a check in the amount of $10,000.00 on June 23, 2003 for partial restoration of the lost value but Defendants have failed to perform the remainder of their promises with respect to this account.

34.    Admit that contrary to Defendants' representations, Defendant Ward Onsa undertook a large number of transactions and steadily lost or misappropriated money and that Plaintiffs' investment of $160,000.00 has been reduced by these losses to the point that only $7,407.26 remains.

35.    Admit that apart from the partial repayments of capital described above and despite repeated requests from Plaintiffs, Defendants have failed and refused to return the balance of Plaintiffs' invested capital and have also failed and refused to pay any of the promised 25% per year capital value increase in any of the three accounts.

36.    Admit that Defendants' debt to Plaintiffs is undisputed and has been acknowledged in meetings, telephone conversations and in writing, that on December 30, 2004, Ward Onsa and Ward Onsa & Company wrote that, "This letter is to confirm that I am aware of my financial obligations to you and will be contacting you in February with a timetable," and that

contrary to the promises made, no contact was made in February and no subsequent payments were made.

37.    Admit that Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 36 of their complaint as if fully set forth in the First Claim for Relief.

38.    Admit that Defendants, directly and indirectly, singly and in concert, knowingly or recklessly, by use of the means or instruments or instrumentalities of transportation or communication in or of interstate commerce or by use of the mails, in the offer or sale or in connection with the purchase or sale of securities, have: (a) employed devices, schemes or artifices to defraud; (b) obtained money or property by means of, or otherwise made untrue statements of material fact, or omitted to state material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading; and (c) engaged in transactions, acts, practices and courses of business which operated as a fraud or deceit upon purchasers of securities or other persons.

39.    Admit that as part of and in furtherance of this violative conduct, the Defendants,

directly or indirectly, made the representations alleged in paragraphs 16 though 23 of the Complaint.

40.    Admit that these representations were material.

41.    Admit that the Defendants knew that the material misrepresentations were false or misleading.

42.    Admit that by reason of the acts, omissions, practices and courses of business set forth in this Complaint, the Defendants have violated Section 10(b) of the Securities Exchange Act and Rule 10b-5.

43.    Admit that Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 42 of their Complaint as if fully set forth in the Second Claim for Relief.

44.    Admit that at all times relevant to this complaint, Ward Onsa, for compensation, engaged in the business of advising investors as to the value of securities or as to the advisability of investing in, purchasing or selling securities.

45.    Admit that at all times relevant to this complaint, Ward Onsa, for compensation, engaged in the business of advising Ronald K. Henry and Constance B. Henry as to the value of securities or as to the advisability of investing in, purchasing or selling securities.

46.    Admit that as described more fully in paragraphs 12 through 36 of the Complaint, Onsa, by use of the mails, telephone or other means or instrumentalities of interstate commerce, directly or indirectly, employed devices, schemes, or courses of business which operated as a fraud or deceit upon clients, including the Plaintiffs.

47.    Admit that Defendants Ward Onsa & Company and Denise Onsa substantially assisted Ward Onsa in this violative conduct, by facilitating contact with Plaintiffs and inducing

the Plaintiffs to invest.

48.    Admit that as part of and in furtherance of this violative conduct, Defendants knowingly or with reckless disregard of the truth, made the false and misleading statements and omissions, and engaged in fraudulent schemes, as alleged in paragraphs 12 through 36 of the Complaint.

49.    Admit that by reason of the foregoing, Ward Onsa violated Sections 206(1) and 206(2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and (2), and Ward Onsa & Company and Denise Onsa aided and abetted Onsa's violations.

50.    Admit that Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 49 of their complaint as if fully set forth in the Third Claim for Relief.

51.    Admit that Plaintiffs opened an account with Defendants in November 1993 with an initial investment of $25,000.00 and thereafter contributed additional capital to reach a total capital investment level of $1,000,000.00 and that all the terms and conditions of the agreement were known to, and understood by the Plaintiffs and Defendants.

52.    Admit that pursuant to the parties' agreement, Defendants agreed and guaranteed to refund to Plaintiffs their $1,000,000.00 investment on demand.

53.    Admit that Plaintiffs have repeatedly demanded the return of this investment.

54.    Admit that Defendants refunded a portion of Plaintiffs' capital but, in breach of the contract, Defendants have failed to refund all of the $1,000,000.00 to Plaintiffs and that Defendants breached the agreement by making the false statements and misrepresentations described above.

55.    Admit that under the agreement of the parties, in consideration of Plaintiffs' capital contribution, Defendants agreed and guaranteed to Plaintiffs a capital value increase at the annual rate of 25% compounded annually.

56.    Admit that in breach of the contract, Defendants have failed to pay any of the capital value increase owed to Plaintiffs by Defendants and that Defendants breached the agreement by making the false statements and misrepresentations described above.

57.    Admit that the last account statement received from Defendants shows the combined obligations of the Defendants under the first account and the second account as $3,675,695.61 for invested capital and capital value increase as of October 31, 2002.

58.    Admit that under Defendants' agreement to provide a 25% annual capital value increase compounded annually, the amount owed to Plaintiffs on the first and second accounts as of the date of the filing of the complaint was $7,328,657.43 and that although Defendants have acknowledged the terms and conditions of the agreement and their obligations thereunder to pay

and reimburse the Plaintiffs, the Defendants have failed to do so.

59.    Admit that Plaintiffs repeat and reallege the allegations contained in 1 through 58 of their Complaint as if fully set forth in the Fourth Claim for Relief.

60.    Admit that Plaintiffs opened an account with Defendants in November 1993 with an initial investment of $300,000.00.

61.    Admit that pursuant to the parties' agreement, Defendants agreed and guaranteed to refund to Plaintiffs their $300,000.00 investment on demand and that all the terms and conditions of the agreement were known to, and understood by the Plaintiffs and Defendants.

62.    Admit that Plaintiffs have repeatedly demanded the return of this investment.

63.    Admit that Defendants refunded a portion or Plaintiffs' capital but, in breach of the contract, Defendants have failed to refund all of the $300,000.00 to Plaintiffs and that Defendants breached the agreement by making the false statements and misrepresentations described above.

64.    Admit that under the agreement of the parties, in consideration of Plaintiffs' capital contribution, Defendants agreed and guaranteed to Plaintiffs a capital value increase at the annual rate of 25% compounded annually.

65.    Admit that in breach of the contract, Defendants have failed to pay any of the capital value increase owed to Plaintiffs by Defendants and that Defendants breached the agreement by making the false statements and misrepresentations described above.

66.    Admit that the last account statement received from Defendants show the combined obligations of the Defendants under the first account and the second account as

$3,675,695.61 for invested capital and capital value increase as of October 31, 2002.

67.    Admit that under Defendants' agreement to provide a 25% annual capital value increase compounded annually, the amount owed to Plaintiffs on the first and second accounts as of the date of the filing of this complaint is $7,328,657.43 and that although Defendants have acknowledged the terms and conditions of the agreement, and their obligations thereunder to pay and reimburse the Plaintiffs, the Defendants have failed to do so.

68.    Admit that Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 67 of their Complaint as if fully set forth in the Fifth Claim for Relief.

69.    Admit that Plaintiff Ronald K. Henry authorized Defendants to open and fund an account at Man Financial, later transferred to Refco, in consideration of Defendants' promise to guarantee the principal in this account, to manage it for Plaintiff's benefit, to refund Plaintiff's entire capital investment upon demand, and to guarantee a 25% annual increase in capital value,

compounded annually and that all the terms and conditions of the agreement were known to, and understood by the Plaintiffs and Defendants.

70.    Admit that in breach of the contract, Defendants failed to manage the accounts for Plaintiff's benefit and failed to reimburse the lost principal in the account and that despite repeated demands, Defendants have failed to make good on promises and have failed and refused to restore the lost capital or to pay the promised increase of capital value.

71.    Admit that as a direct result of Defendants' breach of contract, Plaintiff has suffered lost capital damages in the amount of $152,592.74, representing the difference between his investment of $160,000.00 and the $7407.26 that remains after losses caused by Defendants, that Plaintiff has suffered damages in the amount of $241,492, representing the unpaid capital value increase promised by Defendants through the date of filing of this complaint and that, although Defendants have acknowledged the terms and conditions of the agreement, and their obligations thereunder to pay and reimburse the Plaintiffs, the Defendants have failed to do so.

72.    Admit that Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 71 of their Complaint as if fully set forth in the Sixth Claim for Relief.

73.    Admit that at all times relevant to the complaint, Defendants owed a fiduciary duty to Plaintiffs and that:

a.    Ward Onsa held himself out as an experienced investment adviser and promised to manage and invest funds for Plaintiffs' benefit;

b.    Ward Onsa acted as general partner in Ward Onsa & Company, and agreed to manage the investment for the benefit of the investors who participated in the investment, including Plaintiffs;

c.    Ward Onsa and Ward Onsa & Company had access to the books and records of the investments that were not accessible to the investors, including Plaintiffs.

74.    Admit that consequently, Defendants acted as a broker for Plaintiff and held a special confidential relationship which required Defendants to act in the best interests of the Plaintiffs.

75.    Admit that Defendants breached their fiduciary duties to Plaintiffs and failed to act in the best interests of Plaintiffs by making the material misrepresentations described in paragraphs 16 through 23 above; by failing to disclose and concealing from Plaintiffs material facts concerning their investments; and by refusing to pay the funds due and owing to Plaintiffs upon demand.

76.    Admit that as a direct and proximate result of this breach of fiduciary duties, Plaintiffs have been damaged in the amount of $7,328,657.43 in connection with the first and second accounts and $394,048.74 in connection with the third account.

77.    Admit that Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 76 of their Complaint as if fully set forth in the Seventh Claim for Relief.

78.    Admit that Defendants knew at the time they made the false statements and concealed other  material facts as described in paragraphs 16 through 23 above, that such statements were false and material, and that the concealed facts were also material to Plaintiffs.

79.    Admit that Defendants acted with the intention to deceive and mislead the Plaintiffs, to fraudulently induce them to invest in activities controlled by Defendants, and to fraudulently misappropriate and obtain control over the funds that Plaintiffs invested with Defendants that Plaintiffs took action in reliance of the false statements and concealed facts by investing with the Defendants and that had Defendants not concealed or omitted other material facts or had they made truthful statements to the Plaintiffs, the Plaintiffs would have either declined to invest with Defendants or would have altered their investment strategy.

80.    Admit that as a direct and proximate result of this fraudulent inducement, Plaintiffs have been damaged in the amount of $7,328,657.43 in connection with the first and second accounts and $394,084.74 in connection with the third account.

81.    Admit that Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 79 of their Complaint as if fully set forth in the Eighth Claim for Relief.

82.    Admit that Plaintiffs are consumers as defined by §28-3901 (2) of the District of

Columbia Consumer Protection Procedures Act ( the "Act") as they were the ultimate purchasers of services offered to them by the Defendants in the District of Columbia.

83.    Admit that Defendants are merchants as defined by §28-3901(3) of the Act as they sold and supplied investment services which constitute a trade practice in the District of Columbia.

84.    Admit that in order to sell investment services to the Plaintiffs and to induce the Plaintiffs to purchase these services, Defendants Ward Onsa, with the assistance of Ward Onsa & Company and Denise Onsa, made the representations outlined in paragraphs 18(a) –(f) of the Complaint to the Plaintiffs.

85.    Admit that each of these representations were false, and misleading and violated sections 28-3904 (a),(b), (e), and (h) of the Act in that the investments did not have the characteristics and benefits as promised; that Ward Onsa and his company did not have the skills, status, affiliations, or connection as promised; that the investment scheme presented by the Defendants to the Plaintiffs would not increase the capital value as promised, and that the capital investments, if in fact any were made by Defendants, were not likely to retain their value; that the Defendants had no intention of investing the monies entrusted to them by the Plaintiffs; and that the Defendants had no intention of reimbursing the Plaintiffs for all of their initial capital

investments, and for any increased capital value.

86.    Admit that additionally, Defendants failure to invest the monies entrusted to them by Plaintiffs for the annual increase in capital value, and their repeated assurances to the Plaintiffs that such investments had been made, violates section §28-3904(u) of the Act.

87.    Admit that as a direct and proximate result of these violations, Plaintiffs have sustained actual losses in the amount of $7,326,657.43 in connection with the first and second accounts and $394,084.74 in connection with the third account and that Plaintiffs are entitled to all damages available to them under the Act and as designated below.

88.    Admit that on the First Claim for Relief Plaintiffs are entitled to judgment in an amount to be determined at trial, but not less than $1,000,000.00.

89.    Admit that on the Second Claim for Relief, Plaintiffs are entitled to an order directing Defendants to pay to Plaintiffs the amount of their unreturned invested capital plus the promised capital value increase at the rate of 25% compounded annually to the date of the filing of this complaint and that the total amount claimed is $7,722,742.20 consisting of $7,328,657.43 with respect to the first and second accounts and $394,084.74 with respect to the third account.

90.    Admit that on the Third Claim for Relief, Plaintiffs are entitled to judgment in the amount of $7,328,657.43 representing the unreturned invested capital and promised capital value increase at the rate of 25% compounded annually to the date of this complaint.

91.    Admit that on the Fourth Claim for Relief, Plaintiffs are entitled to judgment in the amount of $7,328,657.43 representing the unreturned invested capital and promised capital value increase at the rate of 25% compounded annually to the date of this complaint.

92.    Admit that on the Fifth Claim for Relief, Plaintiffs are entitled to judgment in the amount of $394,084.74 representing the unreturned invested capital and promised capital value increase at the rate of 25% compounded annually to the date of this complaint.

93.    Admit that on the Sixth and Seventh Claims for Relief, Plaintiffs are entitled to judgment in the amount of $7,722,742.20.

94.    Admit that on the Eighth Claim for Relief, Plaintiffs are entitled to treble damages and punitive damages in the amount to be determined by the Court, as well as other relief requested herein and deemed just and proper by the Court.

95.    Admit that Plaintiffs are entitled to The costs of this action, including attorneys' fees.

96.    Admit that Plaintiffs are entitled to Prejudgment interest on all amounts claimed in this action.

97.    Admit that Plaintiffs are entitled to other and further relief as the Court deems just and proper.

Respectfully submitted,

RONALD K. HENRY
CONSTANCE B. HENRY
Plaintiffs
By Counsel

CROWLEY, HOGE & FEIN, P.C.

By: _Christopher G. Hoge_
Christopher G. Hoge #203257

Attorneys for Plaintiffs
1710 Rhode Island Avenue, N.W.
7th Floor
Washington, D.C. 20036
(202) 483-2900

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD K. HENRY, *et ux.*, | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) Civil Action 05-02406 (HHK) |
| | ) |
| WARD ONSA, *et al.*, | ) |
| | ) |
| Defendants | ) |

## NOTICE OF DEPOSITIONS

PLEASE TAKE NOTICE that on Thursday, June 14, 2007, commencing at 10:00 a.m.,

Plaintiffs shall take the depositions of Defendants, Ward Onsa and Denise Onsa, at the law

offices of Crowley, Hoge & Fein, P.C., 1710 Rhode Island Avenue, N.W., 7th Floor, Washington,

D.C. 20036. The deposition of Ward Onsa shall commence at 10:00 a.m., and that of Denise

Onsa immediately after the conclusion thereof.

These depositions shall be conducted in accordance with the civil rules of this

Court, shall be taken for purposes of discovery and/or for use as evidence at trial, and shall

continue from day to day until completed.

Respectfully submitted,

RONALD K. HENRY
CONSTANCE B. HENRY
Plaintiffs
By Counsel

EXHIBIT

6

CROWLEY, HOGE & FEIN, P.C.

By: _____
Christopher G. Hoge #203257

Attorneys for Plaintiffs
1710 Rhode Island Avenue, N.W.
7th Floor
Washington, D.C.  20036
(202) 483-2900

Ward Onsa
910 Sycamore Court
Marco Island, Fl 34145
239-394-8488

June 13, 2007

Ronald K. Henry
Crowley, Hoge & Fein, P.C.
1710 Rhode Island Avenue, N.W. 7th Floor
Washington, D.C. 20036
FAX (202) 483-1365

   Re: Henry v. Onsa, Civil Action 05-02406

Dear Ron,

A serious family matter will prevent Denise and me from meeting with you tomorrow, June 14, 2007 in Washington, D.C. We will be available to discuss new arrangements via telephone on or after June 19, 2007. We apologize for any inconvenience this may cause you.

Sincerely,

Ward

**EXHIBIT**

**7**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Ronald K. Henry and | ) | |
| Constance B. Henry | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION: 05-02406 (HHK) |
| | ) | |
| Ward Onsa, Ward Onsa & Company, | ) | |
| And Denise Onsa | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# **ORDER**
## UPON
## REQUEST FOR TELEPHONE CONFERENCE REGARDING DISCOVERY DISPUTES OR, IN THE ALTERNATIVE, MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Upon consideration of Plaintiffs' Motion to Compel and Memorandum in Support

Thereof, and the other pleadings and documents filed in this matter, it is hereby

## ORDERED:

1.  Defendants shall serve upon Plaintiffs' counsel by Federal Express or similar

    overnight delivery service full and complete answers to Plaintiffs' Second Set of

    Interrogatories on or before July 1, 2007;

2.  Defendants shall serve upon Plaintiffs' counsel by Federal Express or similar

    overnight delivery service full and complete responses to Plaintiffs' Second

    Request for Production of Documents on or before July 1, 2007;

3.  Defendants shall serve upon Plaintiffs' counsel by Federal Express or similar

overnight delivery service full and complete responses to Plaintiffs' Second Set of Requests for Admissions on or before July 1, 2007;

4.    To the extent that Defendants' answers and responses identify matters appropriate for additional discovery, Plaintiffs shall serve any Supplemental Discovery Requests on or before August 1, 2007;

5.    Defendants shall make themselves available for deposition by Plaintiffs on mutually agreeable dates during the period between July 1, 2007 and August 1, 2007.

6.    The Scheduling Order in this matter is hereby amended to provided that discovery shall end on September 1, 2007 and dispositive motions shall be filed on or before October 1, 2007.

7.    Plaintiffs' counsel shall submit to the Court a statement of Plaintiffs' reasonable expenses incurred in making this motion, including attorneys' fees, no later than August 1, 2007, which statement shall be considered by the Court in determining the expenses to be awarded under Rule 37(a)(4)(A).

_____
United States District Judge

Copies:

Christopher G. Hoge, Esq.
Crowley, Hoge & Fein, P.C.
1710 Rhode Island Ave., N.W., 7th Floor
Washington, D.C.  20036

Ronald K. Henry, Esq.
Kaye Scholer, LLP
901 15th Street, N.W.
Washington, D.C.  20005

Ward Onsa
Denise Onsa
Ward Onsa & Company
910 Sycamore Court
Marco Island, FL 34145