UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD K. HENRY and<br>CONSTANCE B. HENRY,<br><br>               Plaintiffs,<br>     v.<br><br>WARD ONSA, et al.,<br><br>               Defendants. | Civil Action 05-02406 (HHK) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Ronald K. Henry and Constance B. Henry bring this action against defendants Ward Onsa, Ward Onsa & Co., and Denise Onsa, who are proceeding *pro se*. Plaintiffs allege, *inter alia*, that defendants violated § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5; and § 206(1) and (2) of the Investment Advisers Act of 1940, 15 U.S.C. § 80b-6(1) and (2). They also assert a breach of contract cause of action, alleging that in connection with their contract with defendants for investment services, defendants guaranteed a return of investment principal and an annual capital value increase of 25 percent.

Before the court is plaintiffs' motion for partial judgment on the pleadings under Fed. R. Civ. P. 12(c) to recover unreturned investment principal in the amount of $280,000 [#9].[1]

---

[1] Under Rule 12(c), a motion for judgment on the pleadings shall be granted if "the moving party demonstrates that no material fact is in dispute and that it is entitled to judgment as a matter of law." *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1485 (D.C. Cir. 1992) (internal quotations omitted). In evaluating a motion for judgment on the pleadings, the court "view[s] the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.*

Upon consideration of the motion, defendants' opposition thereto, and the record of this case, the court concludes that the motion must be denied.

## I.

Plaintiffs allege that they invested a total of $1,460,000 in three separate accounts managed by defendants in reliance upon defendants' solicitations and promises that "the capital value of their investments would increase at the rate of 25% per year compounded annually." Compl. ¶ 11. The instant motion, in which plaintiffs argue that defendants' answer concedes an undisputed obligation to repay the invested principal, concerns the first two accounts in which plaintiffs invested a total of $1,300,000.[2] With respect to those accounts, defendants admit to returning $1,020,000 to plaintiffs.

## II.

Plaintiffs maintain that defendants' admissions of receiving $1,300,000 in the first two accounts and returning no more than $1,020,000 entitle them to judgment in the amount of $280,000, the amount of the unreturned investment principal. Plaintiffs' position is without merit. First, the court rejects plaintiffs' argument that defendants' amended answer [# 7] is "a nullity" because defendants failed to seek or obtain leave of court prior to its filing. *See* Pls.' Reply at 2. *Pro se* litigants are allowed more latitude than litigants represented by counsel to correct defects in pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Additionally, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Here, in their original answer, defendants requested an extension of time to

---

[2] Defendants admit receipt of $1,300,000 in the first two accounts but deny knowledge of a third account. Pls.' Mem. in Supp. of Mot. for Partial J. on the Pleadings ("Pls.' Mem.") at 1–2; Answer ¶¶ 2–4.

amend their answer in the event that the court assumed jurisdiction and, in the amended answer, they requested leave to amend. Answer ¶ 1; Am. Answer ¶ 1. Accordingly, the court construes the amended answer as being filed with a motion for leave to amend pursuant to LCvR 15.1 and grants the motion.

Plaintiffs next contend that because defendants' pleadings concede that they have "returned no more than $1,020,000 of the $1,300,000 admittedly received," there is no dispute as to defendants' contractual obligation to return the remaining $280,000 of the principal. Pls.' Mem. at 4–5. This is not accurate. Defendants' amended answer states that they returned part of the investment principal "[w]ith absolutely no obligation to do so" and "defendants never promised that plaintiff's [sic] invested capital . . . [was] guaranteed by defendants." Am. Answer ¶ 3. Because the amended answer disputes the existence of a contractual obligation to return the investment principal, an issue of material fact remains and judgment as a matter of law is not warranted.[3]

Furthermore, the language of the contract documents apparently giving rise to this action is ambiguous and therefore does not establish an obligation to repay the invested principal. *See 1901 Wyoming Ave. Coop. Ass'n v. Lee*, 345 A.2d 456, 461 n.7 (D.C. 1975)

---

[3] Even if the amended answer were without legal effect, plaintiffs still have not demonstrated that no material fact is in dispute. In addressing the alleged contractual obligation to repay the investment principal, defendants' original answer states only that Ward Onsa "explained to plaintiff that he would return his principal" after plaintiff was informed that he could no longer expect a return of profit on his investment. Answer ¶ 3. Although defendants admit to returning part of the principal, their answer does not concede a contractual obligation to do so. *See* Answer; *see also Steele v. Isikoff*, 130 F. Supp. 2d 23, 31 (D.D.C. 2000) ("moral obligations do not give rise to contractual liability"). Accordingly, plaintiffs' assertion that defendants' pleadings "plainly and unequivocally" establish a contractual obligation to repay the principal, Pls.' Mem. at 4–5, is unfounded.

("[a] contract is ambiguous when it or the provisions in question are reasonably susceptible of different constructions or interpretations").  Here, the two purported contract documents provided to the court state, in relevant part, that plaintiffs' capital investments "will increase at a rate of 25% compounded annually."  Attach. 2, 3 to Am. Answer;[4] *see also* Fed. R. Civ. P. 10(c) ("[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes"); Pls.' Mem. at 2.  Whether this statement represents what amounts to an expectation regarding the rate of return or a binding guarantee is not plainly answered by an examination of the four corners of the writings.  *See Dover Ltd. v. A.B. Watley, Inc.*, 423 F. Supp. 2d 303, 328–29 (S.D.N.Y. 2006) (dismissing the plaintiffs' breach of contract claim because the written agreement, although providing "assurances of complete security against any loss to [the p]laintiffs' investment," did not establish that the defendant had agreed to provide the plaintiffs with a "loss-protected" account) (internal quotations omitted).  Accordingly, the contracts do not establish an indisputable obligation to repay the principal in its entirety.

### III.

For the foregoing reasons, it is this 18th day of June, 2007, hereby

**ORDERED** that defendants' motion for leave to amend their answer [#7] is **GRANTED**; and it is further

---

[4] The attachments to defendants' amended answer are not numbered.  The court has assigned numbers to them which correspond to the order in which the attachments appear on the court's docket.

**ORDERED** that plaintiffs' motion for partial judgment on the pleadings [#9] is **DENIED**.

                                                Henry H. Kennedy, Jr.
                                                United States District Judge