# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Ronald K. Henry and<br>Constance B. Henry | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION:  05-02406 (HHK)<br>NEXT SCHEDULED COURT |
| Ward Onsa, Ward Onsa & Company,<br>and Denise Onsa | ) ) ) | EVENT: AUGUST 31, 2007<br>DISCOVERY PERIOD ENDS |
| Defendants. | ) ) ) | |

## PLAINTIFFS' MOTION FOR SANCTIONS

Come now the Plaintiffs, Ronald K. Henry and Constance B. Henry, by counsel, and respectfully move this Court, pursuant to Fed. R. Civ. P. 37(b)(2), for an Order imposing sanctions against Defendants Ward Onsa and Denise Onsa for their failure to comply with this Court's Order, rendered orally at a hearing before Magistrate Judge Robinson on July 24, 2007, that Defendants provide complete responses to all of Plaintiffs' written discovery requests by August 6, 2007.  As grounds for this motion, Plaintiffs state as follows:

1. In order for the Court to fully understand the extent to which Defendants have ignored their obligations under the rules of discovery and this Court's Orders, Plaintiffs will give a brief chronology of their discovery efforts from the beginning of this case, and of Defendants' repeated, and now contumacious, failures.

2. This case commenced over two years ago, in June of 2005.  The initial scheduling conference was held before Judge Kennedy on July 7, 2006.

3. On or about August 19, 2006, Plaintiffs served Defendants with their first set of interrogatories, requests for production and requests for admissions pursuant to Fed. R. Civ. P. 33, 34 and 36. Written responses were due by September 22, 2006. Defendants requested additional time, and the parties agreed to an extension until October 2, 2006.

4. Defendants did file responses by October 2, 2006; however, they were totally inadequate. Their Response to Request for Production is attached hereto as Ex. "A". The one paragraph response to the 28 separate document requests stated as follows: "With regard to all of the requests (1 through 28) in the Plaintiffs' First Set of Requests for Production of Documents, Defendants state that on information and belief there are no documents in Defendants' possession responsive to such requests that are not already in the possession of the Plaintiffs".

5. Defendants' answers to the first set of interrogatories were not much more sufficient; a copy is attached as Ex. "B". The Court will note that Defendants' answers were over-generalized and non-responsive (*e.g.* Interrogatories No. 4, 7, 9, 10, 13, 17, 18, 19, 20, 21, 23 and 24) or consisted of bare objections to the entirety of the interrogatory (*e.g.* No. 5, 11, 14, 15, 16, 22 and 25). While Defendants admitted receiving at least $1,300,000 from Plaintiffs, they refused to answer such basic questions as the nature of their business, what they did with the Plaintiffs' money, and where the money is now. In response to Interrogatory No. 24, asking how Defendants invested or otherwise used the funds received from Plaintiffs, Defendants answered in three words: "There are none". Ex. "B".

6. On October 24, 2006, then counsel for Plaintiffs wrote to Defendants and advised them of the inadequacies of their discovery responses. Ex. "C".

7. On January 29, 2007 current counsel entered his appearance for Plaintiffs.

2

8. On April 6, 2007, a status hearing was held before Judge Kennedy. Defendant Ward Onsa appeared personally; Defendant Denise Onsa did not. At the status hearing a new discovery deadline of July 1, 2007 was set.

9. On May 1, 2007, counsel for Plaintiffs served Defendants with second sets of interrogatories, requests for production and requests for admissions. Responses were due by June 4, 2007. On June 1, 2007, plaintiff Ronald Henry (also co-counsel for Plaintiffs in this case) telephoned Defendants and left a voicemail message reminding them of the deadline and their obligations.

10. Also on May 1, 2007, counsel for Plaintiffs served Defendants with a notice of depositions to be held on June 14, 2007. Near the close of business on June 13, Defendants sent a FAX to plaintiffs' counsel stating that they could not attend the depositions due to a "serious family matter", and that they would contact counsel after June 19 to discuss a new date. That contact never occurred.

11. On June 15, 2007, Plaintiffs filed a "Request for Telephone Conference Regarding Discovery Disputes or, in the Alternative, Motion and Memorandum in Support of Motion to Compel Discovery". All of the documents mentioned in paragraphs 9 - 10, *supra*, were attached as exhibits.

12. No opposition was filed to Plaintiffs' June 15 pleading. On July 17, 2007, a hearing was held before Magistrate Judge Robinson. At the hearing Defendant Denise Onsa appeared by telephone from her home in Florida; Defendant Ward Onsa did not appear at all. Judge Robinson rescheduled the hearing for July 24, 2007, and advised Denise Onsa that she and Ward

3

Onsa must appear in person, pursuant to Judge Kennedy's order at the initial scheduling conference of July 7, 2006, prohibiting further appearances by telephone.

13.  At the hearing of July 24, 2007, Defendant Ward Onsa appeared personally, but Defendant Denise Onsa did not appear at all. After hearing the representations of counsel for Plaintiffs and of Defendant Ward Onsa, Judge Robinson ordered that:

a.  Defendants serve complete responses to all written discovery requests of Plaintiffs by August 6, 2007;

b.  All objections to such discovery requests had been waived;

c.  Depositions must be completed by August 31, 2007;

d.  Defendants must pay all of Plaintiffs' attorneys' fees in conjunction with the motion to compel by August 31, 2007; and

e.  The deadline for dispositive motions was extended to October 1, 2007.

14.  On August 6, 2007, Defendants FAXed to counsel for Plaintiffs documents purporting to respond to Plaintiffs' second sets of interrogatories, requests for production of documents and requests for admissions. While all of the responses were inadequate, for purposes of this motion Plaintiffs will address only the response to the request for production of documents and answers to interrogatories.

15.  Ex. "D" is the August 6, 2007 Request for Production of Documents. It is an almost exact duplicate of Defendants' one paragraph response to Plaintiffs' first Request for Production, Ex. "A". It states, *in toto*, "[W]ith regard to all of the requests in Plaintiffs' Second Set of Requests for Production of Documents, Defendants state that on information and belief there are

no documents in Defendants' possession responsive to such that are not already in the possession of the Plaintiffs". The response is unsigned.

16. At the July 24, 2007 hearing, Judge Robinson explained to Defendant Ward Onsa, on the record, that it is no excuse for failure to produce documents that the requesting party may already have some of the documents. In fact, plaintiffs do not have copies of most of the documents specified in the second Request for Production. Most significantly, they have no documents whatsoever indicating where their money was invested or what happened to it.

17. Defendants' answers to the second set of Interrogatories are almost equally deficient. *See*, Ex. "E". First, they are not answered under oath, as required by Fed. R. Civ. P. 33(b)(1). Secondly, they are as evasive and incomplete as Defendants' answers to the first set of interrogatories.

18. On August 8, 2007, counsel for Plaintiffs sent to Defendants a letter, Ex. "F", by Federal Express, advising them that their discovery responses did not comply with either the Federal Rules of Civil Procedure or this Court's order of July 24, 2007. As of the date of the filing of this motion, Defendants have not responded to the letter.

19. Defendants' long history of ignoring fundamental discovery obligations, and their clear failure to comply with this Court's Order of July 24, warrant the imposition of severe sanctions under Fed. R. Civ. P. 37(b)(2). Plaintiffs respectfully submit that the appropriate sanction would be either: 1) that specified in Rule 37(b)(2)(A) (an Order taking as established the matters set forth in the Complaint); or 2) that specified in Rule 37(b)(2)(B) (an Order refusing to allow Defendants to oppose the claims set forth in the Plaintiffs' Complaint).

20. In their letter of August 8, 2007, Ex. "F", counsel for Plaintiffs asked Defendants to specify a date before August 31, 2007, on which Defendants would appear for their depositions as ordered by the Court. The letter also presented them with an invoice for Plaintiffs' attorneys' fees in connection with the motion to compel, to be paid by August 31 per the Court's Order. If Defendants fail to appear for their depositions or pay the attorneys' fees by August 31, this motion will be duly supplemented.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this motion be granted, and that this Court impose sanctions against Defendants pursuant to Fed. R. Civ. P. 37(b)(2).

Respectfully submitted,

RONALD K. HENRY
CONSTANCE B. HENRY
Plaintiffs
By Counsel

/s/   Christopher G. Hoge
Christopher G. Hoge #203257
Co-Counsel for Plaintiffs

CROWLEY, HOGE & FEIN, P.C.
1710 Rhode Island Avenue, N.W.
7th Floor
Washington, D.C.  20036
(202) 483-2900

/s/ Ronald K. Henry
Ronald K. Henry #242941
Co-Counsel for Plaintiffs

KAYE SCHOLER LLP
901 15th Street, N.W.
Washington, D.C.  20005
(202) 682-3590

6

## LOCAL RULE 7(m) CERTIFICATE

I hereby certify, pursuant to LcvR 7(m), that on August 10, 2007, I attempted to telephone Defendants at the only telephone number known to Plaintiffs to confer on this motion and make a good faith effort to obtain their consent. However, I was unable to obtain an answer to my telephone call and left a message requesting a return call.

/s/ _[signature]_
Christopher G. Hoge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing pleading was sent by Federal Express to Ward Onsa, Denise Onsa and Ward Onsa & Company, Defendants *pro se*, 910 Sycamore Court, Marco Island, FL 34145 by me this 10th day of August, 2007.

/s/ Christopher G. Hoge
Christopher G. Hoge