## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Ronald K. Henry                                   )
Kaye Scholer LLP                                  )
901 15th Street, NW                               )
Suite 1100                                        )
Washington, DC 20005                              )
                                                  )
and                                               )
                                                  )
Constance B. Henry                                )
c/o Ronald K. Henry                               )
Kaye Scholer LLP                                  )
901 15th Street, NW                               )
Washington, DC  20005                             )    CASE NUMBER 1-05CV02406
                                                  )
            Plaintiffs,                           )    JUDGE: Henry H. Kennedy
                                                  )
    v.                                            )    DECK TYPE: Contract
                                                  )
Ward Onsa                                         )    DATE STAMP:  12/15/2005
910 Sycamore Court                                )
Marco Island, Florida 34145                       )
                                                  )
Ward Onsa & Company                               )
910 Sycamore Court                                )
Marco Island, Florida 34145                       )
                                                  )
and                                               )
                                                  )
Denise Onsa                                       )
910 Sycamore Court                                )
Marco Island, Florida 34145                       )
                                                  )
            Defendants.                           )
                                                  )

### DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF
### REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants hereby respond

to the Plaintiff's First Set of Requests for Production of Documents (attached as Exhibit A), as

follows:

**EXHIBIT**

**A**

**Exhibit A**

## ANSWER

With regard to all of the requests (1 through 28) in the Plaintiff's First Set of Requests for Production of Documents, Defendants state that on information and belief there are no documents in Defendant's possession responsive to such requests that are not already in the possession of the Plaintiffs.

Dated: _____9-29_____, 2006        By: _Ward Onsa_____
                                          Ward Onsa

Dated: _____9-29_____, 2006        By: _Denise Onsa_____
                                          Denise Onsa

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ronald K. Henry<br>Kaye Scholer LLP<br>901 15th Street, NW<br>Suite 1100<br>Washington, DC 20005<br><br>and<br><br>Constance B. Henry<br>c/o Ronald K. Henry<br>Kaye Scholer LLP<br>901 15th Street, NW<br>Washington, DC 20005<br><br>          Plaintiffs,<br><br>     v.<br><br>Ward Onsa<br>910 Sycamore Court<br>Marco Island, Florida 34145<br><br>Ward Onsa & Company<br>910 Sycamore Court<br>Marco Island, Florida 34145<br><br>and<br><br>Denise Onsa<br>910 Sycamore Court<br>Marco Island, Florida 34145<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>CASE NUMBER 1-05CV02406<br><br>JUDGE: Henry H. Kennedy<br><br>DECK TYPE: Contract<br><br>DATE STAMP: 12/15/2005 |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants hereby provide answers to the following interrogatories for the period 1992 through the present, as follows:

EXHIBIT

B

## INTERROGATORY 1

1.    Identify all persons who participated in or provided information for the preparation of your answers to these interrogatories.

### ANSWER

Denise Onsa, Ward Onsa and Anthony Karambelas participated in or provided information for the preparation of Defendants answers to these interrogatories.

## INTERROGATORY 2

Identify all documents responsive to or produced in response to Plaintiffs' first set of requests for production of documents.

### ANSWER

Please refer to the list of documents attached to Defendants' Response to Plaintiffs' First Set of Requests for Production of Documents.

## INTERROGATORY 3

Identify and describe all contacts with the District of Columbia by any of the defendants including, but not limited to, visits to or presence in the District of Columbia, telephone conversations with persons in the District of Columbia, correspondence by United States mail or otherwise with persons in the District of Columbia, conduct of business with or through institutions located in the District of Columbia, conduct of business in any form in the District of Columbia, and any other contacts with the District of Columbia.

2

## ANSWER

A personal family trip was made once to the District of Columbia. Ward Onsa met with Ronald Henry during this visit. One other visit was made by Ward Onsa to Ronald Henry. There were several telephone conversations between Ward Onsa and Ronald Henry. There was correspondence made by U.S. Mail, UPS and/or Fed Ex between Plaintiffs and Defendants.

## INTERROGATORY 4

Identify and describe all contacts between any of the Defendants and any of the Plaintiffs including, but not limited to, meetings in any location, telephone conversations, correspondence by United States Mail or otherwise, receipt of funds from Plaintiffs, transmission of funds to Plaintiffs, transmission of account statements to Plaintiffs, transmission of annual reports to Plaintiffs, transmission of any other materials to Plaintiffs, or any other contacts with any of the Plaintiffs in person or by any other means including telephonic, mail, or electronic contacts.

## ANSWER

Please refer to answer for Interrogatory No. 3.

## INTERROGATORY 5

Identify and describe the business conducted by Ward Onsa, Denise Onsa, or Ward Onsa & Company including, but not limited to contracts, banking or brokerage relationships, financial transactions, licenses or registrations, and tax filings or payments.

## ANSWER

Defendants object to this Interrogatory because it is overbroad and burdensome and not tending to lead to any pertinent information.

3

## INTERROGATORY 6

Identify and describe all amounts received by any of the Defendants from any of the Plaintiffs.

### ANSWER

Amounts received by Ward Onsa & Company from Ronald Henry are $1,300,000.00. (See attached sheet.)

## INTERROGATORY 7

Identify and describe the amounts owed by any of the Defendants to any of the Plaintiffs.

### ANSWER

There are no amounts owed to Plaintiffs by any of the Defendants. (See Amended Answer to the Complaint.)

## INTERROGATORY 8

Identify and describe any amounts paid by any of the Defendants to any of the Plaintiffs.

### ANSWER

The amount paid to any of the Plaintiffs by any of the Defendants is $1,020,000.00. (See attached list.)

## INTERROGATORY 9

Identify and describe any promise, representation, assertion, commitment, or agreement to repay funds provided by any of the Plaintiffs to any of the Defendants.

4

## ANSWER

Please refer to answer for Interrogatory 8 above and the Amend Answer to Complaint.

## INTERROGATORY 10

Identify and describe any promise, representation, assertion, commitment, or agreement to pay over to any of the Plaintiffs any profits, gains, capital value increase, or other amounts resulting from Plaintiffs' investment of funds with any of the Defendants.

## ANSWER

Please refer to answer for Interrogatory 8 above and the Amend Answer to Complaint.

## INTERROGATORY 11

Identify and describe any calculation, memorialization, or representation of the amounts owed by any of the Defendants to any of the Plaintiffs at any point in time.

## ANSWER

Defendants object to this Interrogatory because it is vague and ambiguous. (See original Answer and Amend Answer to Complaint.)

## INTERROGATORY 12

Identify and describe any broker or security dealer licenses, registrations, qualifications or approvals and any other documents referring or relating to the authorization of any of the Defendants to participate in any of the transactions alleged in the Complaint.

## ANSWER

There are no broker or security dealer licenses, registrations, qualifications or approvals and any other documents referring or relating to the authorization of any of the Defendants to

5

participate in any of the transactions alleged in the Complaint. There was merely a letter agreement between the Plaintiffs and the Defendants.

### INTERROGATORY 13

Identify and describe any criminal, civil or disciplinary actions instituted by any person or organization against any of the Defendants in connection with the provision of any financial services including, but not limited to, transactions of the type described in the Complaint.

### ANSWER

There are no criminal or disciplinary actions instituted by any person or organization against any of the Defendants in connection with the provision of any financial services including, but not limited to, transactions of the type described in the Complaint. There are two civil actions. One was instituted by Bruce Pomper against Ward Onsa and Ward Onsa and Company. The second was instituted by Steve Wahl against Ward Onsa and Ward Onsa and Company

### INTERROGATORY 14

Identify and describe any litigation between any of the Defendants and any other person or entity including, but not limited to, transactions of the types described in the Complaint.

### ANSWER

Defendant objects to this interrogatory because it is not pertinent to any of the issues in this case.

### INTERROGATORY 15

Identify and describe any tax returns, tax assessments, tax-related penalities or other tax obligations of any of the Defendants.

6

## ANSWER

Defendant objects to this interrogatory because it is overburdensome and not related to any of the issues in this case.

## INTERROGATORY 16

Identify and describe any banking records, stock or securities transactions, deposits or investments by any of the Defendants, including, but not limited to, transactions outside of the United States. You are reminded that all interrogatories include the request for information in the names of any of the three Defendants or in any other name directly or indirectly used by or controlled by any of the Defendants.

## ANSWER

Defendant objects to this interrogatory because it is not pertinent to any of the issues in this case.

## INTERROGATORY 17

Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "this court lacks jurisdiction, both over the subject matter and personal jurisdiction over the Defendants."

## ANSWER

Please refer to the original Answer and Amended Answer to Complaint.

## INTERROGATOARY 18

Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "$990,000 was returned by Defendant to Plaintiff at Plaintiff's request.

7

**ANSWER**

Please refer to the original Answer and Amended Answer to Complaint.

**INTERROGATORY 19**

Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "in the aftermath of 9/11, the Plaintiff was notified that he could no longer expect or receive a 25% return and he immediately requested his money back."

**ANSWER**

Please refer to the original Answer and Amended Answer to Complaint.

**INTERROGATORY 20**

Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "Defendant explained to Plaintiff that he would return his principal $1.3 million but none of the profit if Plaintiff wished to discontinue his investment."

**ANSWER**

Please refer to the Amended Answer to Complaint.

**INTERROGATORY 21**

Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "Plaintiff was so informed and received $990,000 of his principal back for the two accounts."

8

## ANSWER

Please refer to the original Answer and Amended Answer to Complaint.

## INTERROGATORY 22

Identify and describe all facts and documents referring or relating to Refco Account Number F135-48722 or Maim Financial, Inc. Account Number E-264-2640099361.

## ANSWER

Defendant objects to this Interrogatory because it is irrelevant. Defendant has no information or documents.

## INTERROGATORY 23

Identify and describe all facts and documents referring or relating to the ownership of any asset by any of the defendants, including but not limited to, securities, financial instruments, tangible or intangible personal property, or real estate including but not limited to 6 Remington Place, Ivyland, Pennsylvania, 18974, and 910 Sycamore Court, Marco Island, Florida, 35145.

## ANSWER

The Defendants possess no assets of significant value. Please refer to the Amended Answer to Complaint.

## INTERROGATORY 24

Explain and describe all investments or other uses of the funds provided to any of the defendants by Ronald K. Henry or Constance B. Henry.

## ANSWER

There are none.

9

## INTERROGATORY 25

Explain and describe all litigations or demands for payment made against any of the defendants by or on behalf of any person who invested money with or through any of the defendants.

## ANSWER

Defendants object to this Interrogatory because it is not pertinent to any of the issues of this case.

Dated: _____9-29_____, 2006        By: _Ward Onsa_____
                                              Ward Onsa

Dated: _____9-29_____, 2006        By: _Denise Onsa_____
                                              Denise Onsa

10



## SAUL EWING
Attorneys at Law
A Delaware LLP

*Celebrating 85 years of service.*

Paul M. Heylman
Phone: (202) 342-3422
Fax: (202) 295-6723
PHeylman@saul.com
www.saul.com

October 24, 2006

**VIA FEDERAL EXPRESS**

Ward Onsa, Denise Onsa and
Ward Onsa & Company
910 Sycamore Court
Marco Island, FL 34145

     RE:   <u>Ronald Henry, et al. v. Ward Onsa, et al.</u>

Dear Mr. and Mrs. Onsa:

     In August, our office served Interrogatories, Document Requests and Requests for Admissions upon the Defendants in connection with the above matter. You requested and we granted an extension of time in which to respond.

     Your responses to the Interrogatories and Requests for Admissions do not comply with the Federal Rules of Civil Procedure and your response to the Request for Documents consisted of a single sentence claiming that you have no documents other than documents already possessed by the Plaintiffs. This seems highly unlikely. For example, Document Request No. 4 requested documents related to contacts with the District of Columbia. Document Request No. 6 requested documents relating to the conduct of your business. Document Request No. 13 requested documents relating to licenses and registrations. Document Request No. 16 requested documents relating to tax returns. Document Request No. 17 requested documents relating to banking and other records. Document Request No. 23 requested documents relating to the REFCO and MAN accounts into which a portion of the Plaintiffs' capital was placed. These and all of the other requests were designed to lead to the discovery of admissible evidence in the pending litigation and you have an obligation to comply with these legitimate discovery requests.

     The answers to the Interrogatories and Requests for Admissions are equally deficient. For example, your answer to Interrogatory No. 1 names Anthony Karambelas but does not identify who he is as required. All of the Interrogatory answers are similarly lacking in required detail. Similarly, your answer to 77 out of the 97 Requests for Admission consists of the single word "Denied". Even in the responses where you used more than one word, the responses do not

**EXHIBIT**

**C**

October 24, 2006
Page 2

comply with the requirements of the Federal Rules of Civil Procedure.  For example, in response to Request for Admission No. 8, you denied that Mrs. Onsa is the wife of Mr. Onsa but this fact was admitted during the telephonic status conference on July 7, 2006.  We must insist on your compliance with the rules of the court.

To avoid any possible misunderstanding, I have provided a copy of Rules 33, 34 and 37 of the Federal Rules of Civil Procedure as an attachment to this letter.

I must urgently request your assurance of compliance with your discovery obligations. Because of the approaching deadline imposed by the Court, I will be forced to seek the Court's assistance in compelling discovery unless we are able to resolve all outstanding issues this week. Please contact me immediately.

Sincerely,

Paul Heylman

PH:bkm

Attachments

926741.1 10/24/06

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Ronald K. Henry )
Kaye Scholer LLP )
901 15th Street, NW )
Suite 1100 )
Washington, DC 20005 )
)
and )
) CIVIL ACTION: 05-02406 (HHK)
Constance B. Henry )
c/o Ronald K. Henry )
Kaye Scholer LLP )
901 15th Street, NW )
Washington, DC 2005 )
)
)
)
Plaintiffs, )
v. )
)
Ward Onsa )
910 Sycamore Court )
Marco Island, Florida 34145 )
)
Ward Onsa & Company )
910 Sycamore Court )
Marco Island, Florida 34145 )
)
and )
)
Denise Onsa )
910 Sycamore Court )
Marco Island, Fl 34145 )
)
)
Defendants. )

## DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants submit their response to Plaintiffs' second request for production of documents. With regard to all of the requests in the Plaintiffs' Second Set Of Requests for Production of Documents, Defendants state that on information and belief there are no documents in Defendants' possession

**EXHIBIT**

**D**

responsive to such that are not already in the possession of the Plaintiffs.

2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Ronald K. Henry )
Kaye Scholer LLP )
901 15th Street, NW )
Suite 1100 )
Washington, DC 20005 )
)
and )
)
) CIVIL ACTION:  05-02406 (HHK)
Constance B. Henry )
c/o Ronald K. Henry )
Kaye Scholer LLP )
901 15th Street, NW )
Washington, DC 2005 )
)
)
)
Plaintiffs, )
v. )
)
Ward Onsa )
910 Sycamore Court )
Marco Island, Florida 34145 )
)
Ward Onsa & Company )
910 Sycamore Court )
Marco Island, Florida 34145 )
)
and )
)
Denise Onsa )
910 Sycamore Court )
Marco Island, Fl 34145 )
)
)
Defendants. )

## DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND SET OF INTEROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants hereby provide

answers to the following interrogatories for the period 1992 through the present, as follows:

**EXHIBIT**

**E**

## INTERROGATORY 1

Identify all persons who participated in or provided information for the preparation of your answers to these interrogatories.

## ANSWER

Denise Onsa, Ward Onsa and Anthony Karambelas participated in or provided information for the preparation of the Defendants answers to the interrogatories.

## INTERROGATORY 2

Identify and describe all contacts with the District of Columbia since 1992 including, but not limited to, visits to or presence in the District of Columbia, telephone conversations with persons in the district of Columbia, correspondence by United States mail or otherwise with persons in the District of Columbia, conduct of business with or through institutions located in the District of Columbia, conduct of business in any form in the District of Columbia and any other contacts with the District of Columbia.

## ANSWER

A personal family trip was made once to the District of Columbia. Ward Onsa met with Ronald Henry during this visit. One other visit was made by Ward Onsa to Ronald Henry. There was correspondence made by U.S. Mail, UPS and/or Fed Ex between Plaintiffs and Defendants. There were several telephone conversations between Ward Onsa and Ronald Henry.

## INTERROGATORY 3

Identify and describe all contacts between any of the Defendants and any of the Plaintiffs including, but not limited to, meetings in any location, telephone conversations, correspondence by United States Mail or otherwise, receipt of funds from Plaintiffs, transmission of funds to

2

Plaintiffs, transmission of account statements to Plaintiffs, transmission of annual reports to Plaintiffs, transmission of any other materials to Plaintiffs, or any other contacts with any of the Plaintiffs in person or by any other means including telephonic, mail or electronic contacts.

## ANSWER

Please refer to Interrogatory No. 2 for answer

## INTERROGATORY 4

Identify and describe the nature of the business conducted by Ward Onsa, Denise Onsa, or Ward Onsa & Company including but not limited to contracts, banking or brokerage relationships, financial transactions, licenses or registrations, and tax filings or payments.

## ANSWER

Defendants object to this Interrogatory because it is overbroad and burdensome and not tending to lead to any pertinent information.

## INTERROGATORY 5

Identify and describe all amounts of money received by any of the Defendants from any of the Plaintiffs.

## ANSWER

Amounts received by Ward Onsa & Company from Ronald Henry are $1,300,000.00.

(Document was sent with first set of Interrogatories)

## INTERROGATORY 6

Identify and describe the amounts of money owed by any of the Defendants to any of the Plaintiffs.

3

## ANSWER

There are no amounts owed to the plaintiffs by any of the Defendants. (See Amended Answer to the Complaint and refer to Memorandum Opinion And Order, filed 6/18/2007 by Henry H. Kennedy, Jr., United States District Judge.)

## INTERROGATORY 7

Identify and describe any amounts of money paid by any of the Defendants to any of the Plaintiffs.

## ANSWER

The amount paid to any of the Plaintiffs by any of the Defendants is $1,020,000.00. (Document was sent with the first set of Interrogatories)

## INTERROGATORY 8

Identify and describe any promise, representation, assertion, commitment, or agreement to repay funds provided by any of the Plaintiffs to any of the Defendants.

## ANSWER

Please refer to answer for Interrogatory 7 and the Amended Answer to the Complaint.

## INTERROGATORY 9

Identify and describe any promise, representation, assertion, commitment, or agreement to pay over to any of the plaintiffs any profits, gains, capital value increase, or other amounts resulting from Plaintiffs' investment of funds with any of the Defendants.

4

## ANSWER

Please refer to answer for Interrogatory 8 and the Amended Answer to Complaint

## INTERROGATORY 10

Identify and describe any calculation, memorialization, or representation of the amounts owed by any of the Defendants to any of the Plaintiffs at any point in time.

## ANSWER

Defendants object to this Interrogatory because it is vague and ambiguous.  (See original Answer and Amended Answer to Complaint.)

## INTERROGATORY 11

Identify and describe any broker or security dealer licenses, registrations, qualifications or approvals and any other documents referring or relating to the authorization of any of the Defendants to participate in any of the transactions alleged in the Complaint.

## ANSWER

There are no broker or security dealer licenses, registrations, qualifications or approvals and any other documents referring to the authorization of any of the Defendants to participate in any of the transactions alleged in the Complaint.  There was merely a letter agreement between the Plaintiffs and the defendants.

## INTERROGATOY 12

Identify and describe any criminal, civil or disciplinary actions instituted by any person or organization against any of the Defendants in connection with the provision of any financial services including, but not limited to transactions of the type described in the Complaint.

5

## ANSWER

There are no criminal or disciplinary actions instituted by any person or organization against any of the Defendants in connection with the provision of any financial services including, but not limited to, transactions of the type described in the Complaint. There are two civil actions. One was instituted by Bruce Pomper against Ward Onsa and Ward Onsa and Company. The second was instituted by Steve Wahl against Ward Onsa and Ward Onsa and Company.

## INTERROGATORY 13

Identify and describe any litigation between any of the Defendants and any other person or entity including, but not limited to, litigations commenced by Bruce Pomper, Eric Friendlander, Stephen Wahl or any other person or entity.

## ANSWER

Defendants object to this interrogatory because it is not pertinent to any of the issues in this case.

## INTERROGATORY 14

Identify and describe any tax returns, tax assessments, tax-related penalties or other tax obligations of any of the Defendants.

## ANSWER

Defendants object to this interrogatory because it is a broad, sweeping request and  over burdensome and not related to any of the issues in this case.

## INTERROGATORY 15

Identify and describe any banking records, stock or securities transactions, deposits or

6

investments by any of the Defendants since November, 1993 including, but not limited to, transactions outside of the United States. You are reminded that all interrogatories include the request for information in the names of any of the three Defendants or in any other name directly or indirectly used by or controlled by any of the Defendants.

### ANSWER

Defendants object to this interrogatory because it is again a broad, sweeping request that is irrelevant to the issues in this case and places undue burden on defendants.

### INTERROGATORY 16

Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "this court lacks jurisdiction, both over the subject matter and personal jurisdiction over the Defendants."

### ANSWER

Please refer to the original Answer and Amended Answer to Complaint.

### INTERROGATORY 17

Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "$990,000 was returned to Plaintiff at Plaintiffs' request.

### ANSWER

Please refer to the original Answer and Amended Answer to Complaint.

### INTERROGATORY 18

Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "in the aftermath of 9/11, the Plaintiff was notified

7

that he could no longer expect or receive a 25% return and he immediately requested his
money back."

## ANSWER

Please refer to the original Answer and Amended Answer to Complaint.

## INTERROGATORY 19

Identify and describe all facts and documents referring or relating to the truth or untruth of the
statement in Defendants' answer that "Defendant explained to Plaintiff that he would return his
principal $1.3 million but none of the profit if Plaintiff wished to discontinue his investment."

## ANSWER

Please refer to the original Answer and Amended Answer to Complaint.

## INTERROGATORY 20

Identify and describe all facts and documents referring or relating to the truth or untruth
of the statement in Defendants' answer that "Plaintiff was so informed and received
$990,000.00 of his principal back for two accounts."

## ANSWER

Please refer to the Amended Answer to Complaint.

## INTERROGATORY 21

Identify and describe all facts and documents referring or relating to Refco Account
Number F135-48722 or Mann Financial, Inc. Account Number E-264-2640099361.

## ANSWER

Accounts were opened in Ronald Henry's name and as the account holder all
documents are in Ronald Henry's possession. Defendants have no documents.

8

## INTERRGAORTY 22

Identify and describe all facts and documents referring or relating to the ownership of or other interest in any asset by any of the Defendants including, but not limited to, securities, financial instruments, tangible or intangible personal property, or real estate including but not limited to 6 Remington Place, Ivyland, Pennsylvania, 18974, and 910 Sycamore Court, Marco Island, Florida, 34145.

## ANSWER

The Defendants possess no assets of significant value. Please refer to the Amended Answer to Complaint.

## INTERROGATORY 24

Explain and describe all investments or other uses of the funds provided to any of the Defendants by Ronald K. Henry or Constance B. Henry.

## ANSWER

There are none.

## INTERROGATORY 25

Explain and describe all litigations or demands for payment made against any of the Defendants by or on behalf of any person who invested money with or through any of the defendants.

9

## ANSWER

Defendants object to this Interrogatory because it is not pertinent to any of the issues of the case.

Dated: _____8- 6_____, 2007          By: _Ward Onsa_

**Ward Onsa**

Dated: _____8 - 6_____, 2007          By: _Denise Onsa_

**Denise Onsa**

10

## CROWLEY, HOGE & FEIN, P.C.

ATTORNEYS AT LAW
1710 RHODE ISLAND AVENUE, NW
SEVENTH FLOOR
WASHINGTON, D.C. 20036-3125
(202) 483-2900
FAX (202) 483-1365
WWW.CHF-LAW.COM

DANIEL H. CROWLEY (DC, MD)
CHRISTOPHER G. HOGE (DC, MD)
LESLIE G. FEIN (DC, MD)

4604 LANGDRUM LANE
CHEVY CHASE, MD 20815

August 8, 2007

Mr. Ward Onsa
Ms. Denise Onsa
910 Sycamore Court
Marco Island, FL 34145

BY FAX AND FEDERAL EXPRESS

Re: *Henry v. Onsa*

Dear Mr. and Mrs. Onsa:

I am in receipt of the discovery responses you FAXed to my office on the evening of August 6. As I'm sure you realize, they are still woefully deficient and fail to comply either with the applicable rules of civil procedure or Judge Robinson's oral order of July 24.

I do not intend in this letter to go into a detailed explanation of the many deficiencies in your responses. Rather, I will address them in a motion for sanctions to be filed within the next few days. The most glaring problem is your failure to produce even one document. As Judge Robinson explained at the last hearing, the fact that Mr. Henry may have copies of some of the documents does not in any way justify your failure to produce copies of everything you have. Moreover, it appears that the only documents ever received by Mr. and Mrs. Henry are the few items you chose to send to them, such as semi-annual statements showing the amount you owed to the Henrys. They have no documents whatsoever indicating where their money was invested by you or what happened to it. Mr. Henry and I recall that, at our meeting with Ward Onsa in Mr. Henry's office after the April 6 court hearing, Mr. Onsa promised to send us documents voluntarily without the need of formal discovery requests. Of course, that never happened and we were forced to file formal requests and then a motion to compel production. Now you have still produced no documents at all, despite the judge's clear order that you do so.

We need to set up depositions of both of you here in Washington this month. The new discovery deadline is August 31, and they have to be completed well before then. The dates we are available, starting with next Monday, are: August 13, 15, 17, 20, 22 and 24. Please let me know immediately which of those dates works for you. If I do not hear from you by Friday of this week, I will simply pick one of the dates that works for us and serve you with a formal notice of deposition for that date. If you do not appear, that will be an additional basis for our request for sanctions.

**EXHIBIT**

**F**

Mr. Ward Onsa
Ms. Denise Onsa
August 8, 2007
Page 2

Finally, pursuant to Judge Robinson's award of attorneys' fees related to our motion to compel, I am enclosing an itemized statement of those fees. Accordingly, I will expect your check in the amount of $3,300.00 by August 31, as the judge ordered. Your failure to make the payment would be yet another basis for our sanctions motion.

I look forward to hearing from you regarding the deposition date.

Sincerely,

Christopher G. Hoge

cc: Ronald K. Henry, Esq.
cgh/cd