UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ronald K. Henry and <br> Constance B. Henry <br><br>       Plaintiffs, <br><br>       v. <br><br> Ward Onsa, Ward Onsa & Company, <br> and Denise Onsa <br><br>       Defendants. | CIVIL ACTION: 05-02406 (HHK-DAR) <br> NEXT SCHEDULED COURT <br> EVENT: OCTOBER 1, 2007 <br> DISPOSITIVE MOTIONS DUE |

**PLAINTIFFS' SUPPLEMENTAL MOTION FOR SANCTIONS**

    Plaintiffs, Ronald K. Henry and Constance B. Henry, by their undersigned counsel, respectfully submit this supplement to their previously filed Motion for Sanctions.

    Certain events have occurred since the filing of the original motion on August 10, 2007, which Plaintiffs believe should be taken into consideration by the Court. Those events include the following:

    1. No opposition has been filed by Defendants to the original Motion. L Cv R 7(b) requires opposing points and authorities to be filed "within 11 days of the date of service or at such other time as the Court may direct". More than 11 days have elapsed, and the Court has not directed any different time period for a response.

    2. On August 22, 2007, Defendants Ward Onsa and Denise Onsa both appeared at the offices of Christopher G. Hoge, co-counsel for Plaintiffs, for their duly noted depositions.

    3. On that date, after approximately two hours spent in the first deposition (that of Ward Onsa), Defendants and counsel for Plaintiffs entered into settlement discussions.

4. After some discussion, the parties went back on the record before the Court Reporter and announced an agreement to adjourn the depositions for two days, until August 24, 2007, in order to have a further opportunity for settlement discussions. The parties also agreed to file a joint motion to extend the August 31, 2007 discovery deadline for one month.

5. After announcing this agreement on the record, the parties reached a tentative settlement agreement. Based upon the tentative agreement, on August 23, 2007, Mr. Hoge sent an e-mail to Defendants asking them to sign a letter of intent indicating their agreement to the settlement terms, conditioned upon Defendants having an opportunity to consult with an attorney and a tax adviser. Mr. Hoge further indicated that the depositions would be rescheduled from Friday, August 24, until Monday, August 27, 2007, *if* the letter of intent was signed by Defendants and returned to him by close of business on Friday, August 24.

6. On August 24, 2007, Mr. Hoge sent Mr. and Mrs. Onsa by e-mail a draft of a Joint Motion to Extend the Discovery Deadline as had been discussed on August 22. In the cover e-mail Mr. Hoge asked Mr. and Mrs. Onsa to contact him as soon as possible about both the letter of intent and the proposed Joint Motion.

7. Defendants have not to this date signed the letter of intent or agreed to the Joint Motion.

8. Defendants did not return to the offices of counsel for Plaintiffs on either August 24 or August 27, or at any other time, for completion of their depositions.

9. At the July 24, 2007, hearing on Plaintiffs' Motion to Compel, Magistrate Judge Robinson ordered that discovery be completed by August 31, 2007, and specifically that Defendants appear for their depositions by that date. As of the date of filing this supplement

(September 4, 2007), Defendants have neither appeared for the completion of their depositions nor signed a letter of intent to settle this matter on the terms discussed on August 22.

10. At the July 24 hearing Magistrate Judge Robinson also ordered Defendants to pay Plaintiffs' attorneys' fees in connection with the Motion to Compel no later than August 31, 2007.

11. On August 8, 2007, Mr. Hoge sent Defendants a letter seeking payment of those attorneys' fees, along with an itemized invoice. The letter and invoice were sent both by FAX and by Federal Express.

12. Defendants have failed to pay any attorneys' fees by August 31, 2007, as ordered.

13. Defendants have still produced not one document in response to Plaintiffs' two Rule 34 Requests for Production. Their inadequate Answers to Interrogatories (Ex. "E" to the Motion for Sanctions) have never been supplemented.

14. Defendants have utterly failed to comply with this Court's Orders of July 24, 2007, including the failure to provide full responses to Plaintiffs' outstanding discovery requests, the failure to give their depositions by August 31, and the failure to pay Plaintiffs' attorneys' fees for the Motion to Compel by August 31.

15. Defendants' failures are totally consistent with their past pattern of unresponsiveness and delay in this litigation, which is now more than two years old.

16. Severe sanctions, including the "ultimate sanction" of a default, are clearly warranted by this series of failures.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that their Motion for Sanctions be granted, and that this Court impose sanctions against Defendants pursuant to Fed. R. Civ. P. 37(b)(2).

        Respectfully submitted,

        RONALD K. HENRY
        CONSTANCE B. HENRY
        Plaintiffs
        By Counsel

/s/   Christopher G. Hoge        /s/ Ronald K. Henry
Christopher G. Hoge #203257        Ronald K. Henry #242941
Co-Counsel for Plaintiffs        Co-Counsel for Plaintiffs

CROWLEY, HOGE & FEIN, P.C.        KAYE SCHOLER LLP
1710 Rhode Island Avenue, N.W.        901 15th Street, N.W.
7th Floor        Washington, D.C.  20005
Washington, D.C.  20036        (202) 682-3590
(202) 483-2900

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing pleading was sent by Federal Express to Ward Onsa, Denise Onsa and Ward Onsa & Company, Defendants *pro se*, 910 Sycamore Court, Marco Island, FL 34145 by me this 4th day of September, 2007.

        /s/ Christopher G. Hoge
        Christopher G. Hoge

cgh/z/wpdirs/civil
rhenrysuppmfs.wpd