UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ronald K. Henry and<br>Constance B. Henry<br><br>            Plaintiffs,<br><br>      v.<br><br>Ward Onsa, Ward Onsa & Company,<br>and Denise Onsa<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION:  05-02406 (HHK-DAR)<br>)   NEXT SCHEDULED COURT<br>)   EVENT: OCTOBER 12, 2007<br>)   HEARING ON SANCTIONS MOTION<br>)<br>)<br>) |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE
IN OPPOSITION TO PLAINTIFFS'
SUPPLEMENTAL MOTION FOR SANCTIONS**

Plaintiffs Ronald K. Henry and Constance B. Henry, by their undersigned counsel, respectfully submit this reply in support of their Supplemental Motion for Sanctions.

This case has been pending for nearly two years and Defendants have, thus far, willfully failed and refused to produced even a single document in response to Plaintiffs' repeated discovery requests.  Further, Defendants have ignored the Court's repeated admonitions and the Court's previous Order compelling discovery.  This Court has already granted Defendants' Motion to Compel Discovery.  See Exhibit 1.

1.   Among other things, the Court's Order obligated Defendants to produce documents and pay Plaintiffs' legal fees in connection with the Motion to Compel. To date, Defendants have produced not a single page of documentary discovery, and have failed and refused to make the ordered payment.

2.   Defendants' only response to Plaintiffs' Supplemental Motion for Sanctions is to

claim that they cannot afford an attorney. This claim is preposterous as well as irrelevant.

3. Defendants' claim is preposterous because Plaintiffs have had limited success in obtaining documents through third party subpoenas and have found that Defendants have very substantial financial resources. For example, Exhibit 2 is an excerpt from the August 2007 bank account statement for just one of Defendants' accounts, which shows that Defendants received over $11,000.00 that month in this account alone. Plaintiffs, of course, do not know the full extent of Defendants' additional assets precisely because of Defendants' refusal to provide the discovery ordered by the Court.

4. Defendants' claim is irrelevant because, from the beginning, this Court has repeatedly informed Defendants of their obligations to comply with the rules and procedures of the court. For example, in the July 7, 2006 hearing, Defendants made the same claim that they did not understand the rules and Judge Kennedy stated on the record:

> "... And from here on out, I suggest that you make it your business to find out what the rules are and comply with them. That's really all that I can think to tell you. Because a suit has been filed, filed properly, and we'll go forward to a resolution of it, in accordance with the facts as they may be revealed properly and the law that governs these disputes."

Transcript of July 7, 2006 hearing, Exhibit 3, at p. 7. Defendants have also been explicitly ordered by this Court to comply with Plaintiffs' discovery requests; they do not need a lawyer to understand the meaning of that order.

5. In this litigation, Defendants' only claim of defense is that they "lost" the money that Plaintiffs entrusted to them. Under these circumstances, it would be natural to expect Defendants to quickly step forward with proof of how they innocently "lost" the money. The truth of the matter is that they cannot do so because the money, simply, was stolen by these Defendants.

6. In his deposition, Defendant Ward Onsa testified that there was a single account into which Plaintiffs' money was deposited and from which repayments to Plaintiffs were made. *See* Exhibit 4 at 20, 27.

7. Again, the Plaintiffs have had limited success in obtaining documents through third party subpoenas to banking institutions, and an example of a partial repayment to Plaintiffs through this account is shown in Exhibit 5.

8. In his deposition, Defendant Ward Onsa also testified that the Defendants never withdrew any money from this account for themselves. *See* Exhibit 4 at 28. This was a lie. The documents received pursuant to the third-party subpoena to Mellon Bank reveal that Defendants regularly took substantial funds from this account. *See* Exhibit 6.

9. The documents obtained under the third-party subpoena to Mellon Bank are incomplete but conclusively demonstrate that a minimum of $300,000.00 was taken by these Defendants from the account in which Plaintiffs' money had been deposited. *See* Exhibit 6.

10. There are many more lies in Defendant Ward Onsa's deposition which will be discussed at the upcoming hearing on the motion for sanctions.

11. Defendants' brazen theft of Plaintiffs' funds is the reason behind their refusal to give discovery. It is also the reason for Defendants' decision not to obtain counsel, since

counsel would have an obligation to tell the truth to this Court.

12. Finally, Defendants' claims that Plaintiffs have failed to communicate with Defendants are equally untrue. For example, when Defendants stated that they could not open a WordPerfect document provided by Plaintiffs' counsel, the document was sent again in Word format. *See* Exhibit 7.

13. Both Plaintiffs and Plaintiffs' counsel have made numerous attempts to reach Defendants at their telephone and email addresses. In most cases, it has only been possible to leave a voicemail message asking Defendants to return the call. The most recent successful communication occurred on September 17, 2007, when Mr. Henry succeeded in reaching Mrs. Onsa by telephone. In that telephone conversation, Mr. Henry again stated the need to take steps in the case to comply with the Court's rules and procedures. Since that date, Defendants have continued their failure and refusal to provide even a single page of the required documentary discovery.

WHEREFORE, Plaintiffs respectfully request that this court grant Plaintiffs' Motion for Sanctions, as supplemented. Plaintiffs respectfully submit that the proper remedy is the entry of default judgment for the full amount specified in the complaint.

Respectfully submitted,

RONALD K. HENRY
CONSTANCE B. HENRY
Plaintiffs
By Counsel

| | |
|---|---|
| /s/   Christopher G. Hoge | /s/ Ronald K. Henry |
| Christopher G. Hoge #203257 | Ronald K. Henry #242941 |
| Co-Counsel for Plaintiffs | Co-Counsel for Plaintiffs |
| | |
| CROWLEY, HOGE & FEIN, P.C. | KAYE SCHOLER LLP |
| 1710 Rhode Island Avenue, N.W. | 901 15th Street, N.W. |
| 7th Floor | Washington, D.C.  20005 |
| Washington, D.C.  20036 | (202) 682-3590 |
| (202) 483-2900 | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true copies of the foregoing pleading, with attached exhibits, were sent by e-mail to "wonsa1@comcast.net" and by Federal Express to Ward Onsa, Denise Onsa and Ward Onsa & Company, Defendants *pro se*, 910 Sycamore Court, Marco Island, FL 34145 by me this 10th day of October, 2007.

/s/ Christopher G. Hoge
Christopher G. Hoge


cgh/z/wpdirs/civil
rhenrysanctionsreply.wpd