UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Ronald K. Henry and<br>Constance B. Henry | ) )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | CIVIL ACTION:  05-02406 (HHK-DAR)<br>NEXT SCHEDULED COURT |
| Ward Onsa, Ward Onsa & Company,<br>and Denise Onsa | )<br>)<br>) | EVENT: OCTOBER 25, 2007<br>STATUS HEARING |
| Defendants. | )<br>)<br>) | |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM**
**REGARDING SANCTIONS**

At the October 12, 2007 hearing on Plaintiffs' Motion for Sanctions and Supplemental Motion for Sanctions, the Court granted both motions and took under advisement the appropriate sanctions to be imposed upon Defendants in addition to costs.  Plaintiffs Ronald K. Henry and Constance B. Henry, by their undersigned counsel, respectfully submit their position regarding which sanctions would be appropriate:

1. This litigation began because Plaintiffs could no longer ignore the increasingly obvious and inconsistent lies by the Defendants with respect to their disposition of Plaintiffs' invested funds.  They claimed that the money was here, the money was there, the money was overseas, the money was delayed by regulatory compliance issues, the investments were not liquid, on and on.  Finally, the Plaintiffs commenced this litigation.

2. After the commencement of the litigation, only one thing changed.  Instead of

simply lying to the Plaintiffs, the Defendants are now lying directly to the Court.

3. For example, Defendants' Answer denied knowledge of the MAN/REFCO account in which Plaintiffs had placed $160,000.00 under the control of Defendants. See Exhibit 1[1]. This lie was exposed when Plaintiffs produced brokerage a Man Financial document establishing Ward Onsa as the authorized representative controlling trades in this account. Exhibit 2.

4. In all of their pleadings and oral arguments, Defendants have claimed that the events of 9/11/01 somehow caused Plaintiffs' money to become "lost." This also is a transparent lie. Defendants have failed to produce a single document indicating how they might have "lost" Plaintiffs' money. Instead, Plaintiffs' third-party subpoenas have revealed that Defendants simply stole the money. Exhibit 3 is a sampling of checks dated **after** 9/11/01 showing that Defendants casually and repeatedly took large sums of money from the investment account and paid themselves.

5. Defendants also have no qualms about making up brand new lies and shifting to new positions even while standing in front of this Court. When it became apparent in the midst of the hearing held on October 12 that this Court was going to impose sanctions, Defendants did not hesitate before launching a whole new set of lies about how they allegedly had made complete financial disclosure in their interrogatory answers. To the contrary, Defendants' interrogatory answers flatly

---

[1]Man Financial, Inc., the company referred to on Ex. 2, now owns REFCO, the company referred to in the Onsas' Answer (Ex. 1). Plaintiffs' funds were initially deposited into Man Financial, and they were later transferred to REFCO.

refused to provide any financial information. See Exhibit 4. For example, Interrogatory 15 requested information about banking records and stock and security transaction records, to which Defendants responded: "Defendants object to this interrogatory because it is again a broad, sweeping request that is irrelevant to the issues in this case and places undue burden on the defendants."[2] Similarly, with regard to Interrogatories 19 and 20, requesting information about Defendants' claims as to the return of Plaintiffs' money, Defendants responded: "Please refer to the original Answer and Amended Answer to Complaint." With regard to Interrogatory 24, asking directly for information about "investments or other uses of the funds provided to any of the Defendants by Ronald K. Henry or Constance B. Henry", the Defendants replied: "There are none." *See* Exhibit 4.

6. When confronted with canceled checks obtained under third party subpoenas showing that Defendants have stolen money from the investment account, Defendants stood in front of this Court and brazenly invented the new lie (directly contradicted by representations made in Ward Onsa's deposition) that they were simply paying themselves previously undisclosed, unlimited and unauthorized amounts for their living expenses.

7. The fact of the matter is that this case is riddled with multiple intentional falsehoods by these Defendants, and that they have entered the zone of potential criminal contempt. Those kinds of sanctions, however, are for another day since

---

[2] Note that the Court's July 21, 2007 Order explicitly held that all objections to Plaintiffs' discovery requests have been waived.

   the Court's ruling on October 12 addressed only Plaintiffs' motion for civil contempt sanctions.

8. With respect to civil contempt, Plaintiffs respectfully request entry of a default for the reasons set forth in Plaintiffs' prior pleadings, at the October 12th hearing, and herein.

9. In the event that the Court chooses to show further leniency in the face of Defendants' continuing lies and violations of their obligations to the Court, Plaintiffs respectfully urge the Court to recall that Defendants' flagrant resistance against all legitimate discovery efforts has stymied any progress in this litigation for nearly two years. Indeed, the litigation is not just "back to Square One". The reality is that we have not yet even gotten to Square One because all of the efforts of the Plaintiffs and the Court have been diverted by the continuing need to deal with lies that never should have entered Defendants' pleadings in the first place.

10. Accordingly, if the Court chooses not to enter a default, Plaintiffs respectfully request the Court's consideration of an Order containing the following provisions:

  a. Defendants are precluded from contradicting or denying any of the representations made in their prior pleadings or appearances before the Court, and any inconsistencies in the representations or appearances by Defendants shall be resolved in the manner most favorable to Plaintiffs; and

  b. All amounts taken out of the Ward Onsa & Company account by

      Defendants and paid to themselves must be immediately returned to Plaintiffs up to the amount of Plaintiffs' unreturned capital; and

c.    Defendants are required to pay all of Plaintiffs' costs, including attorney's fees, since the beginning of this litigation; and

d.    Defendants are found to be in civil contempt of this Court's Orders and are ordered to pay the amount of $50,000.00 to the Plaintiffs.

e.    In the even that any portion of this case is not resolved by default judgment, additional discovery will be needed and Plaintiffs respectfully propose a new discovery deadline of January 31, 2008.

      Respectfully submitted,

      RONALD K. HENRY
      CONSTANCE B. HENRY
      Plaintiffs
      By Counsel

/s/   Christopher G. Hoge            /s/ Ronald K. Henry
Christopher G. Hoge #203257       Ronald K. Henry #242941
Co-Counsel for Plaintiffs             Co-Counsel for Plaintiffs

| | |
|---|---|
| CROWLEY, HOGE & FEIN, P.C. | KAYE SCHOLER LLP |
| 1710 Rhode Island Avenue, N.W. | 901 15th Street, N.W. |
| 7th Floor | Washington, D.C.  20005 |
| Washington, D.C.  20036 | (202) 682-3590 |
| (202) 483-2900 | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing pleading was sent by e-mail to "wonsa1@comcast.net" and by Federal Express to Ward Onsa, Denise Onsa and Ward Onsa & Company, Defendants *pro se*, 910 Sycamore Court, Marco Island, FL 34145 by me this 19th day of October, 2007.

/s/ Christopher G. Hoge
Christopher G. Hoge

cgh/z/wpdirs/civil
rhenrysanctionsmemo.wpd