UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ronald K. Henry )
Kaye Scholer LLP )
901 15th Street, NW )
Suite 1100 )
Washington, DC 20005 )
)
and )
)
Constance B. Henry )          CIVIL ACTION: 05-02406 (HHK)
c/o Ronald K. Henry )
Kaye Scholer LLP )
901 15th Street, NW )
Washington, DC 2005 )
)
)
)
      Plaintiffs, )
   v. )
)
Ward Onsa )
910 Sycamore Court )
Marco Island, Florida 34145 )
)
Ward Onsa & Company )
910 Sycamore Court )
Marco Island, Florida 34145 )
)
and )
)
Denise Onsa )
910 Sycamore Court )
Marco Island, Fl 34145 )
)
)
      Defendants. )

**EXHIBIT 4**

## DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND SET OF INTEROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants hereby provide answers to the following interrogatories for the period 1992 through the present, as follows:

## INTERROGATORY 1

Identify all persons who participated in or provided information for the preparation of your answers to these interrogatories.

## ANSWER

Denise Onsa, Ward Onsa and Anthony Karambelas participated in or provided information for the preparation of the Defendants answers to the interrogatories.

## INTERROGATORY 2

Identify and describe all contacts with the District of Columbia since 1992 including, but not limited to, visits to or presence in the District of Columbia, telephone conversations with persons in the district of Columbia, correspondence by United States mail or otherwise with persons in the District of Columbia, conduct of business with or through institutions located in the District of Columbia, conduct of business in any form in the District of Columbia and any other contacts with the District of Columbia.

## ANSWER

A personal family trip was made once to the District of Columbia. Ward Onsa met with Ronald Henry during this visit. One other visit was made by Ward Onsa to Ronald Henry. There was correspondence made by U.S. Mail, UPS and/or Fed Ex between Plaintiffs and Defendants. There were several telephone conversations between Ward Onsa and Ronald Henry.

## INTERROGATORY 3

Identify and describe all contacts between any of the Defendants and any of the Plaintiffs including, but not limited to, meetings in any location, telephone conversations, correspondence by United States Mail or otherwise, receipt of funds from Plaintiffs, transmission of funds to

2

Plaintiffs, transmission of account statements to Plaintiffs, transmission of annual reports to Plaintiffs, transmission of any other materials to Plaintiffs, or any other contacts with any of the Plaintiffs in person or by any other means including telephonic, mail or electronic contacts.

### ANSWER

Please refer to Interrogatory No. 2 for answer

### INTERROGATORY 4

Identify and describe the nature of the business conducted by Ward Onsa, Denise Onsa, or Ward Onsa & Company including but not limited to contracts, banking or brokerage relationships, financial transactions, licenses or registrations, and tax filings or payments.

### ANSWER

Defendants object to this Interrogatory because it is overbroad and burdensome and not tending to lead to any pertinent information.

### INTERROGATORY 5

Identify and describe all amounts of money received by any of the Defendants from any of the Plaintiffs.

### ANSWER

Amounts received by Ward Onsa & Company from Ronald Henry are $1,300,000.00.

(Document was sent with first set of Interrogatories)

### INTERROGATORY 6

Identify and describe the amounts of money owed by any of the Defendants to any of the Plaintiffs.

3

### ANSWER

There are no amounts owed to the plaintiffs by any of the Defendants. (See Amended Answer to the Complaint and refer to Memorandum Opinion And Order, filed 6/18/2007 by Henry H. Kennedy, Jr., United States District Judge.)

### INTERROGATORY 7

Identify and describe any amounts of money paid by any of the Defendants to any of the Plaintiffs.

### ANSWER

The amount paid to any of the Plaintiffs by any of the Defendants is $1,020,000.00. (Document was sent with the first set of Interrogatories)

### INTERROGATORY 8

Identify and describe any promise, representation, assertion, commitment, or agreement to repay funds provided by any of the Plaintiffs to any of the Defendants.

### ANSWER

Please refer to answer for Interrogatory 7 and the Amended Answer to the Complaint.

### INTERROGATORY 9

Identify and describe any promise, representation, assertion, commitment, or agreement to pay over to any of the plaintiffs any profits, gains, capital value increase, or other amounts resulting from Plaintiffs' investment of funds with any of the Defendants.

### ANSWER

Please refer to answer for Interrogatory 8 and the Amended Answer to Complaint

### INTERROGATORY 10

Identify and describe any calculation, memorialization, or representation of the amounts owed by any of the Defendants to any of the Plaintiffs at any point in time.

### ANSWER

Defendants object to this interrogatory because it is vague and ambiguous. (See original Answer and Amended Answer to Complaint.)

### INTERROGATORY 11

Identify and describe any broker or security dealer licenses, registrations, qualifications or approvals and any other documents referring or relating to the authorization of any of the Defendants to participate in any of the transactions alleged in the Complaint.

### ANSWER

There are no broker or security dealer licenses, registrations, qualifications or approvals and any other documents referring to the authorization of any of the Defendants to participate in any of the transactions alleged in the Complaint. There was merely a letter agreement between the Plaintiffs and the defendants.

### INTERROGATOY 12

Identify and describe any criminal, civil or disciplinary actions instituted by any person or organization against any of the Defendants in connection with the provision of any financial services including, but not limited to transactions of the type described in the Complaint.

**ANSWER**

There are no criminal or disciplinary actions instituted by any person or organization against any of the Defendants in connection with the provision of any financial services including, but not limited to, transactions of the type described in the Complaint. There are two civil actions. One was instituted by Bruce Pomper against Ward Onsa and Ward Onsa and Company. The second was instituted by Steve Wahl against Ward Onsa and Ward Onsa and Company.

**INTERROGATORY 13**

Identify and describe any litigation between any of the Defendants and any other person or entity including, but not limited to, litigations commenced by Bruce Pomper, Eric Friendlander, Stephen Wahl or any other person or entity.

**ANSWER**

Defendants object to this interrogatory because it is not pertinent to any of the issues in this case.

**INTERROGATORY 14**

Identify and describe any tax returns, tax assessments, tax-related penalties or other tax obligations of any of the Defendants.

**ANSWER**

Defendants object to this interrogatory because it is a broad, sweeping request and over burdensome and not related to any of the issues in this case.

**INTERROGATORY 15**

Identify and describe any banking records, stock or securities transactions, deposits or

investments by any of the Defendants since November, 1993 including, but not limited to, transactions outside of the United States. You are reminded that all interrogatories include the request for information in the names of any of the three Defendants or in any other name directly or indirectly used by or controlled by any of the Defendants.

### ANSWER

Defendants object to this interrogatory because it is again a broad, sweeping request that is irrelevant to the issues in this case and places undue burden on defendants.

### INTERROGATORY 16

Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "this court lacks jurisdiction, both over the subject matter and personal jurisdiction over the Defendants."

### ANSWER

Please refer to the original Answer and Amended Answer to Complaint.

### INTERROGATORY 17

Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "$990,000 was returned to Plaintiff at Plaintiffs' request.

### ANSWER

Please refer to the original Answer and Amended Answer to Complaint.

### INTERROGATORY 18

Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "in the aftermath of 9/11, the Plaintiff was notified

7

that he could no longer expect or receive a 25% return and he immediately requested his money back."

### ANSWER

Please refer to the original Answer and Amended Answer to Complaint.

### INTERROGATORY 19

Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "Defendant explained to Plaintiff that he would return his principal $1.3 million but none of the profit if Plaintiff wished to discontinue his investment."

### ANSWER

Please refer to the original Answer and Amended Answer to Complaint.

### INTERROGATORY 20

Identify and describe all facts and documents referring or relating to the truth or untruth of the statement in Defendants' answer that "Plaintiff was so informed and received $990,000.00 of his principal back for two accounts."

### ANSWER

Please refer to the Amended Answer to Complaint.

### INTERROGATORY 21

Identify and describe all facts and documents referring or relating to Refco Account Number F135-48722 or Mann Financial, Inc. Account Number E-264-2640099361.

### ANSWER

Accounts were opened in Ronald Henry's name and as the account holder all documents are in Ronald Henry's possession. Defendants have no documents.

8

## INTERRGAORTY 22

Identify and describe all facts and documents referring or relating to the ownership of or other interest in any asset by any of the Defendants including, but not limited to, securities, financial instruments, tangible or intangible personal property, or real estate including but not limited to 6 Remington Place, Ivyland, Pennsylvania, 18974, and 910 Sycamore Court, Marco Island, Florida, 34145.

## ANSWER

The Defendants possess no assets of significant value. Please refer to the Amended Answer to Complaint.

## INTERROGATORY 24

Explain and describe all investments or other uses of the funds provided to any of the Defendants by Ronald K. Henry or Constance B. Henry.

## ANSWER

There are none.

## INTERROGATORY 25

Explain and describe all litigations or demands for payment made against any of the Defendants by or on behalf of any person who invested money with or through any of the defendants.

9

## ANSWER

Defendants object to this interrogatory because it is not pertinent to any of the issues of the case.

Dated: __8-6__, 2007          By: _Ward Onsa_
                                   Ward Onsa

Dated: __8-6__, 2007          By: _Denise Onsa_
                                   Denise Onsa