UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ronald K. Henry and Constance B. Henry | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION: 05-02406 (HHK-DAR) ) NEXT SCHEDULED COURT ) EVENT: FEBRUARY 29, 2008 |
| Ward Onsa, Ward Onsa & Company, and Denise Onsa | ) STATUS HEARING ) BEFORE JUDGE KENNEDY ) |
| Defendants. | ) ) ) ) |

**PLAINTIFFS' FEBRUARY 6, 2008 STATUS REPORT AND
REQUEST FOR RULING ON PENDING SANCTIONS MOTIONS**

Plaintiffs Ronald K. Henry and Constance B. Henry, by their undersigned counsel, hereby submit this status report and request for ruling as follows:

1. This matter was last before Magistrate Judge Robinson on October 12, 2007, in connection with Plaintiffs' second motion for the imposition of sanctions against Defendants. Magistrate Judge Robinson first imposed sanctions against Defendants for failure to give discovery in an Order dated July 24, 2007. At the October 12, 2007 hearing, Magistrate Judge Robinson granted Plaintiffs' second motion for the imposition of sanctions against Defendants **and further advised Defendants that the imposition of additional sanctions remained under consideration**:

> "No later than Friday, October 19, 2007, Defendants are ORDERED to pay Plaintiffs' costs, including reasonable attorney's fees, of moving for further relief with respect to the conduct of discovery. The Court has taken under advisement the additional sanctions requested by Plaintiffs."

*See* Minute Entry of October 12, 2007 (Attachment 1).

2. On October 25, 2007, Judge Henry H. Kennedy held a status conference and again reminded Defendants that further sanctions for failure to give discovery were under consideration by the Court. (Transcript on order).

3. The next scheduled court event in this matter is another status conference before Judge Kennedy on February 29, 2008. Trial has been scheduled for June 9, 2008.

4. Contrary to this Court's Order of October 16, 2007, the Defendants have not paid Plaintiffs' costs, including reasonable attorney's fees, and such costs and fees in the amount of $8,298.08 remain unpaid. (Defendants did pay $3300 related to the Court's July 24, 2007 Order.)

5. Defendants have not cured their defective Responses to Interrogatories. Nor have they cured their defective Responses to Requests for Admissions. Defendants have not returned to Washington for their depositions. Most importantly, Defendants continue their failure to produce even a single document in response to Plaintiffs' Document Requests. The last contact from Defendants was on October 30, 2007 when Defendant Ward Onsa advised Plaintiff Ronald Henry by telephone that he was traveling to Florida to consult with Defendant Denise Onsa and would respond further to Plaintiffs in the following week. The promised response never came.

6. Both Judge Kennedy (October 25, 2007) and Magistrate Judge Robinson (October 12, 2007) affirmatively advised Defendants that further sanctions were under consideration but did not immediately impose such sanctions. Both Judge Kennedy and Magistrate Judge Robinson thus gave Defendants one more opportunity to come into compliance with their obligations to this Court in order to avert such further sanctions. However, Defendants have utterly and completely failed to do so. Accordingly, it is now time for the imposition of the further sanctions requested by Plaintiffs.

**Background**

7. The Court will recall that the central facts of this case are undisputed. Defendants admit that they received $1,300,000 from Plaintiffs over a period of time for investment purposes, but they returned only a portion of this capital and returned none of the gains that had been shown in periodic account statements sent by Defendants to Plaintiffs. Defendants' sole defense is that they somehow "lost" the remaining capital and all the gains. Plaintiffs seek discovery to find out what Defendants did with Plaintiffs' money.

8. Despite two Rule 34 Requests for Production, Defendants have absolutely refused to produce even a single document showing how they used Plaintiffs' money. However, Plaintiffs have been able to gain limited insight through third-party subpoenas. These documents (checks and bank statements) subpoenaed from Defendants' banks demonstrate that Defendants simply took Plaintiffs' money out of the investment account and converted it to Defendants' own personal use and

consumption. At this stage, it does not appear that Defendants ever actually entered into any investments with the funds received from Plaintiffs. Rather, it appears that Plaintiffs' funds simply sat dormant in Defendants' bank account until Defendants pulled it out for their own personal use and consumption. These matters are more fully described in Plaintiffs' prior pleadings, including Plaintiffs' Supplemental Memorandum Regarding Sanctions. *See*, *e.g.*, Attachment 2. Although the information obtained under the third-party subpoenas is limited, that information does make abundantly clear the reasons for Defendants' refusal to comply with their discovery obligations, since such discovery would further establish Defendants' incontrovertible liability to Plaintiffs.

9. At this stage, Plaintiffs are unable to prepare for the June 9, 2008 trial solely because of Defendants' refusal to comply with the Orders of this Court to give discovery. Defendants' only defense is that they "lost" the money, but only Defendants know what they actually did with the funds and they have chosen to conceal that from the Plaintiffs and from the Court. Defendants' continuing contempt for this Court and for their obligations toward the Court require the imposition of immediate sanctions.

10. As explained in Attachment 2 and in Plaintiffs' other pleadings, these Defendants simply move from lie to lie in hope of somehow finding a story that cannot be disproven. For example, in his deposition, Mr. Onsa testified that he never took any of the invested funds for himself:

> "And after I would have satisfied my projections to people, I would have received a lump sum, so I did not draw money from the account. I left my potential share of it in the account."

August 22, 2007 Deposition of Ward Onsa, at 28. (Attachment 3).

11. When confronted with the checks received pursuant to the third-party subpoenas showing that Defendants had taken massive distributions of Plaintiffs' money for themselves, Mr. Onsa stood at the lectern in the Courtroom and, on the record, simply made up a new story:

> "I had never stated that I did not receive a salary for controlling Mr. Henry's as well as other peoples' money."

Transcript of October 12, 2007 Hearing at 23. (Attachment 4).

12. Quite apart from the obvious contradiction, the new story gains nothing for Defendants since the unauthorized taking of Plaintiffs' money is not changed by calling it a "salary." Nevertheless, the point is clear that this case cannot properly be tried without discovery to stop the continually changing stories and to find the true facts. Defendants' refusal to honor their discovery obligations is a direct and, so far, successful effort to prevent Plaintiffs from properly preparing for trial.

**The Appropriate Sanctions**

13. As previously explained to the Court, Plaintiffs believe that the appropriate sanction at this stage is entry of a Default Judgment against all Defendants on all counts. Defendants' continuing contempt for the Court and the Court's processes fully justify and, Plaintiffs submit, mandate the entry of Default Judgment.

14. The Court has already shown far more leniency to these Defendants than is warranted. Plaintiffs have previously explained how Defendants' continually

shifting stories have taken this case back to "Square One." Indeed, Plaintiffs are not yet even at Square One because Defendants' multiple, conflicting stories do not provide any coherent starting point from which the Court can begin to try to evaluate the merits. Defendants' Answer to the Complaint was contradicted by their Amended Answer, which was contradicted by their subsequent briefs, which were contradicted by Defendant Ward Onsa's deposition and contradicted again by their statements in open court.

15. If, for any reason, the Court chooses to deny entry of a Default Judgment against these Defendants, the following intermediate sanctions should be immediately imposed:

   a. The amount of $8,298.08 remaining unpaid by Defendants under this Court's previous Order shall be paid in full no later than February 15, 2008.

   b. Defendants are ordered to pay all of Plaintiffs' costs, including reasonable attorney's fees, from the beginning of this litigation and through the date of this Order.

   c. Discovery is reopened until April 4, 2008, and Defendants shall respond fully and without objection to all document requests, interrogatories, and requests for admissions propounded by Plaintiffs.

   d. Defendants shall appear in Washington, DC on a date agreeable to Plaintiffs for the continuation of their depositions.

   e. Defendants shall pay all costs, including reasonable attorney's fees,

incurred by Plaintiffs in conducting such reopened discovery.

f.  Defendants are found in civil contempt of this Court's orders and are ordered to pay the amount of $50,000 to the Plaintiffs.

g.  Defendants are precluded from contradicting or denying any of the representations made in any of their prior pleadings or appearances before the Court, and any inconsistencies in the representations or appearances by Defendants shall be resolved in the manner most favorable to Plaintiffs.

h.  All amounts taken out of the Ward Onsa & Co. account by Defendants and paid to themselves shall immediately be returned to Plaintiffs up to the amount of Plaintiffs' unreturned capital.

i.  For any allegation of fact or conclusion of law with respect to which Defendants fail to give full and complete discovery, such allegation of fact or conclusion of law shall be deemed to be admitted.

j.  With respect to any portion of Defendants' answer, amended answer, or other defense for which Defendants fail to make full and complete discovery, such answer, amended answer or defense shall be stricken and the matter shall be deemed as admitted by Defendants.

Respectfully submitted,

RONALD K. HENRY
CONSTANCE B. HENRY
Plaintiffs
By Counsel

| | |
|---|---|
| /s/  Christopher G. Hoge | /s/  Ronald K. Henry |
| Christopher G. Hoge #203257 | Ronald K. Henry #242941 |
| Co-Counsel for Plaintiffs | Co-Counsel for Plaintiffs |
| | |
| CROWLEY, HOGE & FEIN, P.C. | KAYE SCHOLER LLP |
| 1710 Rhode Island Avenue, N.W. | 901 14th Street, N.W. |
| 7th Floor | Washington, D.C.  20005 |
| Washington, D.C.  20036 | (202) 682-3590 |
| (202) 483-2900 | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing pleading was sent by e-mail to "wonsa1@comcase.net" and by Federal Express to Ward Onsa, Denise Onsa and Ward Onsa & Company, Defendants *pro se*, 910 Sycamore Court, Marco Island, FL 34145 by me this 6th day of February, 2008.

/s/  Christopher G. Hoge
Christopher G. Hoge

cgh/z/wpdirs/civil
rhenrystatusrpt2.wpd