UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD K. HENRY, et al.,

    Plaintiffs,

  v.

WARD ONSA, et al.,

    Defendants.

Civil Action No. 05-2406
HHK/DAR

**MEMORANDUM ORDER**
Imposing Further Sanctions in Accordance With October 12, 2007 Ruling from the Bench
Granting Plaintiffs' Motions for Sanctions, Document Nos. 21, 23

On October 12, 2007, Plaintiffs, through their counsel, and both Defendants, proceeding *pro se,* appeared before the undersigned United States Magistrate Judge for a hearing on Plaintiffs' then-pending motions for sanctions.[1] For the reasons set forth on the record, the undersigned granted both motions; awarded Plaintiffs their costs, including reasonable attorney's fees, of moving to compel and for sanctions;[2] and took under advisement Plaintiffs' request for the imposition of additional sanctions. Transcript of Hearing on Motions (Document No. 32) at

---

[1] On July 24, 2007, following a hearing, the undersigned granted Plaintiffs' Motion to Compel Discovery (Document No. 18) for the reasons set forth on the record. Transcript of Hearing on Motion to Compel Discovery (Document No. 34) at 23-24. Also from the bench, the undersigned extended discovery through August 31, 2007; ordered Defendants, by no later than August 6, 2007, to serve complete responses, without objections, to Plaintiffs' interrogatories and requests for production of documents; ordered Defendants to appear in the District of Columbia for their depositions on mutually agreeable dates between August 7 and August 31, 2007; and ordered Defendants, by no later than August 31, 2007, to pay Plaintiffs' costs, including reasonable attorney's fees, of moving to compel discovery. *Id.* at 24-25.

[2] The undersigned ordered Defendants to pay said costs by no later that October 19, 2007.

Henry, et al., v. Onsa, et al.                                                                                           2

50-52.

  Since the October 12, 2007 hearing, Plaintiffs have filed two status reports.  In their first report, which Plaintiffs filed on October 24, 2007, Plaintiffs represent that as of that date, Defendants had not paid the full extent of the costs which the undersigned awarded on October 12, 2007;[3] had "still failed to produce a single document in response to Plaintiffs' Document Request[;]" and continued their "stead[fast] refus[al] to provide any discovery that would support their single defense that they 'lost' Plaintiffs' money."  Plaintiffs' Status Report (Document No. 30) at 2-3.[4]  In their second status report, which Plaintiffs filed on February 6, 2008, Plaintiffs represent that as of that date, Defendants still had not paid the costs which the undersigned awarded on October 12, 2007;[5] had not "cured their defective Responses to Interrogatories [] . . . [and] defective Responses to Requests for Admissions[,]" and had not returned to the District of Columbia for their depositions.[6]  Plaintiffs' February 6, 2008 Status Report and Request for Ruling on Pending Sanctions Motions ("Plaintiffs' February 6, 2008 Status Report") (Document No. 33) at 2.

  Defendants did not seek further review of either the July 24, 2007 Order compelling discovery, or of the October 12, 2007 Order granting Plaintiffs' motions for sanctions and ordering Defendants to pay Plaintiffs their costs by October 19, 2007.  Defendants did not file a status report, memorandum or motion to dispute any of the assertions made by Plaintiffs in their

---

[3] *See* n.2, *supra; see also* Plaintiffs' Status Report (Document No. 30) at 2.

[4] *See* n. 1, *supra.*

[5] *See* n.2, *supra.*

[6] *See* n. 1, *supra*.

Henry, et al., v. Onsa, et al.                                                                                           3

October 24, 2007 status report; nor have they filed any status report, memorandum or motion to dispute any of the assertions made by Plaintiffs in their February 6, 2008 status report. At no time have Defendants moved for an extension of time in which to comply with any provision of either the July 24, 2007 Order or of the October 12, 2007 Order.

**DISCUSSION**

*Applicable Standards*

    Rule 37(b)(2) of the Federal Rules of Civil Procedure provides, in pertinent part, that

> [i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
>
>     (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
>     (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
>     (iii) striking pleadings in whole or in part;
>
>     (iv) staying further proceedings until the order is obeyed;
>
>     (v) dismissing the action or proceeding in whole or in part;
>
>     (vi) rendering a default judgment against the disobedient party; or
>
>     (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Henry, et al., v. Onsa, et al.                                                                                                          4

Fed.R.Civ.P. 37(b)(2)(A);[7] *see also Bonds v. Dist. of Columbia,* 93 F.3d 801, 807-08 (D.C. Cir. 1996), *cert. denied,* 520 U.S. 1274 (1997)); *Law Office of Azita Mojarad v. Aguirre,* No. CIV.A. 05-0038, 2006 WL 785415, at *10 (D.D.C. March 27, 2006); *Peterson v. Hantman,* 227 F.R.D. 13, 15 (D.D.C. 2005) ("The Federal Rules authorize a wide array of sanctions, including staying the proceedings pending compliance with a court order, taking certain facts as established, prohibiting a party from introducing certain matters into evidence, finding a party in contempt of court, and dismissing the action or any part thereof.").[8]

The district court has broad discretion in managing discovery, and "[t]his deference [accorded by the circuit] extends to the district court's imposition of discovery sanctions." *Flynn v. Dick Corp.,* 481 F.3d 824, 835 (D.C. Cir. 2007) (citing *Jankins v. TDC Mgmt. Corp.,* 21 F.3d 436, 445 (D.C. Cir. 1994)); *see also Bonds,* 93 F.3d at 807 ("Under Rule 37, the district court has broad discretion to impose sanctions for discovery violations."); *Mojarad,* 2006 WL 785415, at *10 (the list of sanctions enumerated in Rule 37(b)(2) is neither exhaustive nor mutually exclusive, and "the court may impose more than one of the enumerated sanctions at the same time[]"; "[t]he imposition of the number and type of sanctions employed under Rule 37(b)(2) is left to the discretion of the trial judge.") (citations omitted); *Handy v. Shaw, Bransford, Veilleux & Roth,* No. CIV.A.00-2336, 2006 WL 3791387, at *8 (D.D.C. December 22, 2006) ("Indeed, the 'district court has been delegated a good deal of discretion in making discovery orders and

---

[7] Rule 37(b)(2)(C) further provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C).

[8] Rule 37(b)(2) was amended effective December 1, 2007. While the text of the rule as amended varies to some degree from the text quoted in the authorities cited herein, "[t]hese changes are intended to be stylistic only." Fed. R. Civ. P. Advisory committee's note (2007 Amendment).

Henry, et al., v. Onsa, et al.                                                                                                                    5

enforcing them with sanctions.'") (citation omitted).

      However, the District of Columbia Circuit has held that

> [t]he central requirement of Rule 37 is that "any sanction must be 'just,'" . . . which requires in cases involving severe sanctions that the district court consider whether lesser sanctions would be more appropriate for the particular violation. . . . The choice of sanction should be guided by the "concept of proportionality" between offense and sanction. . . . Particularly in the context of litigation-ending sanctions, we have insisted that "'since our system favors the disposition of cases on the merits, dismissal is a sanction of last resort to be applied only after less dire alternatives have been explored without success' or would obviously prove futile." . . . In determining whether a severe sanction is justified, the district court may consider the resulting prejudice to the other party, any prejudice to the judicial system, and the need to deter similar misconduct in the future.

*Bonds,* 93 F.3d at 808 (citations omitted). As articulated by a judge of this court, "any sanctions awarded must be proportional to the underlying offense[,]" and a district court must evaluate "the resulting prejudice to the sanctioned party, prejudice to the judicial system, and the need to deter future similar misconduct[]" before the imposition of "severe sanctions[.]" *Banks v. Office of the Senate Sergeant-at-Arms,* 241 F.R.D. 370, 372 (D.D.C. 2007) (citing *Bonds,* 93 F.3d at 808); *see also Rude v. The Dancing Crab at Washington Harbor, LP,* 245 F.R.D. 18, 22 (D.D.C. 2007) ("When the most severe sanctions, such as dismissal or default, are requested, the Court must determine whether lesser sanctions would be more appropriate.") (citing *Bonds,* 93 F.3d at 808).

*Findings*

      Upon consideration of these authorities in the context of the record of Defendants' disregard of the orders of the undersigned compelling Defendants to provide discovery, the

Henry, et al., v. Onsa, et al.                                                                                          6

undersigned will preclude Defendants from offering evidence, including their own testimony, at the trial of this action. The undersigned finds–and indeed, Defendants have never disputed–that Defendants have failed to provide any discovery at all, save the introductory answers by Defendant Ward Onsa when his deposition was commenced. Thus, on the eve of the final pretrial conference, neither Plaintiff nor the trial court have even a clue regarding the evidence which supports either the many factual assertions Defendants included in their answer to Plaintiffs' complaint, or the denials and defenses which Defendants have pled.[9] In this circumstance, imposition of a lesser sanction is simply not a viable alternative. *Cf. Handy,* 2006 WL 3791387, at *8 (dismissal of the plaintiff's complaint as a discovery sanction warranted where the plaintiff's "total failure" to provide discovery left the court and the opposing parties without information "as to the substance of [her] claims and therefor [unable] to determine whether the discovery [she] failed to provide is relevant to some, or all, of her claims.").[10]

In so finding, the undersigned has taken into account the warnings to Defendants given by both the undersigned and the trial court from offering evidence, including their own testimony, at the trial of this action. The undersigned finds that the multiple warnings compel the conclusion that Defendants' disregard of the undersigned's order compelling discovery was willful. *Handy,* 2006 WL 3791387, at *8; *see also Jankins,* 21 F.3d at 445 (party's counsel "resisted the

---

[9] For example, Defendants state that "they never made false or fraudulent statements to plaintiffs by mail, telephone, and fax while plaintiffs were in the District of Columbia or elsewhere." Amended Answer to Complaint (Document No. 7) at 2. Defendants also "request that this court dismiss the complaint of plaintiffs since plaintiffs have failed to state a claim for which relief can be granted[]" (*see id.* at 4), but have not filed a motion to dismiss or otherwise disclosed the facts on which this contention is based.

[10] As in the instance of the "total failure" to provide discovery considered by the court in *Handy*, Defendants in the instant action "have not so much as [produced] one piece of paper[,]" prejudicing Plaintiffs by "a total absence of discovery." Transcript of Hearing on Motion to Compel Discovery (Document No. 34) at 4-5; *see also id.* at 6-8; Transcript of Hearing on Motions (Document No. 32) at 7-12, 22-26, 32-35.

Henry, et al., v. Onsa, et al.                                                                                          7

Magistrate's efforts to cajole and gently persuade" him to conduct discovery in good faith, and "continued his pattern of delay and obfuscation[,]" warranting the imposition of "harsh" preclusion sanctions).

Finally, the undersigned has taken into account the imposition of a monetary sanction on July 24, 2007.[11] Defendants' failure to timely comply with the order imposing a "lesser" sanction, or to provide the discovery which the undersigned compelled on that date, demonstrates that further "lesser" sanctions would be insufficient to motivate Defendants to comply with any order affording them yet another opportunity to comply, or to penalize them for flouting the court's order. *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642 (1976).

**CONCLUSION**

For the foregoing reasons, it is, this 27th day of February, 2008,

**ORDERED** that Defendants are precluded from offering evidence, including their own testimony, at the trial of this action.

February 27, 2008                                                                  /s/
                                                                                         DEBORAH A. ROBINSON
                                                                                         United States Magistrate Judge

---

[11] *See* n.1, *supra.*