UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Ronald K. Henry and ) | |
| Constance B. Henry ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION: 05-02406 (HHK-DAR) |
| ) | NEXT SCHEDULED COURT |
| Ward Onsa, Ward Onsa & Company, ) | EVENT: February 29, 2008 |
| And Denise Onsa ) | STATUS HEARING |
| ) | BEFORE JUDGE KENNEDY |
| Defendants. ) | |
| ) | |

## PLAINTIFFS' FEBRUARY 28, 2008 STATUS REPORT TO THE COURT

Plaintiffs Ronald K. Henry and Constance B. Henry, by their undersigned counsel, hereby submit this report in advance of the Status Hearing scheduled for February 29, 2008:

1. Yesterday, Plaintiffs received a one-page letter and 27 pages of documents from Defendants (Attachment 1). Far from being a small start toward compliance with Defendants' obligations to this Court, Attachment 1 demonstrates Defendants' continuing abuse and contempt for this Court and its procedures. Examination of Attachment 1 reveals that Defendants have carefully culled through all of their documents to provide only 27 pages of documents carefully limited to a single fact that is not in dispute.

2. Plaintiffs' original complaint acknowledged that Defendants had returned a portion of Plaintiffs' original capital. The 27 pages of documents delivered yesterday by Defendants are limited solely to this one undisputed fact.

3. As the Court is aware, this case is about Defendants' claim that they somehow "lost"

the remainder of Plaintiffs' capital and all of the accumulated gains that Defendants reported over and over again on the account statements they provided to Plaintiffs. With regard to these issues, Defendants have still failed to provide even a single page of documentation and their astonishing contempt for their obligations toward this Court continues unabated.

4. In every hearing held by Judge Kennedy or Magistrate Judge Robinson, Defendants have been warned about their obligations and about their failure to comply with those obligations. On July 7, **2006**, Judge Kennedy warned Defendants, *inter alia,* as follows:

> And from here on out, I suggest that you make it your business to find out what the rules are and comply with them. That's really all that I can think to tell you.

July 7, 2006, Hearing Transcript at 7 (Attachment 2)

5. On July 24, 2007, Magistrate Robinson stated, *inter alia,* that:

> With respect to the requests for production of documents, the Defendants are not relieved from the obligation to serve responsive documents by a representation that Plaintiffs may have some of the documents already.

July 24, 2007, Hearing Transcript at 24 (Attachment 3)

6. On October 12, 2007, Magistrate Judge Robinson stated, *inter alia*, that:

> Having very carefully considered the proffers and arguments of counsel for Plaintiffs and of Defendants Mr. Ward Onsa and Mrs. Denise Onsa, the Court will grant both the motion for sanctions and the supplemental motion for sanctions.

October 12, 2007, Transcript at 50 (Attachment 4)

Magistrate Robinson also warned Defendants that she was reserving judgment on the imposition of additional sanctions. *Id.*

7. On October 25, 2007, Judge Kennedy stated, *inter alia,* that:

> I understand that there [are] still discovery disputes outstanding.  I understand that there is a motion for a default in this case.  If that is granted, then of course there will not be a trial.  But I think that it would do everyone a lot of good if a trial is scheduled today so that you have a trial date and a pretrial date, so that when and if there is further discussion regarding discovery, what is or is not done, the consequences for it not taking place will have some -- well, the setting of trial date simply is something that is very significant in the law . . . I will make this observation, and it is this, that clearly the Court has before it litigants who are educated people.  I use that archaic characterization because I think that is best, although archaic conveys what I wish to convey which is that Mr. Ward Onsa in particular is a person who is unlike other litigants in this Court.  So I will just make this statement that -- I say that, yes, ignorance of the law is no excuse . . .

October 25, 2007, Hearing Transcript at 11-12 (Attachment 5).

8. Despite repeated warnings, and having been given every opportunity to comply with their obligations, Defendants have continued with complete and utter disregard for those obligations.  Accordingly, this Court imposed further sanctions on February 27, 2008 as follows:

> MEMORANDUM AND ORDER by Magistrate Judge Deborah A. Robinson on 2/27/08: ORDERED that Defendants are precluded from offering evidence, including their own testimony at the trial of this action.

Memorandum and Order, February 27, 2008, Docket Entry 36 (Attachment 6)

9. The imposition of sanctions was both extremely well justified and extremely lenient in light of the egregious behavior of these Defendants.

10. On February 27, 2008, co-counsel for Plaintiffs, Christopher G. Hoge, received a check in the amount of $8,298.08, in payment of the October 12, 2007 sanctions award.  The October 12 order required payment of these sanctions by October 19.  Attachment 4.  Therefore, Defendants are more than four months late in the payment of these sanctions

11. While welcoming these well-justified sanctions, Plaintiffs ask the Court to recall the

tremendous amount of waste and financial burden that have been imposed upon Plaintiffs by the obstructive and contemptuous actions of Defendants, as summarized above. Accordingly, Plaintiffs request the Court's consideration of a supplemental Order requiring Defendants to pay all of Plaintiffs' costs related to this litigation, including all attorneys' fees to date.

                                                             Respectfully submitted,

                                                             Ronald K. Henry
                                                             Constance B. Henry
                                                             Plaintiffs
                                                             By Counsel

| /s/ Christopher G. Hoge | /s/ Ronald K. Henry |
|---|---|
| Christopher G. Hoge #203257 | Ronald K. Henry #242941 |
| Co-Counsel for Plaintiffs | Co-Counsel for Plaintiffs |
| | |
| CROWLEY, HOGE & FEIN, P.C. | KAYE SCHOLER LLP |
| 1710 Rhode Island Avenue, N.W. | 901 15th Street, N.W. Suite 1100 |
| 7th Floor | Washington, DC 20005 |
| Washington, DC 20036 | (202) 682-3590 |
| (202)483-2900 | |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing pleading was sent by e-mail to "wonsa1@comcase.net" , the last known e-mail address for Ward Onsa, Denise Onsa and Ward

Onsa & Company, Defendants *pro se*, 910 Sycamore Court, Marco Island, FL 34145 by me this 28th day of February, 2008.

                                                                               /s/  Christopher G. Hoge
                                                                               Christopher G. Hoge

cgh/z/wpdirs/civil
rhenrystatusrpt3.wpd